# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

        Plaintiff,

v.

HERITAGE HARD ASSETS LLC;
KYLE PATTON, individually as
Manager/Officer of HERITAGE HARD
ASSETS LLC; HLV VENTURES, an
unregistered New York company;
REAGAN GOLD GROUP, LLC;
STEVE FRANCIS, individually as
Manager/Officer of REAGAN GOLD
GROUP, LLC; WORLD HARVEST
CHURCH, INC.; ROD PARSLEY,
individually as Manager/Officer of
WORLD HARVEST CHURCH, INC.;
SOUTH BAY GALLERIES LLC;
BRANDON MENDELSON, individually
as Manager/Officer of SOUTH BAY
GALLERIES LLC; TELNYX LLC;
DAVID CASEM, individually as
Manager/Officer of TELNYX LLC; IAN
EITHER, individually as
Manager/Officer of TELNYX LLC;
JAMES WHEDBEE, individually as
Manager/Officer of TELNYX LLC;
MANDI MENA, individually as
Manager/Officer of TELNYX LLC;
ONVOY, LLC; BRETT SCORZA,
individually as Manager/Officer of
ONVOY, LLC; JAMES HYNES,
individually as Manager/Officer of
ONVOY, LLC; G EDWARDS EVANS,
individually as Manager/Officer of
ONVOY, LLC; MATTHEW CARTER
JR, individually as Manager/Officer of
ONVOY, LLC; LEVEL 3
COMMUNICATIONS, LLC; JEFF

NO. CIV-24-498-SLP

**STOREY, individually as
Manager/Officer of LEVEL 3
COMMUNICATIONS, LLC;
ZEBERSKY PAYNE SHAW LEWENZ,
a Florida law firm; ZACHARY D
LUDENS, individually as an attorney of
ZEBERSKY PAYNE SHAW LEWENZ;
and DOES 1 through 100, inclusive,,**

**Defendant.**

---

## HLV VENTURES LLC'S
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
HLV VENTURES**

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................... 1

ARGUMENTS AND AUTHORITIES ..................................................................... 2

I.  Standard of Review ......................................................................................... 2

II. Plaintiff's numerous and inconsistent allegations amount to
    an impermissible "shotgun pleading" in violation of Rule 8. ................... 4

    A.  The Rule 8(a)(2) analysis and improper "shotgun pleadings." ................. 4

    B.  Plaintiff's Complaint violates Rule 8 by pervasively
        utilizing vague and conclusory facts not connected to any
        cause of action. ................................................................................... 5

    C.  Plaintiff's Complaint violates Rule 8 by failing to specify
        which claims are brought against which party, and which
        Defendants are responsible for which acts. ...................................... 6

    D.  Plaintiff's violation of Rule 8 merits dismissal of the
        Complaint. ............................................................................................ 8

III. Plaintiff's allegations demonstrate that the Court does not
     possess personal jurisdiction over HLV. ................................................... 9

    A.  The legal standards for establishing personal jurisdiction. ................... 9

    B.  The Court does not have general jurisdiction over HLV,
        because HLV does not have continuous and systematic
        affiliations with Oklahoma sufficient to render it
        essentially at home. ........................................................................... 10

    C.  Plaintiff has not plead sufficient minimum contacts to
        establish specific jurisdiction over HLV. ........................................... 11

    D.  If the Court does find sufficient minimum contacts, it
        should decline to exercise personal jurisdiction as
        unreasonable. ..................................................................................... 13

    E.  Dismissal of Plaintiff's Complaint against HLV for
        lack of personal jurisdiction is appropriate. ..................................... 14

CONCLUSION ...................................................................................................... 16

# TABLE OF AUTHORITIES

**Page**

## Cases

*AFTG-TG, LLC. v. Gigabyte Tech. Co.*, No. 10-CV-228-F,
2011 WL 13079300 (D. Wyo. Feb. 25, 2011) ........................................................... 14

*Allbrandt v. Bank of Am., N.A.*, No. 14–cv–01977–CMA–KMT,
2015 WL 1186660 (D. Colo. Mar. 12, 2015)................................................................ 4

*Allen v. IM Solutions, LLC,* 83 F. Supp. 3d 1196
(E.D. Okla. 2015) ...................................................................................................... 10

*Asahi Metal Industry Co. v. Sup. Ct. of Cal.*,
480 U.S. 102 (1987) ........................................................................................ 11, 12, 13

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................ 3

*Atuahene v. City of Hartford,* 10 Fed.Appx. 33
(2d Cir., May 31, 2001)............................................................................................... 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................. 3, 4

*Bogle v. JD Techs., Inc.*, No. 2:21-CV-00319-MJH,
2021 WL 3472151 (W.D. Pa. Aug. 6, 2021)............................................................... 14

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco
Cnty.*, 582 U.S. 255 (2017)....................................................................................... 11

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .................................................. 11

*Commonwealth Property Advocates, LLC v. Mortgage Electronic
Registration Sys., Inc.*, 680 F.3d 1194 (10th Cir. 2011) .............................................. 3

*Cook v. Baca*, 2011 WL 13157059 (D. N.M. July 8, 2011)............................................. 4

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................................... 10

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223,
(10th Cir. 2020) ....................................................................................................... 12

*Fitzgerald v. Zakheim & LaVrar, P.A.*, 90 F. Supp. 3d 867
(D. Minn. 2015) .................................................................................................. 14, 15

# TABLE OF AUTHORITIES

**Page**

## Cases

*Foyt v. Championship Auto Racing Teams, Inc.*,
947 F. Supp. 290 (S.D. Tex. 1996)............................................................................. 15

*Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH,
2022 WL 3401949 (N.D. Okla. Aug. 16, 2022), *appeal dismissed*,
No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022),
*cert. dismissed*, 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023)................................... 4, 8

*Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368
(10th Cir. 1989) ....................................................................................................... 4, 5

*Goode v. Nuance Commc'ns, Inc.*, No. 17-CV-00472-GKF-JFJ,
2018 WL 3371091 (N.D. Okla. July 10, 2018)............................................................. 4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011) ................................................................................................. 9, 10

*Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224
(D. Colo. 2014)............................................................................................................. 4

*Iafrate v. Compagnie Generale Transatlantique*, 12 F.R.D. 71
(S.D.N.Y. 1951)............................................................................................................. 7

*Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191
(D. Colo. 2015)........................................................................................................... 14

*Montgomery v. Airbus Helicopters, Inc.*, 2018 OK 17, 414 P.3d 824 .............................. 9

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086
(10th Cir. 1998) ..................................................................................................... 11, 13

*Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008) ............................................ 3, 4, 8

*Shero v. City of Grove*, 510 F.3d 1196 (10th Cir. 2007) .................................................. 3

*Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292
(10th Cir. 1999) ......................................................................................................... 14

*Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC*,
No. 16-CV-491-GKF-PJC, 2016 WL 4995168
(N.D. Okla. Sept. 16, 2016) ...................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313,
(11th Cir. 2015) ...................................................................................................... 4, 5

*Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995) ................................................ 14

*Whitney v. State of N.M.*, 113 F.3d 1170, (10th Cir. 1997)............................................. 12

*Williams v. Berryhill*, No. 16–cv–1026 BCW,
2018 WL 2234902 (D. Utah May 16, 2018) ................................................................. 4

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ................................. 11

*Wyles v. Brady*, 822 F. App'x 690 (10th Cir. 2020) ........................................................ 12


**Statutes and Other Authorities**

12 O.S. § 2004(F)............................................................................................................. 9

Fed. R. Civ. P. 4(k)(1)(A) ................................................................................................. 9

Fed. R. Civ. P. 8(a)(2). ........................................................................... 2, 3, 4, 5, 6, 7, 8

Fed. R. Civ. P. 12(b)(2)................................................................................... 1, 2, 14, 16

Fed. R. Civ. P. 12(b)(6)......................................................................................... 1, 3, 16

Defendant, HLV Ventures, LLC[1] ("HLV"), moves the Court to dismiss Plaintiff's Petition for Civil Penalties, Permanent Injunction, and Other Equitable Relief (Doc. 1-1) (hereinafter the "Complaint") for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to dismiss Plaintiff's claims against HLV for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In support of this Motion, HLV states as follows:

## INTRODUCTION

A pastor, a salesman, and a lawyer all call the same man. Unfortunately, this is not the start of a bad joke, but the premise for Plaintiff's discursive 36-page Complaint. The Plaintiff, appearing *pro se*, describes himself as "very litigious," someone who "advertised his litigious nature publicly on Twitter and across other social media," and one who seeks to make "spam callers responsible." Doc. 1-1 at ¶ 53-54.

Over 36 pages of single-spaced text, encompassing more than 333 paragraphs, Plaintiff makes vague, conclusory allegations against more than 20 named Defendants. The alleged claims arise from calls Plaintiff received. The Defendants include purported financial service companies, the executives of the companies, a church, the church's pastor, three telecommunications companies, a law firm, and an attorney who called Plaintiff's claims "vexatious."

---

[1] The Complaint incorrectly names HLV Ventures as an "unregistered New York company." Plaintiff served HLV Ventures, LLC a Delaware limited liability company, which is the Defendant moving herein.

1

The Complaint asserts multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts, or which of the Defendants the claim is brought against. Plaintiff repeatedly and improperly included conclusory, vague, and immaterial facts while using 333 paragraphs to attempt stating his claims and allegations. The vast majority of Plaintiff's assertions are irrelevant or involve non-specific collective allegations against the Defendants or a large subset thereof. Moreover, the existence of a few specific allegations, in tandem with the extensive collective allegations, causes multiple inconsistencies within the Complaint. Plaintiff's Complaint deprives HLV, and all Defendants, of fair notice of the claims against it, the factual bases for the same, and should be dismissed pursuant to Rule 8(a)(2) and Rule 12(b)(6).

Additionally, Plaintiff failed to plead sufficient facts to support this Court's exercise of personal jurisdiction. As discussed fully below, the Complaint pleads no facts to support the exercise of general jurisdiction over HLV. Moreover, the alleged connection between HLV and Oklahoma is a single phone call to the Plaintiff's number, which he received at an unspecified location. A single call is insufficient to exercise specific jurisdiction over HLV. Accordingly, this Court should not exercise personal jurisdiction over HLV and dismiss the claims against it pursuant to Rule 12(b)(2).

## ARGUMENT AND AUTHORITIES

### I. Standard of Review

Under the Federal Rules of Civil Procedure, a plaintiff's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

R. Civ. P. 8(a)(2). In response, a defendant may move to dismiss the plaintiff's initial pleading, in whole or in part, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, "a court must accept as true all well-pleaded facts, *as distinguished from conclusory allegations*, and those facts must be viewed in the light most favorable to the non-moving party." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (emphasis added). Nevertheless, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted).

Instead, "to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero*, 510 F.3d at 1200 ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."). Dismissal is therefore appropriate where the complaint does not allege "facts supporting *all the elements necessary to establish an entitlement to relief under the legal theory proposed*." *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) (emphasis added; quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)).

3

## II.    Plaintiff's numerous and inconsistent allegations amount to an impermissible "shotgun pleading" in violation of Rule 8.

### A.    The Rule 8(a)(2) analysis and improper "shotgun pleadings."

The purpose of Fed. Rule Civ. Proc. 8(a)(2) is to, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (cleaned up). When a plaintiff collectively refers to the defendants, "but with no distinction as to what acts are attributable to whom," the defendants cannot ascertain what particular acts they are alleged to have committed and dismissal is warranted for failure of notice under Rule 8(a)(2). *Robbins*, 519 F.3d at 1249-50 (reversing the district court with instructions to dismiss the complaint).

Multiple courts in the Tenth Circuit and beyond have begun to disparagingly refer to complaints that violate Rule 8(a)(2) as "shotgun pleadings." *See Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320-23 (11th Cir. 2015) (collecting cases); *Goode v. Nuance Commc'ns, Inc.*, No. 17-CV-00472-GKF-JFJ, 2018 WL 3371091, at *6 (N.D. Okla. July 10, 2018); *Greenway Nutrients, Inc. v. Blackburn*, 33 F. Supp. 3d 1224, 1242 (D. Colo. 2014); *Williams v. Berryhill*, 2018 WL 2234902, at *2 n.17 (D. Utah May 16, 2018); *Cook v. Baca*, 2011 WL 13157059, at *3 n.1 (D. N.M. July 8, 2011); *Allbrandt v. Bank of Am., N.A.*, 2015 WL 1186660, at *7 (D. Colo. Mar. 12, 2015); *Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH, 2022 WL 3401949, at *5 (N.D. Okla. Aug. 16, 2022), *appeal dismissed,* No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022), *cert. dismissed,* 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023). "The law recognizes a significant difference

4

between notice pleading and 'shotgun' pleading." *Glenn*, 868 F.2d at 371. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland.*, 792 F.3d at 1320.

In *Weiland*, the court undertook a significant analysis of more than sixty published cases to synthesize various types of "shotgun complaints" into four categories: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that does not separate into a different count each cause of action or claim for relief; (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Weiland*, 792 F.3d at 1321–23. Each of these four categories describes complaints that violate Rule 8(a)(2). Plaintiff's complaint falls in at least two of these categories.

## B. Plaintiff's Complaint violates Rule 8 by pervasively utilizing vague and conclusory facts not connected to any cause of action.

Plaintiff's Complaint violates Rule 8(a)(2) by pervasively utilizing conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The Complaint alleges that HLV as well as seven other separate and unrelated entities, and the officers of all, "jointly" made calls to his number. Doc. 1-1 at ¶ 224. Simultaneously, Plaintiff includes multiple extraneous details of these various parties, including *inter alia*,

5

how they respond to anonymous complaints with the Better Business Bureau, uncontextualized and/or nearly illegible screenshots of various websites, descriptions of anonymous user posts on Reddit, discussions regarding settlement offers with the Defendants, assertions that various Defendants "offer nothing of real value to the public," and the fact "Plaintiff is very litigious." *See, e.g.,* Doc. 1-1 at ¶ 53-54, 172, 197, 208, 218. These various conclusory "facts" are, at best, immaterial and are not obviously connected to any particular cause of action. Accordingly, the Complaint violates Rule 8(a)(2) and should be dismissed in its entirety.

## C. Plaintiff's Complaint violates Rule 8 by failing to specify which claims are brought against which party, and which Defendants are responsible for which acts.

The Complaint violates Rule 8(a)(2) by asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against. The most egregious flaw of the Complaint is Plaintiff's choice to join and refer to almost all Defendants collectively as "SPAM-CALLERS." This results in illogical and inconsistent allegations against HLV.

Plaintiff's only direct allegation against HLV, free from unsupported conclusions or speculation, involves a *single call* to the Plaintiff's phone. Doc. 1-1 at ¶ 121, 123. Plaintiff provides no description of the contents of the call beside the joint assertion that it was directed to "Howard Ship," not Plaintiff. *Id.* at ¶ 54(b). Yet, Plaintiff groups HLV with seven other separate and unrelated entities, and the officers of all, (the "Business Defendants") to make completely different claims. Among many other things, Plaintiff

6

makes the conclusory claim that the Business Defendants made false or misleading statements, but made no allegation HLV stated anything. *Id.* at ¶ 290. That Business Defendants called Plaintiff after he allegedly indicated he did not want to receive a call—even though HLV only called him *once*. *Id.* at ¶ 299. That Business Defendants called people on the Do Not Call registry, despite making no allegation his number was on the registry. *Id.* at ¶ 304-05. Moreover, counts 6 through 13 are nothing more than conclusory allegations against the Business Defendants without direct factual allegations against any specific Defendant.

Plaintiff concludes with the outrageous claim that "All defendants have participated in sending telecommunications . . . with intent to put the party called in fear of physical harm or death." *Id.* at ¶ 330. Because Plaintiff chose to collectively refer to all defendants, he asserts that HLV's single, wrong number, call amounts to a telecommunication with the intent to "terrify, intimidate, harass, and threaten physical injury." *Id.* at ¶ 229. On this collective basis, Plaintiff asks the Court to believe the one call to Plaintiff asking for "Howard Ship," was intended to put Plaintiff in fear of physical harm or death. *Id.* at ¶ 330.

These repeated inconsistent collective allegations deprive HLV of fair notice of the Plaintiff's claims and the grounds upon which they rest. Like a preface to a bad joke, it is impossible to divine whether the claims are asserted against HLV, the pastor, the lawyer, or one of several executives. "The complaint in this action succeeds only in obscuring the issues. It promises unnecessary confusion—to the litigants and to the court when and if the case comes to trial." *Iafrate v. Compagnie Generale Transatlantique*, 12 F.R.D. 71, 72 (S.D.N.Y. 1951) (dismissing a complaint that was in violation of Rule 8). Allowing this

action to continue with the Complaint as drafted will improperly force the burden of defining Plaintiff's claims and their targets on the Defendants and ultimately the Court. Plaintiff's *pro se* status is insufficient to excuse the simple duties of Rule 8—a short and plain statement of Plaintiff's claims and the facts entitling him to relief.[2]

## D. Plaintiff's violation of Rule 8 merits dismissal of the Complaint.

By failing to provide the notice required by Rule 8(a)(2), Plaintiff's Complaint does not state a claim upon which relief can be granted and should be dismissed. Appellate courts in the Tenth Circuit and elsewhere have held that dismissal is warranted for failure to state a claim when the complaint does not provide requisite notice under Rule 8(a)(2). *Robbins*, 519 F.3d at 1249-50 (reversing the district court with instructions to dismiss the complaint); *see also Atuahene v. City of Hartford,* 10 Fed.Appx. 33, 34 (2d Cir., May 31, 2001) (affirming a dismissal for failure of notice under Rule 8 because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants'"). Accordingly, the Plaintiff's complaint should be dismissed in its entirety.

---

[2] "Moreover, even pro se plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure and substantive law, and the liberal construction to be afforded does not transform vague and conclusory arguments into valid claims for relief. The Court will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf. *Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH, 2022 WL 3401949, at *2 (N.D. Okla. Aug. 16, 2022), *appeal dismissed,* No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022), *cert. dismissed,* 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023).

8

## III. Plaintiff's allegations demonstrate that the Court does not possess personal jurisdiction over HLV.

Although most of Plaintiff's allegations are vague and improperly combine several Defendants, the few specific allegations against HLV demonstrate that there is no basis for the Court to exercise personal jurisdiction over it.

### A. The legal standards for establishing personal jurisdiction.

Under the Federal Rules of Civil Procedure, a federal district court may exercise "personal jurisdiction over a defendant...who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . or . . . when authorized by a federal statue." Fed. R. Civ. P. 4(k)(1)(A). "Oklahoma's long arm statute for establishing [personal] jurisdiction...sets the limits of the state's jurisdiction over a nonresident to the outer limits permitted of the Oklahoma and United States Constitutions." *Montgomery v. Airbus Helicopters, Inc.*, 2018 OK 17, ¶ 18, 414 P.3d 824, 829 (citing 12 O.S. § 2004(F)). Accordingly, this Court may exercise personal jurisdiction over HLV only if doing so is authorized by statute or would be consistent with the limits imposed by the United States Constitution. Because none of Plaintiff's claims permit nationwide service of process, the Court must undertake the constitutional analysis. Under the analysis, there are two types of personal jurisdiction: "general" and "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

**B.    The Court does not have general jurisdiction over HLV, because HLV does not have continuous and systematic affiliations with Oklahoma sufficient to render it essentially at home.**

Plaintiff makes no allegations of continuous or systemic contacts between HLV and Oklahoma that could support general jurisdiction in this Court. A court with general jurisdiction may hear any claim against the defendant, even if the incidents giving rise to the claims against the defendant occurred in another state. *Id.* at 919. However, "only a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop*, 564 U.S. at 924; *see also Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC,* No. 16-CV-491-GKF-PJC, 2016 WL 4995168 (N.D. Okla. Sept. 16, 2016) (applying "at home" standard to a limited liability company, considering its principal place of business, and finding two agreements with independent contractors insufficient to convey general jurisdiction); *Allen v. IM Solutions, LLC,* 83 F. Supp. 3d 1196, 1204 (E.D. Okla. 2015) (applying "at home" standard to a limited liability company and considering the state of organization and its principal place of business). An out-of-state entity is "at-home" for the purposes of general jurisdiction when, "their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. *Goodyear Dunlop*, 564 U.S. at 919.

Plaintiff alleges no facts to support this Court's exercise of general jurisdiction over HLV. The Complaint indicates that HLV's principal place of business is in New York.

Doc. 1-1 at ¶ 8. The Complaint does not address HLV's state of organization.[3] The Complaint further alleges that HLV called Plaintiff once on November 20, 2023. *Id.* at ¶ 121, 123. Despite Plaintiff's lack of identifying his location at the time of receiving the one call, he makes the conclusory allegation that HLV "transacted business" in Oklahoma City. *Id.* at ¶ 11. Assuming, *arguendo*, that HLV did make a call to Plaintiff in Oklahoma City, this single call falls far short of the standard for exercise of general jurisdiction over HLV. Therefore, Plaintiff must establish specific jurisdiction over HLV.

## C. Plaintiff has not plead sufficient minimum contacts to establish specific jurisdiction over HLV.

Plaintiff's alleged *single call* is insufficient for this Court to exercise specific jurisdiction over HLV. "Specific jurisdiction is very different." *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017). "First, [the court] must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "Within this inquiry [the court] must determine whether the defendant purposefully directed its activities at residents of the forum," *id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)), "and whether the plaintiff's claim arises out of or results from 'actions by the defendant himself that create a substantial connection with the forum state,'" *id.* (quoting *Asahi Metal*

---

[3] As stated above and shown in HLV's Corporate Disclosure Statement (Doc. 19), HLV is a Delaware limited liability company.

*Industry Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987)).

The requirement for purposeful direction, "ensures that defendants will not be haled into court in foreign jurisdictions solely as a result of random, fortuitous, or attenuated contacts." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020) (cleaned up). "Moreover, the mere foreseeability of causing injury in another state is not a sufficient benchmark for exercising personal jurisdiction." *Wyles v. Brady*, 822 F. App'x 690, 695 (10th Cir. 2020).

A single phone call is insufficient to find purposeful direction or availment and minimum contacts with Oklahoma. "By placing a single phone call to [plaintiff], [defendant] did not purposefully avail himself of the privilege of conducting activities within the forum state" in which [plaintiff] happened to be." *Wyles v. Brady*, 822 F. App'x 690, 695–96 (10th Cir. 2020) (quotation omitted); *see also Dental Dynamics*, 946 F.3d at 1231 (exchanging text messages "many times" insufficient to confer personal jurisdiction).

Plaintiff's only direct allegation against HLV involves a single call to the Plaintiff's phone. Doc. 1-1 at ¶ 121, 123. Yet, Plaintiff fails to allege that he was in Oklahoma at the time of receiving the call. Accordingly, there is no basis for the court to find specific jurisdiction. Even though the Court is not to "supply additional factual allegations to round out a [pro se] plaintiff's complaint," we will conduct the exercise in the interest of judicial economy. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Assuming the Plaintiff was in Oklahoma at the time of the call from HLV, that single phone call does not constitute the minimum contacts necessary to exercise specific jurisdiction. *See Wyles*, 822 F. App'x at 695–96.

12

There is no purposeful direction to this state where the Complaint indicates the call was not even purposefully directed at Plaintiff. The Complaint states that with all calls Plaintiff received the caller asked for someone named "Howard Ship." Doc. 1-1 at ¶ 54(b). Based solely on Plaintiff's allegations, such as they are, HLV called him once seeking "Howard Ship." It was the wrong number and Plaintiff makes no allegation that HLV ever called him again. A single, wrong number, call does not constitute sufficient minimum contacts to exercise specific personal jurisdiction over HLV.

## D.     If the Court does find sufficient minimum contacts, it should decline to exercise personal jurisdiction as unreasonable.

If the Court does find that the single, wrong number, call is sufficient minimum contacts, it should decline to exercise specific personal jurisdiction. "[I]f the defendant's actions create sufficient minimum contacts, [the court] must then consider whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings, Inc.*, 149 F.3d at 1091 (quoting *Asahi Metal Industry Co.*, 480 U.S. at 113). "This latter inquiry requires a determination of whether a district court's exercise of personal jurisdiction over a defendant with minimum contacts is 'reasonable' in light of the circumstances surrounding the case." *Id.*

Assuming sufficient minimum contacts, it is unreasonable to the point of offending the notions of fair play and substantial justice to exercise personal jurisdiction over HLV in these circumstances. By exercising personal jurisdiction in this case, the Court would be allowing a self-described "very litigious" Plaintiff, who publicly advertises this fact, to hail into Oklahoma a Delaware company with a principal place of business in New York—

solely based on a single call directed to the wrong person. Doc. 1-1 at ¶ 53, 54, 54(b), 121, & 123.

## E.   Dismissal of Plaintiff's Complaint against HLV for lack of personal jurisdiction is appropriate.

Plaintiff's Complaint against HLV should be dismissed for failing to assert sufficient facts to support this Court's exercise of personal jurisdiction over HLV. "A defendant may move to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2)." *Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191, 1198 (D. Colo. 2015). "When a defendant does so, the plaintiff has the burden of establishing that the court has personal jurisdiction over the defendant." *Id.* (citing *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999)). "However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). Similarly, where "[t]here is nothing in the [plaintiff's pleading] that permits a reasonable inference—free of speculation—that purposeful availment [of the privilege of conducting business in a forum] occurred," then the district court is not bound by the plaintiff's allegations. *AFTG-TG, LLC. v. Gigabyte Tech. Co.*, No. 10-CV-228-F, 2011 WL 13079300, at \*2 (D. Wyo. Feb. 25, 2011); s*ee also Bogle v. JD Techs., Inc.*, No. 2:21-CV-00319-MJH, 2021 WL 3472151, \*5 (W.D. Pa. Aug. 6, 2021) (finding that where a plaintiff "avers nothing beyond conclusory statements and speculation that [the defendant] purposely directed any commercial activity to Pennsylvania through internet sales" the plaintiff had failed to establish specific jurisdiction); *Fitzgerald v. Zakheim & LaVrar, P.A.*,

14

90 F. Supp. 3d 867, 873 (D. Minn. 2015) ("Plaintiff's mere speculation as to Defendant's alleged improper garnishments of bank accounts in Minnesota is insufficient to establish the minimum contacts necessary for this Court to exercise personal jurisdiction over Defendant."); *Foyt v. Championship Auto Racing Teams, Inc.*, 947 F. Supp. 290, 294 (S.D. Tex. 1996) (rejecting a finding of minimum contacts where the plaintiff's "allegations rest on sheer, unsupported speculation and conclusory opinions containing no factual basis on which the Court could conclude that [the defendant] had engaged in any conduct in or directed to [the forum state] regarding the matters underlying the tortious interference claim.").

Plaintiff's only allegations that could possibly support the exercise of personal jurisdiction are boilerplate conclusory allegations and speculation that the Court is not required to accept as fact. First, with no factual support, Plaintiff alleges that HLV "transacted business in Oklahoma City." Doc 1-1 at ¶ 11. Next, Plaintiff engages in unfounded speculation to allege that HLV "initiated," "contracted, assisted, or facilitated another party to," make hundreds of calls to Plaintiff's telephone number. *Id.* at ¶ 122. Not only is this speculation without any accompanying basis, Plaintiff fails to identify his location or residence at the time of receiving these alleged calls. Moreover, this is the same boilerplate speculation Plaintiff directs against most of the other Defendants in this action. *See, e.g.,* Doc 1-1 at ¶ 110, 132, 146, 155, 165, 188. These conclusory statements and speculation are insufficient for the Court's exercise of personal jurisdiction. Accordingly, the Court should dismiss Plaintiff's Complaint against HLV in its entirety.

## CONCLUSION

With this Complaint, Plaintiff is attempting to offload his burden of making a short and plain statement of his claims upon the Defendants and the Court. Doing so, Plaintiff has violated Rule 8, depriving HLV and the other Defendants of fair notice as to his facts and claims, with no specific indication as to which party or parties they are asserted against. Accordingly, this Court should dismiss the Complaint in its entirety pursuant to Rule 12(b)(6).

Moreover, Plaintiff's few specific allegations against HLV demonstrate that this court does not possess personal jurisdiction over it for this action. Accordingly, and alternatively to dismissal of the entire Complaint, the Court should dismiss all claims against HLV pursuant to Rule 12(b)(2) for lack of personal jurisdiction. If the Court believes additional information is necessary prior to a determination of the jurisdictional issue, HLV requests leave to conduct discovery and proffer affidavits as to the limited issue of personal jurisdiction.

Dated:    May 22, 2024                    Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
HLV VENTURES**

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on May 22, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail and first class, U.S. Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129
*trupiaar@gmail.com*

**PRO SE PLAINTIFF**

*s/ Aaron C. Tifft*

20337102.1:014234.00001