IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

    Plaintiff,

v.                                                                    Case No.: CIV-24-498-SLP

HERITAGE HARD ASSETS LLC, *et. al*,

    Defendants.
_____/

## MOTION FOR RELIEF FROM LOCAL COUNSEL REQUIREMENT[1]

Defendants Heritage Hard Assets LLC ("Heritage"), Kyle Patton ("Patton"), Zebersky Payne Shaw Lewenz, LLP ("ZPSL") (collectively, the "Defendants"), by and through undersigned counsel, and, pursuant to Rule 83.3(c) of the Western District of Oklahoma Local Civil Rules (the "Rules"), hereby respectfully request that the Court enter an Order dispensing with the requirement that their non-resident attorney affiliate with resident local counsel.[2]

The Court has direction to relieve Defendants from the local counsel requirement by allowing ZPSL, including its partner, Ludens, to represent them. Rule 83.3(a) states:

> When representing a party in this Court, any attorney who is not a resident of, and does not maintain an office in, Oklahoma shall show association with an attorney who is personally appearing in an action and who is a resident of the State and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this Court.

---

[1] Defendants make this Motion pursuant to Rule 83.3(a) while reserving all defenses, including the lack of personal jurisdiction over Defendants.

[2] Defendant Zachary D. Ludens, Esq. ("Ludens"), a partner of ZPSL, does not file this Motion for himself because he is exercising his right to appear *pro se*. *See Whitmore v. Harris*, No. CIV-13-460-M, 2014 WL 906563, at *3 (W.D. Okla. Mar. 7, 2014) (citing 28 U.S.C. § 1654).

The Court may grant relief from this local counsel requirement "upon motion establishing financial hardship, special qualifications of non-resident counsel, or other good cause, provided that out-of-state counsel certifies familiarity with the local civil court rules." *Id.* 83.3(c).

First, undersigned counsel certifies familiarity with the local civil court rules on behalf of himself and ZPSL.

Second, *at least* one of the three grounds to excuse the local counsel requirement applies. As is apparent from the Complaint (D.E. 1-1), Ludens and ZPSL were sued, along with their client, Heritage, for statements made by Ludens when Plaintiff Anthony Trupia ("Mr. Trupia") contacted Heritage demanding payment for purported violations of the TCPA and Oklahoma equivalent. Despite the fact that all conversations between Ludens and Mr. Trupia are presumably covered by Oklahoma's application of the litigation privilege, Mr. Trupia saw fit to sue Ludens and ZPSL—without expressly naming either in any of the counts of the Complaint. Therefore, even if Heritage and Patton were to *solely* engage local counsel in this matter, that would not negate the need for Ludens and ZPSL to also defend *themselves* in this action. While Ludens as a *pro se* individual could do so, ZPSL would be required to engage local counsel to defend itself.

Next, Ludens is admitted to practice in this Court, which is required of the associating local counsel. L. Civ. R. 83.3(a). Ludens sought—and was granted—admission to practice in this Court, based on the fact that Ludens is an attorney in good standing before the United States Court of Appeals for the Tenth Circuit. As for making appearances at any necessary hearings, in the unlikely event that an in-person appearance is required on short notice, Ludens is willing and able to do so as Ludens does not reside in Florida—in fact, Ludens resides significantly closer to Oklahoma City. Ludens can also readily appear telephonically to the extent permitted by the Court, which has become common practice in the federal courts. These facts constitute good cause.

*See, e.g.*, *CHS Ins. Servs., LLC v. Franklin*, No. 17-CV-553-JHP-JFJ, 2017 WL 9471670, at *1 (N.D. Okla. Oct. 11, 2017).

As to special qualifications, ZPSL and Ludens have extensive experience with federal court practice and federal telemarketing laws, which comprise nearly all of the fourteen causes of action in this case. *See* Notice of Removal, Ex. A, at 1–33, ECF No. 1-1. Indeed, Ludens is admitted to practice before twenty-nine federal district courts, eleven of the thirteen federal circuit courts, and the Supreme Court of the United States. Additionally as to both good cause and special qualifications, ZPSL and Ludens have an enormous incentive to maintain their professional reputations. *See Franklin*, 2017 WL 9471670, at *1. ZPSL has been representing clients in federal courts around the country for nearly thirty years.

Courts in this district have granted relief from the local counsel requirement on very similar facts. *See, e.g.*, *CHS Ins. Servs., LLC v. Franklin*, No. 17-CV-553-JHP-JFJ, 2017 WL 9471670, at *1 (N.D. Okla. Oct. 11, 2017). Defendants respectfully request that this Court do the same.

Further reason for granting this Motion is that doing so will not preclude the Court from revisiting its decision if the Court so chooses. *See Franklin*, 2017 WL 9471670, at *1 ("The Court grants Plaintiff's motion for relief from the local-counsel requirement . . . [and] may wish to revisit this ruling."). If the Court wishes to do so at any time, Defendants and Ludens would welcome the opportunity to be heard. At a minimum, Defendants respectfully request that the Court grant this Motion on a temporary basis so that Defendants can timely respond to the Complaint (stylized as a "Petition") without associating with local counsel.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an Order: granting this Motion; relieving Defendants from the local counsel requirement; permitting ZPSL,

through Mr. Ludens, to represent ZPSL and Heritage; and granting such other and further relief as the Court deems just and proper.

Dated: May ___, 2024

Respectfully submitted,

By:   */s/ Zachary D. Ludens*
Zachary Dean Ludens, Esq.
W.D. Okla. Bar No. 24-78
**ZEBERSKY PAYNE SHAW LEWENZ, LLP**
110 Southeast 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Tel.: (954) 595-6075
E-mail: ZLudens@zpllp.com

*Counsel for Heritage Hard Assets, LLC, Zebersky Payne Shaw Lewenz, LLP, and Zachary D. Ludens, Esq.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on May ___, 2024, I filed the foregoing document with the Court's CM/ECF system and served it by First Class U.S. Mail and e-mail on the following person, who is not a registered participant of the Electronic Filing System:

Anthony Trupia, 605 SE 21st Street
Oklahoma City, OK 73129
trupiaar@gmail.com

**ZEBERSKY PAYNE SHAW LEWENZ, LLP**

By:   */s/ Zachary D. Ludens*
Zachary Dean Ludens, Esq.
W.D. Okla. Bar No. 24-78
110 Southeast 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Tel.: (954) 595-6075
E-mail: zludens@zpllp.com

*Counsel for Heritage Hard Assets, LLC, Zebersky Payne Shaw Lewenz, LLP, and Zachary D. Ludens, Esq.*