IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

    Plaintiff,

v.                                                                                                                                                 CASE NO. CIV-24-498-SLP

HERITAGE HARD ASSETS LLC; KYLE PATTON, individually as Manager/Officer of HERITAGE HARD ASSETS LLC; HLV VENTURES, an unregistered New York company, REAGAN GOLD GROUP, LLC; STEVE FRANCIS, individually as Manager/Officer of REAGAN GOLD GROUP, LLC; WORLD HARVEST CHURCH, INC.; ROD PARSLEY, individually as Manager/Officer of WORLD HARVEST CHURCH, INC.; SOUTH BAY GALLERIES LLC; BRANDON MENDELSON, individually as Manager/Officer of SOUTH BAY GALLERIES LLC; TELNYX LLC; DAVID CASEM, individually as Manager/Officer of TELNYX, LLC; IAN EITHER, individually as Manager/Officer of TELNYX LLC; JAMES WHEDBEE, individually as Manager/Officer of TELNYX LLC; MANDI MENA, individually as Manager/Officer of TELNYX LLC; ONVOY LLC; BRETT SCORZA, individually as Manager/Officer of ONVOY, LLC; JAMES HYNES, individually as Manager/Officer of ONVOY, LLC; G Edwards Evans, individually as Manager/Officer of ONVOY, LLC; MATTHEW CARTER JR, individually as Manager/Officer of ONVOY, LLC; LEVEL 3 COMMUNICATIONS, LLC; JEFF STOREY, individually as Manager/Officer of LEVEL 3 COMMUNICATIONS, LLC; ZEBERSKY PAYNE SHAW LEWENZ, a Florida law firm; ZACHARY D. LUDENS, individually as an attorney of ZEBERSKY PAYNE SHAW LEWENZ; and DOES 1 through 100, inclusive,

    Defendants.
_____/

# DEFENDANT ZEBERSKY PAYNE SHAW LEWENZ, LLP'S *OPPOSED* MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant Zebersky Payne Shaw Lewenz, LLP ("ZPSL"), by and through its undersigned counsel of record, and, pursuant to Federal Rule of Civil Procedure 6(b), respectfully requests that the Court enter an Order extending the time within which ZPSL needs to respond to the Complaint (D.E. 1-1) of Plaintiff Anthony Trupia ("Trupia") through and including July 19, 2024.[1] In support thereof, ZPSL states as follows:

1. ZPSL was served via mail, receiving the mailing on May 6, 2024.

2. Therefore, when this matter was removed to this Court, ZPSL had not yet responded to the Complaint. (D.E. 1-1.)

3. ZPSL's response to Plaintiff's Complaint is due on May 28, 2024, under Federal Rule of Civil Procedure 81(c)(2)(a).

4. As the Court can tell by the Complaint (D.E 1-1), the allegations against ZPSL are unwindably intertwined with the allegations against Ludens.

5. Ludens has not been not served with a summons or a copy of the Complaint. (D.E. 1-1)

6. Therefore, on May 20, 2024, Ludens waived service as a courtesy to Plaintiff. (D.E. 9.) As a result, under Rule 12(a)(1)(A)(ii), Ludens's response to the Complaint is not due until July 19, 2024.

7. Federal Rule of Civil Procedure 6(b)(1)(A), the Court may extend deadlines for "good cause."

---

[1] Or such time as the Court deems reasonable under the circumstances.

8. In addition to the fact that requiring ZPSL to respond to the Complaint (D.E. 1-1) on May 28, 2024, would be tantamount to requiring Ludens to respond in only *eight* days after he waived service, undersigned counsel is set for a two-day non-jury trial commencing on May 28th.[2]

9. Undersigned counsel avers that the foregoing constitutes good cause under the circumstances.

10. No prior request for an extension of time has been made by ZPSL.

11. No scheduling order has been entered. Accordingly, no deadlines will be impacted by the granting of this Motion.

12. This request is being made in good faith and not for the purpose of delay.

13. Plaintiff indicates that he is opposed to this request and "cannot extend any courtesies at this point."

14. As indicated in note 1, if the Court feels that an extension to July 19, 2024, ZPSL respectfully requests that the Court grant it an extension that the Court finds reasonable under the circumstances.

WHEREFORE, Defendant, Zebersky Payne Shaw Lewenz, LLP respectfully requests an extension of time, to and through July 19, 2024, within which respond to Plaintiff's Complaint

---

[2] Plaintiff has taken the position that counsel should not have taken on the matter if they were not able to timely respond to the Complaint in the conferral emails with Plaintiff. That same logic *does not* apply to ZPSL, which is sued for being a law firm that communicated with Plaintiff after he sent a demand letter to Heritage Hard Assets LLC. Ludens and ZPSL must either engage counsel to defend themselves or do so themselves. As the Court can likely glean, even if Ludens and ZPSL prevail on a Motion to Dismiss for either lack of personal jurisdiction or under Oklahoma's litigation privilege, Ludens and ZPSL still would be out-of-pocket in order to engage counsel. It would be quite presumptuous of Ludens and ZPSL to assume that the Court would award Ludens and ZPSL attorneys' fees for doing so.

(D.E. 1-1), or whatever deadline the Court finds reasonable under the circumstances, and granting such other and further relief as this Court deems mete and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 27th, 2024, I filed the attached documents with the Court's CM/ECF system and served the attached document by First Class U.S. Mail and Email on the following, who are not registered participants of the Electronic Filing System:

Anthony Trupia, 605 SE 21st Street
Oklahoma City, OK 73129
trupiaar@gmail.com

Dated: May 27, 2024        Respectfully submitted,

**ZEBERSKY PAYNE SHAW LEWENZ LLP**

By:    */s/ Zachary D. Ludens*
Zachary Dean Ludens
OKWD Federal Bar No. 24-78
zludens@zpllp.com
110 Southeast 6th Street
Suite 2900
Fort Lauderdale, FL  33301
954-595-6075