## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

       Plaintiff,

v.

HERITAGE HARD ASSETS LLC;
KYLE PATTON, individually as
Manager/Officer of HERITAGE HARD
ASSETS LLC; HLV VENTURES, an
unregistered New York company;
REAGAN GOLD GROUP, LLC;
STEVE FRANCIS, individually as
Manager/Officer of REAGAN GOLD
GROUP, LLC; WORLD HARVEST
CHURCH, INC.; ROD PARSLEY,
individually as Manager/Officer of
WORLD HARVEST CHURCH, INC.;
SOUTH BAY GALLERIES LLC;
BRANDON MENDELSON, individually
as Manager/Officer of SOUTH BAY
GALLERIES LLC; TELNYX LLC;
DAVID CASEM, individually as
Manager/Officer of TELNYX LLC; IAN
EITHER, individually as
Manager/Officer of TELNYX LLC;
JAMES WHEDBEE, individually as
Manager/Officer of TELNYX LLC;
MANDI MENA, individually as
Manager/Officer of TELNYX LLC;
ONVOY, LLC; BRETT SCORZA,
individually as Manager/Officer of
ONVOY, LLC; JAMES HYNES,
individually as Manager/Officer of
ONVOY, LLC; G EDWARDS EVANS,
individually as Manager/Officer of
ONVOY, LLC; MATTHEW CARTER
JR, individually as Manager/Officer of
ONVOY, LLC; LEVEL 3
COMMUNICATIONS, LLC; JEFF

NO. CIV-24-498-SLP

**STOREY, individually as
Manager/Officer of LEVEL 3
COMMUNICATIONS, LLC;
ZEBERSKY PAYNE SHAW LEWENZ,
a Florida law firm; ZACHARY D
LUDENS, individually as an attorney of
ZEBERSKY PAYNE SHAW LEWENZ;
and DOES 1 through 100, inclusive,,**

**Defendant.**

---

### DEFENDANT HLV VENTURES LLC'S
### REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS (DOC. 20)

---

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
HLV VENTURES**

Defendant, HLV Ventures, LLC ("HLV"), respectfully submits this Reply Brief in Support of Its Motion to Dismiss (Doc. 20) ("Reply").[1] As fully described in the Motion Plaintiff has failed to state a claim upon which relief can be granted and has failed to plead sufficient facts to support this Court's exercise of personal jurisdiction over HLV.

## ARGUMENT AND AUTHORITIES

### I.    Plaintiff's Response (Doc. 29) further demonstrates that the Complaint violates Rule 8 and should be dismissed.

#### A.    Plaintiff's Complaint includes only conclusory statements connecting the numerous defendants, statements that he now seems to change in opposition to the Motion.

Plaintiff's only alleged connection between HLV and all other defendants is a conclusory assertion that all are involved in the "spoofed" or "snowshoe" calls to Plaintiff. (*See* Doc. 1-1 at ¶ 52, Doc. 29 at 2, 7-8.) The Complaint pleads no direct facts to support this joint allegation, and simply concludes it is so. Now, in Plaintiff's Response, he claims that there is a "clear factual link" between the Defendants and the snowshoe calls, "they all ask for 'Howard Ship.'" (Doc. 29 at 8.) This statement directly contradicts Plaintiff's description of the snowshoe calls in the Complaint. Plaintiff described what he hears after answering them as either (1) "a faint recording plays, but no other sounds are audible" or (2) "the phone call disconnects quickly after connection." Based solely on Plaintiff's allegations, these snowshoe calls do not ask for "Howard Ship" as they do not ask for anyone. Without this factual nexus, Plaintiff has only claimed one call by HLV to his

---

[1] Plaintiff combined in the same pleading his Response to the Motion to Dismiss with a Motion to Remand and a Motion for Expedited Discovery. (Doc. 29.) This Reply is made solely in support of HLV's Motion to Dismiss, and HLV will timely respond separately to the other Motions included therein.

number. Given this, Plaintiff's attempts at reciting causes of action do not provide sufficient notice to HLV or the various other Defendants as required by Rule 8.

> **B.    The Response demonstrates that the Plaintiff does not fully know, or cannot remember, the claims he is bringing against HLV.**

The Response makes the serious allegation that counsel for HLV is lying to the Court, creating "fake causes of action," making a "wild misrepresentation of fact" concerning his claims, and seeks the "fullest sanctions available" against counsel for HLV. (Doc. 29 at 2 & 13.) This extreme reaction is in response to HLV's assertion that:

> Plaintiff Anthony Trupia (Plaintiff), appearing pro se, asserted alleged claims in violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act (15 U.S.C. §6101 et seq.), the Telemarketing Sales Rule (16 C.F.R. §310, et seq.), and the Telephone Consumer Protection Act (47 U.S. § 227, et seq.)

(*Id.* at 13.) But ***this language is taken directly from Plaintiff's Complaint*** in the unnumbered first paragraph:

> This action Is filed pursuant to the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ("TCPA"), 47 US.C. § 227 et seq.; . . .

(Doc. 1-1 at p. 2.) Additionally, the Complaint states that all Defendants should be held jointly liable for, *inter alia*, "all violations of the Telemarketing Act, the TSR, and the TCPA . . . ." (Doc. 1-1 at ¶ 106.) Moreover, Plaintiff seeks damages for the violations of the TSR against all Defendants. (*Id.* at p. 35.) Yet, apparently now, "the causes of action include only the TCPA, State causes of action, and common law," and anything else is a "lie" by counsel. (Doc. 29 at 13). This simply makes no sense.

These inconsistencies demonstrate that the Plaintiff does not even know the scope or nature of his claims. If Plaintiff cannot accurately state in briefing the types and bases of his claims, it is impossible for HLV to have "fair notice of what the claim[s] [are] and the grounds upon which [they] rest[]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). Plaintiff's *pro se* status is insufficient to cure this deficiency.[2] Accordingly, the Complaint violates Rule 8 and should be dismissed.

## II.    <u>Plaintiff's Response provides no authorities or analysis to support this Court's exercise of personal jurisdiction over HLV.</u>

Plaintiff's primary response to the question of the Court's personal jurisdiction over HLV is to dismiss it as "needless whining," and a "non-issue." (Doc. 29 at 5.) Plaintiff alleges that he "provided the phone number to defendants."[3] (*Id.* at 4.) Yet, the phone number is not included in the Complaint, nor are there any allegations of Plaintiff's residence or location when receiving the calls or otherwise. Plaintiff attempts to avoid this problem by reciting a provision of the Oklahoma Telephone Solicitation Act that creates a rebuttable presumption based on a call made to an area code in the state. (*Id.*) Yet, Plaintiff

---

[2] "Moreover, even pro se plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure and substantive law, and the liberal construction to be afforded does not transform vague and conclusory arguments into valid claims for relief. The Court will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH, 2022 WL 3401949, at *2 (N.D. Okla. Aug. 16, 2022), *appeal dismissed,* No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022), *cert. dismissed,* 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023).

[3] Any prior statements by Plaintiff, which HLV does not admit or concede, made in conjunction with settlement demands, are inadmissible and would not be binding upon him such that HLV can rely upon them in assessing the claims against it.

never alleged his area code. Plaintiff continues to withhold even providing an address as required by Rule 11. (Doc 29 at 15.) It remains true that the one call Plaintiff alleges he received from HLV was received at an unspecified location to an unspecified number.

Plaintiff later conflates the personal jurisdiction analysis with the removal/remand issue.[4] Doing so, Plaintiff's main argument against dismissal for lack of personal jurisdiction seems to be that it is made to "buy time and deter Plaintiff with legal maneuvering" and that counsel for HLV is "preparing a motion to dismiss that is intended to work in Oklahoma State Court." As the Court is aware, and as described in the Motion, the Rule 4 of the Federal Rules of Civil Procedure specifies that the analysis for this Court's personal jurisdiction depends on that of the Oklahoma courts of general jurisdiction, i.e., the Oklahoma long arm statute and the Oklahoma cases interpreting the same.[5] (*See* Doc. 20 at 9.)

Plaintiff makes no attempt to argue that the Court should exercise general personal jurisdiction over HLV. Accordingly, the Court should determine it has no general personal jurisdiction and continue to the specific personal jurisdiction analysis.

Plaintiff makes no attempt to argue or describe the minimum contacts between HLV and Oklahoma sufficient for specific personal jurisdiction. Plaintiff does not address or distinguish the binding case law out of the Tenth Circuit provided in the Motion. Plaintiff

---

[4] HLV is only addressing this to the extent it relates to the personal jurisdiction issue. As stated above, HLV will file a separate response to the Motion for Remand.

[5] Contrary to Plaintiff's fanciful allegations, this is the proper analysis, and is not a grand conspiracy by senior counsel for HLV. (*See* Doc. 29 at 13.)

does not argue that HLV has sufficient contact with this state to support HLV being haled into court in Oklahoma. Therefore, the Court should dismiss all claims against HLV for lack of personal jurisdiction.

## **CONCLUSION**

Even applying a liberal construction to *pro se* pleadings, Plaintiff's Complaint fails on repeated levels. Plaintiff has not stated his claims with any level of clarity, confusingly attempts to join HLV with a disparate and unrelated set of Defendants, and does not seem to understand the scope of his own claims. He brings collective inconsistent claims against a Delaware company, operating out of New York, in the courts of Oklahoma for the express purpose of making the litigation as inconvenient as possible.[6] The Court should dismiss this action for violation of Rule 8 and for lack of personal jurisdiction over HLV.

---

[6] Plaintiff made a post and several comments on the subreddit "FuckRobocalls" regarding this specific action. In a post he identified himself as "Tony Trupia, Anthony Trupia on my case filings," stated he sues "shady corporations for a living, full time," and attached pictures of his initial filing in this case. He went on to explain in a comment:

> Lawyers are expensive. There's no way any of these are getting out of a TCPA lawsuit for less than 15k in lawyer's fees, just no way. **When I file a suit, I pick the jurisdiction least convenient for the defendant** as you might imagine, and with TCPA cases you can file in federal *or* state court. So while the jokers in this suit have attorneys on payroll, the odds any of those attorneys are licensed to practice in OK is low! They will most likely have to shell out cash just to answer the summons.

Anthony Trupia (u/VashPast), "This is What Robo-Call Revenge Looks Like," (April 22, 2024, 4:26:40 PM CDT), https://old.reddit.com/r/FuckRobocalls/comments/1camjix/this_is_what_robocall_revenge_looks_like/ (last viewed on May 30, 2024) (emphasis added) (grammar and punctuation original) (archived at: https://web.archive.org/web/

Dated:        May 31, 2024                    Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
HLV VENTURES**

---

20240530185050/https://old.reddit.com/r/FuckRobocalls/comments/1camjix/this_is_what
_robocall_revenge_looks_like/).

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on May 31, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail and first class, U.S. Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129
*trupiaar@gmail.com*

**PRO SE PLAINTIFF**

*s/ Aaron C. Tifft*
_____

20348724.2:014234.00001

7