# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

                    Plaintiff,

v.

                                Case No. CIV-24-498-SLP

HERITAGE HARD ASSETS LLC, et al.

                    Defendants.

## **O R D E R**

Before the Court is Plaintiff's Motion for Access to ECF/E-File [Doc. No. 30]. Plaintiff appears pro se in this matter and requests permission to file documents electronically using the Court's electronic case filing (ECF) system. In support, Plaintiff states that he: (1) "already has a P.A.C.E.R. account"; (2) is "more than technically competent to use e-file"; and (3) "has worked with many state e-file systems successfully." He further states that at the early stages of this litigation he is "already experiencing significant procedural disadvantages without access to this system."

Pursuant to Rule 5(d)(3)(B)(i) of the Federal Rules of Civil Procedure, a pro se litigant "may file electronically only if allowed by court order or by local rule." Fed. R. Civ. P. 5(d)(3)(B)(i). Under this Court's local rules pro se litigants must file paper documents. *See* ECF Policies & Procedures Manual, § I(A)(1) and § III(B). The local rules, however, provide that "the assigned judge may modify these procedures in specific cases without prior notice, if deemed appropriate." *Id.*, § I(A)(3).

Although Plaintiff states that he is experiencing procedural disadvantages, to date the record does not support this conclusory assertion. In addition, other means of electronic access to case records exist. As Plaintiff acknowledges, he has an account with the Public Access to Court Electronic Records (PACER) system, https://pacer.uscourts.gov. Moreover, as an unrepresented party, Plaintiff may agree with other parties to accept service electronically and serve and be served with documents via email. *See* Fed. R. Civ. P. 5(b)(2)(E). Under these circumstances, the Court finds no reason to except Plaintiff from the usual restrictions that prohibit electronic filings by pro se litigants. At this time, therefore, the Court DENIES Plaintiff's request. As this litigation continues, should Plaintiff face particularized and compelling circumstances that warrant relief, Plaintiff may resubmit his request.

At this early juncture, the Court further admonishes Plaintiff that in all future filings before this Court, Plaintiff must comply with Rule 11(a) of the Federal Rules of Civil Procedure which requires that "[e]very pleading, written motion, and other paper . . . must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a) To date, Plaintiff has been non-compliant with the Rule as he has not included his address in any of his filings**. <u>Going forward, the Court will strike any papers that do not include the requisite Rule 11(a) information</u>**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Access to ECF/E-File [Doc. No. 30] is DENIED.

IT IS SO ORDERED this 7th day of June, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE