# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

    Plaintiff,

v.

HERITAGE HARD ASSETS LLC; KYLE PATTON, individually as Manager/Officer of HERITAGE HARD ASSETS LLC; HLV VENTURES, an unregistered New York company; REAGAN GOLD GROUP, LLC; STEVE FRANCIS, individually as Manager/Officer of REAGAN GOLD GROUP, LLC; WORLD HARVEST CHURCH, INC.; ROD PARSLEY, individually as Manager/Officer of WORLD HARVEST CHURCH, INC.; SOUTH BAY GALLERIES LLC; BRANDON MENDELSON, individually as Manager/Officer of SOUTH BAY GALLERIES LLC; TELNYX LLC; DAVID CASEM, individually as Manager/Officer of TELNYX LLC; IAN EITHER, individually as Manager/Officer of TELNYX LLC; JAMES WHEDBEE, individually as Manager/Officer of TELNYX LLC; MANDI MENA, individually as Manager/Officer of TELNYX LLC; ONVOY, LLC; BRETT SCORZA, individually as Manager/Officer of ONVOY, LLC; JAMES HYNES, individually as Manager/Officer of ONVOY, LLC; G EDWARDS EVANS, individually as Manager/Officer of ONVOY, LLC; MATTHEW CARTER JR, individually as Manager/Officer of ONVOY, LLC; LEVEL 3 COMMUNICATIONS, LLC; JEFF

NO. CIV-24-498-SLP

| | |
|---|---|
| STOREY, individually as Manager/Officer of LEVEL 3 COMMUNICATIONS, LLC; ZEBERSKY PAYNE SHAW LEWENZ, a Florida law firm; ZACHARY D LUDENS, individually as an attorney of ZEBERSKY PAYNE SHAW LEWENZ; and DOES 1 through 100, inclusive,, <br><br> Defendant. | |

**DEFENDANT HLV VENTURES LLC'S
RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND (DOC. 29)**

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
HLV VENTURES**

ii

Defendant, HLV Ventures, LLC ("HLV"), respectfully submits this Response in Opposition to Plaintiff's Motion to Remand (Doc. 29) ("Response"). As fully described below, Plaintiff has failed to articulate a valid basis for remand and the Motion should therefore be denied.

## ARGUMENT AND AUTHORITIES

**I.      Applicable law governing Plaintiff's Motion to Remand.**

As the Supreme Court has consistently stated, "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal subject matter jurisdiction "cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir.2012).

Pursuant to 28 U.S.C. § 1331, Congress has authorized federal courts to exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Most often, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). However, even in instances where a plaintiff has not alleged a cause of action under federal law, federal jurisdiction may still exist if the right to relief depends on the application or construction of federal law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'r & Mfg.*, 545 U.S. 308, 313 (2005).

To establish jurisdiction pursuant to Section 1331, the federal question giving rise to jurisdiction must be "presented on the face of the plaintiff's properly pleaded

1

complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Id.* The well-pleaded complaint rule, however, is not absolute, and a "plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim." *Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006).

Here, Defendant's removal of the action was proper and this Court has federal question and supplemental subject matter jurisdiction because Plaintiff attempts to assert multiple federal causes of action on the face of the Complaint.

II.     **The "landmark" case Plaintiff cites held that federal question jurisdiction exists for Plaintiff's claims and demonstrates the Motion should be denied.**

The United States Supreme Court decision in *Mims v. Arrow Fin. Servs.*, cited by the Plaintiff, held that federal question jurisdiction exists for claims brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). 565 U.S. 368, 386–87 (2012). "Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331." *Id.* Going further, the Court stated that absent a "direction from Congress stronger than any [the respondent] has advanced, we apply the familiar default rule: Federal courts have § 1331 jurisdiction over claims that arise under federal law." *Id.* at 387. The insufficient "direction from Congress" supplied by the respondent in *Mims* involved the same recitation of legislative history advanced by the Plaintiff in his Motion. *Compare Id.* at 384, *with* Doc. 29 at 12-13.

2

Nothing in the TCPA vests exclusive jurisdiction or venue with the state courts. Justice Ginsburg, writing for a unanimous Court, stated, "Nothing in the permissive language of § 227(b)(3) makes state-court jurisdiction exclusive, or otherwise purports to oust federal courts of their 28 U.S.C. § 1331 jurisdiction over federal claims." *Mims*, 565 U.S. at 380. Stating further in dicta, "When Congress wants to make federal claims instituted in state court nonremovable, it says just that." *Id.* at 386 n.15. Congress has not made TCPA claims nonremovable, and defendants may remove such cases to federal court. *See Escano v. Concord Auto Protect, Inc.*, No. CV 21-223 MV/CG, 2021 WL 2935295, at *4 (D.N.M. July 13, 2021) (finding a "weight of authority" in favor of allowing removal); *Edmonds v. DirecTV, LLC*, No. 1:16-cv-1291-STA-egb, 2017 WL 1435760, at *1 (W.D. Tenn. April 21, 2017) (finding removal was proper); *Speidel v. American Honda Finance Corp.*, No. 2:14-cv-19-FtM-38CM, 2014 WL 820703, at *1 (M.D. Fla. March 3, 2014) (concluding "Congress has included nothing in the TCPA that would preclude removal to federal court"). Therefore, Plaintiff's Motion to Remand should be denied.

### III. This Court possesses federal question subject matter jurisdiction as Plaintiff attempts to assert multiple federal causes of action.

Plaintiff's Complaint is not a model of clarity but does purport to assert multiple federal causes of action.[1] Plaintiff alleges in his Complaint:

> This action is filed pursuant to the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule

---

[1] As fully briefed in the Motion to Dismiss (Doc. 20), HLV's position is that the Complaint should be dismissed as it violates Rule 8 and that the Court lacks personal jurisdiction over HLV. Nothing herein is intended as a change to that position.

3

>("TSR"), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ("TCPA"), 47 US.C. § 227 et seq.; . . .

(Doc. 1-1 at p. 2.) Additionally, the Complaint states that all Defendants should be held jointly liable for, *inter alia*, "all violations of the Telemarketing Act, the TSR, and the TCPA . . . ." (*Id.* at ¶ 106.) The alleged counts one through nine are all based on purported violations of federal law. (*Id.* at ¶ 287-313.) Plaintiff seeks damages for the violations of the federal TSR against all Defendants. (*Id.* at p. 35.) Finally, Plaintiff cites to 28 U.S.C. § 1331 when alleging "subject matter jurisdiction over this action." (Doc. 1-1 at ¶ 1.)

Plaintiff may now be changing the claims he is bringing, yet federal question jurisdiction still exists. Plaintiff inexplicably called the recitation from his Complaint a "wild misrepresentation of fact," alleged HLV included "fake causes of action" in its Notice of Removal, and alleged an individual member of HLV's counsel "lie[d] to the court [sic]." Plaintiff now states that "the causes of action include only the TCPA, State causes of action, and common law." (Doc. 29 at 13). Contrary to Plaintiff's assertion, the language of the Complaint indicates otherwise. Even if Plaintiff is now only bringing TCPA and state causes of action, supplemental federal jurisdiction exists over the state law claims.[2]

Upon a finding that this Court has original jurisdiction over the TCPA claim(s) this Court will also have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Waid v. Credit Collections, Inc.*, CIV-11-0580-HE, 2011 WL 5555683, at *1 (W.D. Okla. Nov. 15, 2011)

---

[2] Plaintiff has not amended his Complaint to reflect this new assertion.

(quoting 28 U.S.C. § 1367(a)). "A claim is part of the same case or controversy if it 'derive[s] from a common nucleus of operative fact.'" *Id.* (quoting *Price v. Wolford*, 608 F.3d 698, 702–03 (10th Cir.2010)) (citing 13D CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER, FEDERAL PRACTICE AND PROCEDURE § 3567. 1, at 337 (3d ed.2008) and *Edwards v. Doe*, 331 Fed. Appx. 563, at *4 (10th Cir.2009) (unpublished)).

The claim(s) alleged by Plaintiff arise out of the same operative facts. As demonstrated by the Complaint, Plaintiff attempts to assert federal and state claims against the Defendants as a collective whole, based on the same set of facts. (Doc. 1-1 at ¶ 224-266, 287-333.). Whether Plaintiff is bringing the claims listed in his Complaint, or now only bringing TCPA and state law claims, this Court has proper federal question and supplemental subject matter jurisdiction. As the Complaint says itself, "the Court has pendant jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367." (Doc 1-1 at ¶ 1.) Accordingly, the Court should deny Plaintiff's Motion.

## **CONCLUSION**

Plaintiff has given this Court no legitimate basis to remand this action. The Complaint pleads federal question jurisdiction and asserts nine federal claims against the Defendants as a collective. At a minimum, the Complaint asserts a federal TCPA claim against the Defendants. The Supreme Court has held that federal courts have federal question jurisdiction over TCPA claims, and there is no restriction on removal of the same. Plaintiff pleads the same operative facts in support of all claims such that any state law

5

claims fall within the Court's supplemental subject matter jurisdiction. Therefore, the Court should deny Plaintiff's Motion to Remand.

Dated:      June 11, 2024                              Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, HLV VENTURES**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 11, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on June 11, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail and first class, U.S. Mail:

> Anthony Trupia
> 605 SE 21st St.
> Oklahoma City, OK 73129
> *trupiaar@gmail.com*
>
> **PRO SE PLAINTIFF**

*s/ Aaron C. Tifft*

20370942.1:014234.00001