# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTHONY TRUPIA,** | |
| **Plaintiff,** | |
| v. | NO. CIV-24-498-SLP |
| **HERITAGE HARD ASSETS LLC; KYLE PATTON,** individually as Manager/Officer of **HERITAGE HARD ASSETS LLC; HLV VENTURES,** an unregistered New York company; **REAGAN GOLD GROUP, LLC; STEVE FRANCIS,** individually as Manager/Officer of **REAGAN GOLD GROUP, LLC; WORLD HARVEST CHURCH, INC.; ROD PARSLEY,** individually as Manager/Officer of **WORLD HARVEST CHURCH, INC.; SOUTH BAY GALLERIES LLC; BRANDON MENDELSON,** individually as Manager/Officer of **SOUTH BAY GALLERIES LLC; TELNYX LLC; DAVID CASEM,** individually as Manager/Officer of **TELNYX LLC; IAN EITHER,** individually as Manager/Officer of **TELNYX LLC; JAMES WHEDBEE,** individually as Manager/Officer of **TELNYX LLC; MANDI MENA,** individually as Manager/Officer of **TELNYX LLC; ONVOY, LLC; BRETT SCORZA,** individually as Manager/Officer of **ONVOY, LLC; JAMES HYNES,** individually as Manager/Officer of **ONVOY, LLC; G EDWARDS EVANS,** individually as Manager/Officer of **ONVOY, LLC; MATTHEW CARTER JR,** individually as Manager/Officer of **ONVOY, LLC; LEVEL 3 COMMUNICATIONS, LLC; JEFF** | |

| | |
|---|---|
| STOREY, individually as Manager/Officer of LEVEL 3 COMMUNICATIONS, LLC; ZEBERSKY PAYNE SHAW LEWENZ, a Florida law firm; ZACHARY D LUDENS, individually as an attorney of ZEBERSKY PAYNE SHAW LEWENZ; and DOES 1 through 100, inclusive,,<br><br>      Defendant. | |

### DEFENDANT HLV VENTURES LLC'S
### RESPONSE IN OPPOSITION TO
### PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY (DOC. 29)

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, HLV VENTURES**

ii

Defendant, HLV Ventures, LLC ("HLV"), respectfully submits this Response in Opposition to Plaintiff's Motion for Expedited Discovery (Doc. 29) ("Response"). As fully described below, Plaintiff has failed to articulate any basis for expedited discovery and the Motion should therefore be denied.

## ARGUMENT AND AUTHORITIES

**I.    Applicable law governing Plaintiff's Motion for Expedited Discovery.**

"The Court has broad discretion over the control of discovery." *Cooper v. Coil Chem, LLC*, No. CIV-16-473-D, 2017 WL 3709085, at *1 (W.D. Okla. Feb. 27, 2017) (citing *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010)) (finding expedited discovery unwarranted). "Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f)." *Wright v. Doe*, No. 22-CV-300-JFH-JFJ, 2022 WL 2764901, at *5 (N.D. Okla. July 15, 2022). Local Civil Rule 26.3(a) states, "if a motion has been made pursuant to Fed. R Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case."

Discovery may be conducted prior to the discovery conference when authorized by a court order. *Wright*, 2022 WL 2764901 at *5. "In this circuit, courts have permitted such expedited discovery upon a showing of good cause." *Id.* (citing *Pod–Ners v. N. Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002)). "Any party may move that discovery be permitted prior to the time period set forth in subsection (a) of this rule. Such

1

request shall be made by written motion in accordance with LCvR7.1 and LCvR37.1." LCvR26.3(c).

## II. **Plaintiff has not articulated any reasoning or cause for the Court to deviate from the federal and local rules to allow expedited discovery in this matter.**

The Motion only addresses the request for expedited discovery in the title and the request for relief. The Motion provides no reasoning or basis for the Court to allow expedited discovery. There has been no Answer filed by HLV and no discovery conference as required by Rule 26(f). Moreover, pursuant to LCvR26.1, discovery should not be allowed as HLV has a pending Motion to Dismiss. *See* Doc. 20. Plaintiff provided the Court no showing of facts or argument that good cause exists to abrogate the default federal and local rules and grant expedited discovery in this matter. Additionally, in violation of LCvR26.3(c) and 37.1, Plaintiff made no attempt to confer in good faith regarding this issue. Accordingly, the Court should deny Plaintiff's Motion for Expedited Discovery.

## CONCLUSION

Plaintiff is seeking expedited discovery but provides no reasoning, basis, or explanation as to why it is needed. There is no showing of good cause, or any cause, to support Plaintiff's request. Therefore, the Court should follow its standard process in this case and deny Plaintiff's Motion for Expedited Discovery.

Dated:	June 11, 2024	Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, HLV VENTURES**

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on June 11, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail and first class, U.S. Mail:

>Anthony Trupia
>605 SE 21st St.
>Oklahoma City, OK 73129
>*trupiaar@gmail.com*
>
>**PRO SE PLAINTIFF**

*s/ Aaron C. Tifft*

20370944.1:014234.00001

4