IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

  Plaintiff,

v.

HERITAGE HARD ASSETS LLC; KYLE PATTON, individually as Manager/Officer of HERITAGE HARD ASSETS LLC; HLV VENTURES, an unregistered New York company; REAGAN GOLD GROUP, LLC; STEVE FRANCIS, individually as Manager/Officer of REAGAN GOLD GROUP, LLC; WORLD HARVEST CHURCH, INC. ; ROD PARSLEY, individually as Manager/Officer of WORLD HARVEST CHURCH, INC.; SOUTH BAY GALLERIES LLC; BRANDON MENDELSON, individually as Manager/Officer of SOUTH BAY GALLERIES LLC; TELNYX LLC; DAVID CASEM, individually as Manager/Officer of TELNYX LLC; IAN EITHER, individually as Manager/Officer of TELNYX LLC; JAMES WHEDBEE, individually as Manager/Officer of TELNYX LLC; MANDI MENA, individually as Manager/Officer of TELNYX LLC; ONVOY, LLC; BRETT SCORZA, individually as Manager/Officer of ONVOY, LLC; JAMES HYNES, individually as Manager/Officer of ONVOY, LLC; G EDWARDS EVANS, individually as Manager/Officer of ONVOY, LLC; MATTHEW CARTER JR, individually as Manager/Officer of ONVOY, LLC; LEVEL 3 COMMUNICATIONS, LLC; JEFF STOREY, individually as Manager/Officer of LEVEL 3 COMMUNICATIONS, LLC; ZEBERSKY PAYNE SHAW LEWENZ, a Florida law firm; ZACHARY D LUDENS, individually as an attorney of ZEBERSKY PAYNE SHAW LEWENZ; and DOES 1 through 100, inclusive,

  Defendants.

NO. CIV-24-498-SLP

FILED

JUN 24 2024

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff requests leave from this court to file an amened complaint for the following reasons:

Plaintiff may only amend with the "written consent [of the Defendants] or [with] the court's leave" or permission. Id. 15(a)(2). Absent a substantial reason to deny leave, the court should freely grant leave

1

to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). See also *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'") "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182. See also *Gulley v. Dzurenda*, 264 F.R.D. 34, 36 (D. Conn. 2010) ("[T]he determination of whether to grant leave lies entirely within the court's discretion.") (citing *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir.1994)).

Plaintiff wishes to amend the complaint in the following ways:

1. To perform general cleanup and removal of unnecessary paragraphs or arguments and to provide clear language for the defendants alleging the causal links between each defendants' various business activities: various defendants have complained of deficiencies in this compliant, plaintiff believes he now has a better understanding of the syntax and wording various defendants are looking for to establish his claims properly under the law and the rules of the court.
2. To perform any modifications or correct any deficiencies identified and requested by this court. Plaintiff is pro se and always doing his best and acting in good faith, but this court may have specific direction or requirements in mind and plaintiff wishes to meet the requirements of this court.
3. To add appropriate federal causes of action which were not originally included because plaintiff filed in state court and believed this case would remain in state court. Plaintiff wishes to include causes of action for Unjust Enrichment and violations of federal RICO statutes since jurisdiction is now proper for those claims.

Plaintiff also had financial difficulties in delivering the remaining initial complaints and summons to the individual parties listed in this suit. Plaintiff's printer stopped working and had to be replaced, and plaintiff could not afford to replace the printer until last week. Plaintiff now has a working printer and the funds to send out the remaining summons, and is ready to immediately send out a complaint to all remaining parties and effect all remaining service once the court has decided on a ruling for this motion.

Respectfully submitted,

/s Anthony Trupia
605 SE 21ST St.
Oklahoma City, OK 73129
516-984-0142
Trupiaar@gmail.com
Pro Se

Date: June 22, 2024