IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

    Plaintiff,

v.

HERITAGE HARD ASSETS LLC;
KYLE PATTON, individually as
Manager/Officer of HERITAGE HARD
ASSETS LLC; HLV VENTURES, an
unregistered New York company;
REAGAN GOLD GROUP, LLC;
STEVE FRANCIS, individually as
Manager/Officer of REAGAN GOLD
GROUP, LLC; WORLD HARVEST
CHURCH, INC.; ROD PARSLEY,
individually as Manager/Officer of
WORLD HARVEST CHURCH, INC.;
SOUTH BAY GALLERIES LLC;
BRANDON MENDELSON, individually
as Manager/Officer of SOUTH BAY
GALLERIES LLC; TELNYX LLC;
DAVID CASEM, individually as
Manager/Officer of TELNYX LLC; IAN
EITHER, individually as
Manager/Officer of TELNYX LLC;
JAMES WHEDBEE, individually as
Manager/Officer of TELNYX LLC;
MANDI MENA, individually as
Manager/Officer of TELNYX LLC;
ONVOY, LLC; BRETT SCORZA,
individually as Manager/Officer of
ONVOY, LLC; JAMES HYNES,
individually as Manager/Officer of
ONVOY, LLC; G EDWARDS EVANS,
individually as Manager/Officer of
ONVOY, LLC; MATTHEW CARTER
JR, individually as Manager/Officer of
ONVOY, LLC; LEVEL 3
COMMUNICATIONS, LLC; JEFF

NO. CIV-24-498-SLP

| | |
|---|---|
| STOREY, individually as Manager/Officer of LEVEL 3 COMMUNICATIONS, LLC; ZEBERSKY PAYNE SHAW LEWENZ, a Florida law firm; ZACHARY D LUDENS, individually as an attorney of ZEBERSKY PAYNE SHAW LEWENZ; and DOES 1 through 100, inclusive,, <br><br> Defendant. | |

---

**DEFENDANT SOUTH BAY GALLERIES LLC'S
OPPOSED MOTION FOR LEAVE TO FILE ANSWER
OR OTHER RESPONSIVE PLEADING OUT OF TIME
AND BRIEF IN SUPPORT**

---

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, SOUTH BAY GALLERIES, LLC**

Defendant, South Bay Galleries, LLC ("South Bay" or "Defendant"), respectfully files this Opposed Motion for Leave to File Answer or Other Responsive Pleading Out of Time and Brief in Support (the "Motion") in which Defendant requests an additional seven (7) days following entry of this Court's Order Granting this Motion—should this Court so rule—to answer or otherwise respond to Plaintiff's Complaint. In support of its Motion, Defendant states as follows:

1. Pursuant to LCvR 7.1(h)(4), Counsel for Defendant contacted Plaintiff to ascertain whether he has an objection to this Motion, Plaintiff stated that he objected to the relief sought herein.

2. South Bay is a business located and operated in Patchogue, New York.

3. South Bay believes that its registered agent was served with a Summons on May 8, 2024. Accordingly, its Answer date in Oklahoma state court would have been May 28, 2024. After the Removal on May 15, 2024, this date adjusted to May 29, 2024, pursuant to Rule 81 of the Federal Rules of Civil Procedure.

4. This is the first such request from South Bay.

5. Defendant seeks to file its Answer out of time on the basis of excusable neglect under Fed. R. Civ. P. 6(b). Pursuant to Rule. 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Therefore, Rule 6(b) authorizes this Court to accept a late filing where the failure to timely file is the result of "excusable neglect."

1

6. In determining whether excusable neglect exists, the Court must consider a number of factors, including (1) the possibility of prejudice to the non-moving party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the party acted in good faith. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "[T]he determination whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. Torres*, 372 F.2d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer*, 507 U.S. at 395). Defendant respectfully suggests that each of the foregoing equitable factors weigh in favor of allowing the late filing of the Answer here.

7. Here, Plaintiff will not be prejudiced as discovery has not begun, a Scheduling Order has not been entered, and Plaintiff has just today sought leave to amend his Complaint. [Doc. 45.]

8. Upon service, South Bay promptly and repeatedly sought representation from attorneys in the New York area but was unable to retain counsel for representation in this matter until retaining the undersigned on the morning of June 24, 2024.[1] Defendant is acting in good faith and is seeking this relief within hours of retaining Oklahoma counsel.

---

[1] So as not to waive any applicable privilege, Defendant is willing to offer evidence of these efforts for *in camera* review by the Court. Moreover, Defendant retained counsel just prior to the filing of Plaintiff's Motion for Entry of Default (Doc. 46). It had no advance knowledge of the same and is seeking this extension in good faith.

9. Defendant requests a seven (7) day extension, this extension will not substantively impact the proceedings. This delay will have minimal to no impact on the proceedings, as most of the parties have yet to answer, respond, or be served. Plaintiff has indicated that he has not yet sent out the summons for service upon all Defendants. [*See* Doc. 45 at 2.]

10. Conversely, if this Court were to deny Defendant leave to file an answer or otherwise respond out of time, it would impose a significant penalty on it amounting to default.

11. The filing of an Answer within seven (7) days of the Court's Order will have "no impact on the litigation to this point, and it will have no impact moving forward." *Moore v. City of Tulsa*, No. 14-CV-0152-CVE-FHM, 2014 WL 6836216 *3 (N.D. Okla. Dec. 3, 2014) (finding facts weighed in favor of a finding of excusable neglect notwithstanding five-month delay in filing answer).

WHEREFORE, Defendant respectfully requests the Court grant this Motion allowing Defendant an additional seven (7) days following entry of this Court's Order to answer or otherwise respond to Plaintiff's Complaint.

Dated: June 24, 2024              Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, SOUTH BAY GALLERIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on June 24, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail, and on June 25, 2024 via first class, U.S. Mail:

>Anthony Trupia
>605 SE 21st St.
>Oklahoma City, OK 73129
>*trupiaar@gmail.com*
>
>**PRO SE PLAINTIFF**

*s/ Aaron C. Tifft*

20370942.1:014234.00001