IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

    Plaintiff,

v.

HERITAGE HARD ASSETS LLC,
et al.,

    Defendants.

NO. CIV-24-498-SLP

_____

**DEFENDANT SOUTH BAY GALLERIES LLC'S
RESPONSE AND OBJECTION TO PLAINTIFF'S
REQUEST FOR ENTRY OF DEFAULT (DOC. 46)**
_____

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
SOUTH BAY GALLERIES, LLC**

Defendant, South Bay Galleries, LLC ("South Bay" or "Defendant"), pursuant to Fed.R.Civ.P. 55, respectfully files this Response and Objection to Plaintiff's Request for Entry of Default. As set forth below, Defendant requests the Court direct the Court Clerk to deny Plaintiff's Request for Entry of Default (Doc. 46, hereinafter "Request") in its entirety. In support of this Response, Defendant states as follows:

1. Plaintiff personally attempted service by certified mail on several parties to this action. [Doc. 47.]

2. Oklahoma law should apply to an analysis of the service requirements as the action was in state court before removal. *See Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1184 (10th Cir. 2014).[1]

3. Oklahoma law specifies a limited category of persons who can effectuate service of a summons by mail. "[A] summons and petition may be served by mail by the ***plaintiff's attorney***, any ***person authorized to serve process***[2] . . . or by ***the court clerk*** upon a defendant . . . ." Okla. Stat. tit. 12 § 2004(C)(2)(a) (emphasis added).

4. As a party proceeding *pro se*, the Plaintiff is not authorized to effectuate service by mail himself. *See Knight*, 749 F.3d at 1184 ("It is not clear, however, that Oklahoma would allow a pro se party to mail service. Section 2004(C)(2)(a) implies the

---

[1] Service by mail in this case is not likely allowed under Rule 4 standing alone. "Rule 4 is not so wide in scope as to encompass the notion of a plaintiff (even one proceeding *pro se*) effectuating service by Certified Mail via the Post Master General, as the plaintiffs here argue." *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (cleaned up).

[2] The statute defines a person authorized to serve process as, "a sheriff or deputy sheriff, a person licensed to make service of process in civil cases or a person specially appointed for that purpose." Okla. Stat. tit. 12 § 2004(C)(1).

contrary . . . ."). *Cf. Saimplice v. Ocwen Loan Servicing Inc.*, 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019) (holding that service by mail by a *pro se* plaintiff was improper under a North Carolina law which required service by a non-party).

5. Additionally, Plaintiff has failed to follow Oklahoma state law to obtain a default after service by mail. "Service by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant." Okla. Stat. Ann. tit. 12, § 2004(C)(2)(c).

6. Neither Plaintiff's Request, nor Plaintiff's Affidavit in Support of Request for Entry of Default (Doc. 47), contains a return receipt of any kind to prove acceptance or refusal of process by South Bay or any defendant.

7. Because Plaintiff is not authorized to personally issue summons by mail, and Plaintiff failed to sufficiently prove the receipt of such documents, the Court should direct the Court Clerk to refuse Plaintiff's request to enter a default as to South Bay or any defendant.

8. In addition to the above, South Bay has retained counsel to defend this action and has a pending motion seeking leave to answer or otherwise respond out of time. [*See* Doc. 53.] Accordingly, pursuant to Fed.R.Civ.P. 55(a), South Bay has appeared and plead such that an entry of default would be inappropriate at this time.

WHEREFORE, Defendant South Bay Galleries, LLC requests the Court direct the Court Clerk to deny Plaintiff's Request for Entry of Default (Doc. 46) in its entirety.

Dated: June 26, 2024	Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, SOUTH BAY GALLERIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on June 26, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail, and first class, U.S. Mail:

    Anthony Trupia
    605 SE 21st St.
    Oklahoma City, OK 73129
    *trupiaar@gmail.com*

    **PRO SE PLAINTIFF**

                                       *s/ Aaron C. Tifft*