# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

        Plaintiff,

v.

HERITAGE HARD ASSETS LLC; KYLE
PATTON, individually as Manager/Officer
of HERITAGE HARD ASSETS LLC;
HLV VENTURES, an unregistered New
York company; REAGAN GOLD
GROUP, LLC; STEVE FRANCIS,
individually as Manager/Officer of
REAGAN GOLD GROUP, LLC; WORLD
HARVEST CHURCH, INC. ; ROD
PARSLEY, individually as
Manager/Officer of WORLD HARVEST
CHURCH, INC.; SOUTH BAY
GALLERIES LLC; BRANDON
MENDELSON, individually as
Manager/Officer of SOUTH BAY
GALLERIES LLC; TELNYX LLC;
DAVID CASEM, individually as
Manager/Officer of TELNYX LLC; IAN
EITHER, individually as Manager/Officer
of TELNYX LLC; JAMES WHEDBEE,
individually as Manager/Officer of
TELNYX LLC; MANDI MENA,
individually as Manager/Officer of
TELNYX LLC; ONVOY, LLC; BRETT
SCORZA, individually as Manager/Officer
of ONVOY, LLC; JAMES HYNES,
individually as Manager/Officer of
ONVOY, LLC; G EDWARDS EVANS,
individually as Manager/Officer of
ONVOY, LLC; MATTHEW CARTER JR,
individually as Manager/Officer of
ONVOY, LLC; LEVEL 3
COMMUNICATIONS, LLC; JEFF

Case No. 5:24-cv-00498-SLP

STOREY, individually as Manager/Officer of LEVEL 3 COMMUNICATIONS, LLC; ZEBERSKY PAYNE SHAW LEWENZ, a Florida law firm; ZACHARY D LUDENS, individually as an attorney of ZEBERSKY PAYNE SHAW LEWENZ; and DOES 1 through 100, inclusive,

Defendants.

## DEFENDANT ONVOY, LLC'S RULE 12(B)(2) and 12(B)6
## <u>MOTION TO DISMISS PLAINTIFF'S PETITION AND BRIEF IN SUPPORT</u>

# TABLE OF CONTENTS

**Page**

I.    Nature and Stage of the Proceeding ................................................................. 1

II.   Factual Background ........................................................................................... 2

III.  Legal Standards ................................................................................................ 3

    A.    Rule 12(b)(2) Standard ............................................................................ 3

    B.    Rule 12(b)(6) Standard ............................................................................ 4

IV.  Argument .......................................................................................................... 5

    A.    Plaintiff's Claims against Onvoy Should Be Dismissed for Lack of Personal Jurisdiction ............................................................................... 5

        1.    Onvoy is not subject to general jurisdiction in Oklahoma. ............... 5

        2.    Onvoy is not subject to specific jurisdiction based on Plaintiff's allegations ........................................................................ 6

    B.    Plaintiff's Petition Fails to Satisfy General Pleading Standards and Should Be Dismissed for Failure to State a Claim ................................... 9

    C.    The Petition Fails to Plead a Cognizable Theory of Liability against Onvoy under the Telemarketing Sales Rule (Counts I–IV). ..................... 10

    D.    Plaintiff Fails to Plead a Cognizable Theory of Liability against Onvoy under the TCPA (Counts V–IX) ................................................... 13

        1.    Plaintiff cannot establish direct liability against Onvoy under the TCPA ............................................................................................ 14

        2.    Plaintiff cannot establish vicarious liability against Onvoy under the TCPA .................................................................................... 17

        3.    Plaintiff failed to plead that Onvoy used artificial or pre-recorded voice in violation of the TCPA. ....................................... 18

    E.    Each of Plaintiff's Claims Based on Oklahoma Law Fails (Counts X-XIII) ...................................................................................................... 20

        1.    Plaintiff does not allege facts sufficient to state a claim under the Oklahoma Telephone Solicitation Act (Counts X-XI) ............. 20

        2.    Plaintiff fails to plead facts to support an intrusion upon seclusion claim. ........................................................................... 21

        3.    Plaintiff fails to allege adequate facts to support a claim that Onvoy violated Okla. Stat. § 21-1172 .............................................. 23

F.      This Motion Is Ripe for Treatment as a Motion for Summary Judgment. ...............................................................................24

V.    Conclusion ...........................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adzhikosyan v. Callfire, Inc.*,
    No. CV 19-246 PSG, 2019 WL 7856759 (C.D. Cal. Nov. 20, 2019) ........................ 16

*Allen v. Worldwide Flight Servs., Inc.*,
    No. CIV-20-971-SLP, 2021 WL 1821718 (W.D. Okla. Jan. 12, 2021) ....................... 5

*Altstatt v. Bd. of Cnty. Comm'rs for Oklahoma Cnty.*,
    No. CIV-22-811-D, 2023 WL 6208550 (W.D. Okla. Sept. 22, 2023) ......................... 4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................... 4, 14, 22

*Azeltine v. Bank of Am.*,
    No. CV 10-218-TUC-RCC, 2010 WL 6511710 (D. Ariz. Dec. 14, 2010) ................. 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .................................................................................................... 4

*Braver v. Clear Sky Fin., LLC*,
    No. CIV-22-710-R, 2023 WL 5439224 (W.D. Okla. Aug. 23, 2023) .......................... 8

*Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*,
    137 S. Ct. 1773 (2017) ................................................................................................ 6

*Buja v. Novation Cap., LLC*,
    No. 15-81002-CIV, 2016 WL 11501766 (S.D. Fla. Aug. 23, 2016) .......................... 13

*C5 Med. Werks, LLC v. CeramTec GMBH*,
    937 F.3d 1319 (10th Cir. 2019) .................................................................................. 7

*Carr v. Oklahoma Student Loan Auth.*,
    No. CIV-23-99-R, 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) ........................... 22

*Chapman v. Nat'l Health Plans & Benefits Agency, LLC*,
    619 F. Supp. 3d 788 (E.D. Mich. 2022) .................................................................... 14

*Childress v. Liberty Mut. Ins. Co.*,
    2018 WL 4684209 (D.N.M. Sept. 28, 2018) ............................................................. 15

*Clark v. Avatar Techs. PHL, Inc.*,
No. H-13-2777, 2014 WL 309079 (S.D. Tex. Jan. 28, 2014) ..................................... 16

*Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*,
680 F.3d 1194 (10th Cir. 2011) ................................................................. 4

*Cunningham v. Lifestyles Dev., LLC*,
No. 19-CV-0006, 2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) ................................ 15

*Curry v. Synchrony Bank, N.A.*,
2015 WL 7015311 (S.D. Miss. Nov. 12, 2015)................................................... 19

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)............................................................................ 5

*Dental Dynamics, LLC v. Jolly Dental Grp., LLC*,
946 F.3d 1223 (10th Cir. 2020) ................................................................. 7

*Dish Network, LLC*,
28 FCC Rcd. at 6583........................................................................... 17

*Donaca v. Dish Network, LLC*,
303 F.R.D. 390 (D. Colo. 2014) ................................................................ 15

*F.T.C. v. Chapman*,
714 F.3d 1211 (10th Cir. 2013) ................................................................. 10

*Gilmore v. Enogex, Inc.*,
878 P.2d 360 (Okla. 1994).................................................................... 21

*Gomez v. Campbell-Ewald Co.*,
768 F.3d 871 (9th Cir. 2014), *aff'd*, 136 S. Ct. 664 (2016) ........................................ 17

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)........................................................................... 3

*Grijalva v. Kevin Mason, P.A.*,
No. 8:18-cv-02010, 2020 WL 2562825 (C.D. Cal. Apr. 10, 2020)............................ 13

*Guadnola v. Hawaii Dep't of Educ.*,
No. CIV-19-1114-G, 2021 WL 1093099 (W.D. Okla. Mar. 22, 2021).................... 5, 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984)........................................................................... 6

*Hood v. Am. Auto Care, LLC*,
   21 F.4th 1216 (10th Cir. 2021) ................................................... 8

*Humana Pharmacy Sols., Inc. v. Michelin*,
   No. 20-81361, 2021 WL 3403950 (S.D. Fla. June 15, 2021) ...................... 11

*Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*,
   205 F.3d 1244 (10th Cir. 2000) ................................................. 3

*In re Joint Petition*
   *filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013) ......................... 15

*Jones v. Royal Admin. Svcs., Inc.*,
   887 F.3d 443 (9th Cir. 2018) .................................................. 17

*Kauffman v. CallFire, Inc.*,
   141 F. Supp. 3d 1044 (S.D. Cal. 2015) ......................................... 17

*Meeks v. Buffalo Wild Wings, Inc.*,
   No. 17-cv-07129-YGR, 2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) ................ 16

*Mendez v. Optio Sols., LLC*,
   219 F. Supp. 3d 1012 (S.D. Cal. 2016) ......................................... 14

*In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*,
   223 F. Supp. 3d 514 (N.D.W. Va. 2016) ......................................... 17

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*,
   149 F.3d 1086 (10th Cir. 1998) ................................................ 7

*Payton v. Kale Realty, LLC*,
   164 F. Supp. 3d 1050 (N.D. Ill. 2016) ......................................... 17

*United States ex rel. Reed v. KeyPoint Gov't Sols.*,
   923 F.3d 729 (10th Cir. 2019) ................................................. 24

*Rinky Dink, Inc. v. Elec. Merch. Sys.*,
   No. C13-1347-JCC, 2015 WL 778065 (W.D. Wash. Feb. 24, 2015) ................... 16

*Salmon v. CRST Expedited, Inc.*,
   No. 14-CV-0265-CVE-TLW, 2016 WL 47876 (N.D. Okla. Jan. 4, 2016) ........... 21, 22

*Selou v. Integrity Sol. Servs. Inc.*,
   No. 15-10927, 2016 WL 612756 (E.D. Mich. Feb. 16, 2016) ....................... 16

*Shero v. City of Grove*,
510 F.3d 1196 (10th Cir. 2007) .................................................................... 4

*Thomas v. Cash*,
423 P.3d 670 (Civ. App. Okla., Aug. 25, 2016) .......................................... 23

*Trumper v. GE Capital Retail Bank*,
2014 WL 7652994 (D.N.J. July 7, 2014) ...................................................... 19

*United States v. Botefuhr*,
309 F.3d 1263 (10th Cir. 2002) .................................................................... 3

*United States v. Dish Network, L.L.C.*,
667 F. Supp. 2d 952 (C.D. Ill. 2009) ............................................................ 10

*Walden v. Fiore*,
571 U.S. 277 (2014) ...................................................................................... 6

*In re White Elec. Designs Corp. Sec. Litig.*,
416 F. Supp. 2d 754 (D. Ariz. 2006) ............................................................ 6

**Statutes and Regulations**

21 Okla. Stat. §§ 1172(A)(2)-(A)(6) .............................................................. 23

15 U.S.C. §§ 6101 et seq. ............................................................................... 12

47 U.S.C. §§ 227et seq. ............................................................................ 13, 19

16 C.F.R. § 310 ........................................................................................ 11, 12

47 C.F.R. §§ 64.1200 et seq. .................................................................... 13, 19

47 C.F.R. § 64.1604(a) ................................................................................... 13

Fed. R. Civ. P. 4(k)(1)(A) ............................................................................... 3

Fed. R. Civ. P. 8(a)(2) .................................................................................... 9

Fed. R. Civ. P. 12(b) .......................................................................... 1, 3, 4, 24

Fed. R. Civ. P. 56 ........................................................................................... 24

Fed. R. Evid. 201(b)(2) ................................................................................... 6

S. Rep. No. 102-178 (1991) ........................................................................... 15

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Onvoy, LLC ("Onvoy"), respectfully moves to dismiss Plaintiff Anthony Trupia's ("Plaintiff") Petition for Civil Penalties, Permanent Injunction, Other Equitable Relief, ECF No. 1-1 (the "Petition") with prejudice for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

## I.     NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed suit against Onvoy and various other defendants in the District Court of Oklahoma County, Oklahoma on April 22, 2024. Plaintiff purports to allege thirteen counts, including: Counts I-IV listed under the heading "Violations of the Telemarketing Sales Rule" (Pet. ¶¶ 287–303); Counts V-IX listed under the heading "Violations of the Telephone Consumer Protection Act" (Pet. ¶¶ 304–313); and Counts X-XIII listed under the heading "Violations of Oklahoma Telemarketing Laws" (Pet. ¶¶ 314–333).

Onvoy was served on April 29, 2024. Defendant HLV Ventures ("HLV") filed a notice of removal on May 15, 2024 (DE 1), which Onvoy joined on May 20, 2024. (DE 4). Onvoy filed a Motion to Extend Time to Answer or Otherwise Respond seeking either a thirty-day extension or an extension to 14 days after the Court decided any motion to remand, (DE 23), which this Court granted. (DE 24). Plaintiff filed his Opposition to Motion to Dismiss, Motion for Expedited Discovery, and Motion to Remand on May 28, 2024. (DE 29). The Court struck this pleading on June 14, 2024. (DE 39). Onvoy now timely moves to dismiss.

## II.    FACTUAL BACKGROUND

Plaintiff alleges that he "has been harassed and abused by spam callers non-stop over the course of six months since he signed up for a lifeline government subsidized phone and phone service." Pet. ¶ 51. He alleges that in the "first four months" that he "recorded over 270 unsolicited phone calls and texts from a variety of fraudulent businesses." Pet. ¶ 51. Plaintiff further alleges that some unspecified defendants use techniques to conceal the actual number calling "to target active consumer phone lines." Pet. ¶ 52.

As to Onvoy, Plaintiff's sparse allegations include:

- HLV, Defendant World Harvest Church, Inc. ("World Harvest"), and Defendant South Bay Galleries LLC ("South Bay") "placed calls" through Onvoy. Pet. ¶¶ 123, 147, 156, 189.
- "ONVOY is a Voice over Internet Protocol ("VolP") service provider that spams many millions of calls and text messages across America for a variety of 'businesses' like HLV, WORLDHARVEST, and SOUTHBAY, most of which appear to be illegal and abusive as a course of business. ONVOY offers nothing of real value to the public." Pet. ¶ 186.
- "ONVOY's service was used to contact plaintiff via telephone on, November 20th, 2023, from 631-780-3303, January 19th, 24th, 25, and February 16th, 2024, to attempt to 'close' these unsolicited sales calls." Pet. ¶ 187.
- "ONVOY first initiated hundreds of preceding spoofed and snowshoed phone calls to plaintiff's telephone number in order to qualify his phone number as a valid lead, or contracted, assisted, or facilitated another party to do so for their financial benefit." Pet. ¶ 188.
- "On information and belief, ONVOY knew or consciously avoided knowing that the calls they were initiating violated the TSR, the TCPA, and Oklahoma state law." Pet. ¶ 190.

Plaintiff's petition includes other allegations against Onvoy, claiming that Onvoy "is in the business" of various practices that are not tied to any specific claim and relate to various purported online complaints against Onvoy, which have no apparent connection to Plaintiff's claims. Pet. ¶¶ 191–194.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(2) Standard

Under the Federal Rules of Civil Procedure, a federal district court may exercise "personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . or . . . when authorized by a federal statue." Fed. R. Civ. P. 4(k)(1)(A). Oklahoma law "permits the exercise of any jurisdiction that is consistent with the United States Constitution." *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (citation omitted). Accordingly, in Oklahoma, the decision of whether to exercise personal jurisdiction over a defendant "collapses into a single due process analysis under the Constitution." *Id.* (internal quotation marks and citation omitted).

"The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). There are two types of personal jurisdiction: "general" and "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Even if sufficient minimum contacts exist, courts "still consider whether the exercise of personal jurisdiction over defendant would offend traditional notions of 'fair play and substantial justice.'" *Intercon, Inc.*, 205 F.3d at 1247 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

## B. Rule 12(b)(6) Standard

Under Rule 12(b)(6), a complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Altstatt v. Bd. of Cnty. Comm'rs for Oklahoma Cnty.*, No. CIV-22-811-D, 2023 WL 6208550, at *2 (W.D. Okla. Sept. 22, 2023) (cleaned up). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

In *Twombly*, the Supreme Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." 550 U.S. at 545. In reviewing such a motion, "a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citation omitted). The Court must determine "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) (quotations omitted).

## IV. ARGUMENT

### A. Plaintiff's Claims against Onvoy Should Be Dismissed for Lack of Personal Jurisdiction.

From the outset, it is important to note that "[t]he plaintiff bears the burden of establishing personal jurisdiction." *Guadnola v. Hawaii Dep't of Educ.*, No. CIV-19-1114-G, 2021 WL 1093099, at *1 (W.D. Okla. Mar. 22, 2021). When Onvoy provides long-distance services, as are at issue in Plaintiff's claims, it acts as middleman or bridge in the telecommunications chain: it connects calls from an upstream telecommunications provider to other providers in the call.[1] *See* Ex. 1, Graham Decl. ¶ 4. Nowhere does Plaintiff allege that in performing this function, Onvoy interacted with the state of Oklahoma. Plaintiff's solitary jurisdictional allegation regarding Onvoy is that it "transact[s] business in Oklahoma City, OK, Chicago, IL, and throughout the rest of country, by telephone." Pet. ¶ 38. This conclusory allegation is insufficient to establish either general or specific jurisdiction over Onvoy.

### 1. Onvoy is not subject to general jurisdiction in Oklahoma.

General jurisdiction for a corporation exists where the corporation is considered to be "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014); *see also Allen v. Worldwide Flight Servs., Inc.*, No. CIV-20-971-SLP, 2021 WL 1821718, at *4 (W.D. Okla.

---

[1] For example, when a calling party makes a call, the call will be delivered to the calling party's originating provider; that provider could send the call to a carrier such as Verizon, who in turn could send the call to Onvoy. Onvoy, in its role as a common carrier and acting as a bridge, could then deliver the call to the terminating carrier (e.g., T-Mobile or AT&T Mobility). *See* Ex. 1, Graham Decl. ¶¶ 4-5.

Jan. 12, 2021) (applying *Daimler* and finding that the defendant was not at home in Oklahoma even though the defendant had operations in Oklahoma).

Plaintiff does not allege, nor could he, that Onvoy is incorporated in Oklahoma.[2] Pet. ¶ 31. Plaintiff alleges that Onvoy "operates out of Chicago, Illinois" and has a principal place of business in Illinois. Pet. ¶ 31. While this is incorrect, Plaintiff does not allege (nor can he) that Onvoy has sufficient "continuous and systematic" contacts to justify general jurisdiction in Oklahoma. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Therefore, jurisdiction can only be maintained if Onvoy is properly subject to specific jurisdiction within the state of Oklahoma.

## 2. Onvoy is not subject to specific jurisdiction based on Plaintiff's allegations.

As explained by the Supreme Court, specific jurisdiction requires that the suit "arise[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Calif.*, 137 S. Ct. 1773, 1779–80 (2017) (citation omitted). "In other words, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum [s]tate and is therefore

---

[2] Defendant Onvoy requests the Court take judicial notice of the fact that Onvoy is a Minnesota limited liability company. *See Form 8-K*, United States Securities and Exchange Commission (Feb. 10, 2017), https://www.sec.gov/Archives/edgar/data/1292653/000119312517037282/d349601d8k.htm. *see also* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *In re White Elec. Designs Corp. Sec. Litig.*, 416 F. Supp. 2d 754, 760 (D. Ariz. 2006) ("[J]udicial notice is appropriate for SEC filings . . . as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.") (citation and internal quotations omitted).

subject to the [s]tate's regulation." *Id.* (citation omitted). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

"First, [the court] must determine whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *World-Wide Volkswagen Corp.*, 444 U.S. at 297). "Within this inquiry [the court] must determine whether the defendant purposefully directed its activities at residents of the forum," *id.* (citing *Burger King Corp.*, 471 U.S. at 472), "and whether the plaintiff's claim arises out of or results from 'actions by the defendant *himself* that create a substantial connection with the forum state.'" *Id.* (quoting *Asahi Metal Indus. Co. v. Sup. Ct. of Cal.*, 480 U.S. 102, 109 (1987) (emphasis in original)). Purposeful direction "ensures that defendants will not be haled into court in foreign jurisdictions solely as a result of random, fortuitous, or attenuated contacts." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020) (internal quotation marks and citation omitted).

Plaintiff does not attempt to satisfy this analysis for specific jurisdiction, but instead relies on his sole allegation that Onvoy "transact[s] business in Oklahoma City, OK." Pet. ¶ 38. But this bare and conclusory allegation fails to show any connection between Onvoy transacting business in Oklahoma and any alleged harm suffered by Plaintiff. Even still, "merely interacting with a plaintiff 'known to bear a strong connection to the forum state' is not enough to establish jurisdiction." *C5 Med. Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1324 (10th Cir. 2019) (quoting *Rockwood Select Asset Fund XI (6)-1, LLC v.*

*Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014)).  Here, Plaintiff does not plead a strong connection with Oklahoma.

Even where ethe plaintiff has alleged that he received the calls in Oklahoma, courts have found that alone is not sufficient to warrant the exercise of personal jurisdiction over a defendant.  *See Guadnola v. Hawaii Dep't of Educ.,* No. CIV-19-1114-G, 2021 WL 1093099, at *3 (W.D. Okla. Mar. 22, 2021) ("Plaintiff asserts that he resides in Oklahoma, where the automated calls were allegedly received.  But this alone is insufficient to support a finding that the HDOE purposefully directed the automated phone calls to Oklahoma, as Plaintiff does not supply any facts indicating that the HDOE was aware or should have been aware of his Oklahoma residency.") (internal citations omitted).

Instead, cases focus on the conduct of the defendant.  *See Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1227 (10th Cir. 2021) ("Mr. Hood's uncontradicted assertion that AAC directs telemarketing calls at Colorado satisfied the purposeful-direction requirement."); *Braver v. Clear Sky Fin., LLC*, No. CIV-22-710-R, 2023 WL 5439224, at *2 (W.D. Okla. Aug. 23, 2023) ("Although Mr. Francisco oversees Clear Sky's business and he personally hired the vendor that made the calls, there are no facts showing that Mr. Francisco was personally involved in placing the calls, authorizing the calls, supervising the vendor's activities, crafting scripts for the calls, or ratifying the vendor's conduct.").  Here, Onvoy is an intermediary without insight into the content or purpose of the calls it receives from one carrier and then passes to other telecommunications carriers.  *See* Ex. 1, Graham Decl. ¶¶ 4-5.

Even assuming that the alleged calls were received in Oklahoma, which has not been pled, the alleged calls are fortuitous and are not sufficient to confer specific jurisdiction. Plaintiff does not (1) plead that Onvoy as an intermediate carrier, passed any calls directly to Plaintiff's phone line in Oklahoma (nor could he, as that is not the role of an intermediate carrier), or (2) identify other conduct by Onvoy aimed at Oklahoma. Plaintiff attempts to link Onvoy to the alleged spoofers, alleging that South Bay "placed the identified call on February 16th through VoIP provider ONVOY, LLC. ONVOY, LLC is the same provider used by HLV and WORLDHARVEST." Pet. ¶ 156. This is inaccurate. *See* Ex. 1, Graham Decl. ¶ 5. As such, Plaintiff has not pled that Onvoy has the minimum contacts with Oklahoma necessary to satisfy the first step of the specific jurisdiction analysis. Plaintiff's claims against Onvoy should be dismissed for lack of personal jurisdiction.

### B. Plaintiff's Petition Fails to Satisfy General Pleading Standards and Should Be Dismissed for Failure to State a Claim.

As argued in HLV's Motion to Dismiss ("HLV's Motion") (DE 20), Plaintiff fails to satisfy the requirements of Rule 8(a)(2) and provide fair notice of its claims. Plaintiff alleges each of his 13 claims against the numerous defendants named in his petition with minimal and conclusory facts stated as to each individual defendant. For the same reasons stated in HLV's Motion, (Section II B-D), Onvoy seeks dismissal of Plaintiff's complaint for failure to satisfy the requirements of Rule 8(a)(2). (DE 20 at 5-8). Onvoy further moves to dismiss each claim for the reasons described below.

Plaintiff alleges four Counts of violations of the Telemarketing Sales Rule ("TSR") against Onvoy. Pet. ¶¶ 287-303. Specifically, Plaintiff alleges that unidentified "sellers or telemarketers" violated the TSR by: (1) making false or misleading statements to induce Plaintiff to purchase overpriced scam products, Pet. ¶ 290; (2) denying Plaintiff's right to be placed on a registry of persons who do not wish to receive outbound calls, Pet. ¶ 295; (3) initiating calls to Plaintiff who stated he did not wish to receive outbound calls made by or on behalf of that seller, Pet. ¶ 299; (4) initiating outbound telephone calls that deliver a prerecorded message, Pet. ¶ 303.

As to each of these counts, Plaintiff alleges that Onvoy along with other defendants committed each violation by "providing substantial assistance or support to any seller or telemarketer" and that Onvoy along with the other named defendants "knew or consciously avoided knowing they or the telemarketers were engaged in an act that violated" the TSR. Pet. ¶¶ 288-89; *see also* Pet. ¶¶ 293-94; Pet. ¶¶ 297-98; Pet. ¶¶ 301-302. Plaintiff fails to plead adequate facts to support any allegation that Onvoy "provided substantial assistance or support" to any telemarketer let alone that Onvoy knew about any act that some unidentified sellers or telemarketers were engaged in that violated the TSR.

The Tenth Circuit has recognized that "the FTC's published guidance states, the substantial assistance standard will not be met if the third party provides only 'casual or incidental' help to the telemarketer." *F.T.C. v. Chapman*, 714 F.3d 1211, 1216 (10th Cir. 2013). "To constitute substantial assistance, there must be a connection between the

assistance provided and the resulting violations of the core provisions of the TSR." *United States v. Dish Network, L.L.C.*, 667 F. Supp. 2d 952, 961 (C.D. Ill. 2009). Plaintiff has not connected and, indeed, cannot connect any of the alleged violations of the TSR to Onvoy.

Additionally, Plaintiff states no facts to suggest that Onvoy knew or avoided knowing that telemarketers or sellers were engaged in conduct that violated the TSR. Plaintiff alleges that HLV, World Harvest, and South Bay "placed calls" through Onvoy. Pet. ¶¶ 123, 147, 156, 189. But even assuming that HLV, World Harvest, and South Bay are the unidentified telemarketers to which Plaintiff refers and that Onvoy was an intermediate carrier for those calls, Plaintiff alleges no facts to support any claim that (1) HLV, World Harvest, or South Bay violated the TSR or (2) Onvoy knew or even consciously avoided knowing that they were engaged in any conduct that violated the TSR.

Even setting aside that Plaintiff has not adequately pled that Onvoy made any calls, Plaintiff's claims fail because: (1) Plaintiff has not provided the notice required by the TSR and (2) Plaintiff has not alleged any actual damages as required under the statute. First, Plaintiff has not pled compliance with the mandatory notice requirement under the TSR. "Any private person who brings an action under that Act, must serve written notice of its action on the Commission, if feasible, prior to its initiating an action under this part." 16 C.F.R. § 310.7. "If prior notice is not feasible, the State or private person must serve the Commission with the required notice immediately upon instituting its action." *Id.* This requirement that must be satisfied prior to bringing a claim under the TSR. *Humana Pharmacy Sols., Inc. v. Michelin*, No. 20-81361, 2021 WL 3403950, at *10 (S.D. Fla. June 15, 2021) ("These requirements are mandatory, yet there is no indication that Plaintiffs

provided the requisite notice to the FTC prior to or shortly after initiating this action on August 20, 2020. . . . Accordingly, Count VI is subject to dismissal based on the failure to provide the required statutory and regulatory notice."). Plaintiff's claim should be dismissed for failure to provide the required notice.

Second, "[u]nder the [Telemarketing and Consumer Fraud and Abuse Prevention Act], a private person may bring an action in district court against one who assists in deceptive or abusive telemarketing acts, only if, inter alia, 'the amount in controversy exceeds the sum or value of $50,000 in actual damages for each person adversely affected by such telemarketing.'"[3] *Azeltine v. Bank of Am.*, No. CV 10-218-TUC-RCC, 2010 WL 6511710, at *7 (D. Ariz. Dec. 14, 2010), report and recommendation adopted, No. CV 10-218-TUC-RCC, 2011 WL 1465462 (D. Ariz. Apr. 18, 2011) (quoting 15 U.S.C. § 6104(a)). Plaintiff alleges that he is entitled to actual damages, Pet. ¶ 3, but does not allege that he incurred actual damages as required under the statute, and certainly does not allege any specific facts related to damages he alleges were caused by Onvoy. Specifically, as to the TSR, Plaintiff requests that the Court:

2. Enter judgment against all Defendants SPAM-CALLERS and assess civil penalties up to $50,000 for each violation of the TSR, and award Plaintiff such relief as the Court finds necessary to redress injury from said Defendants' violations of the TSR,

_____

[3] The requirement to allege actual damages that exceed $50,000 applies to the TSR. *Azeltine*, 2010 WL 6511710, at *7 ("Nor does Plaintiff's reliance on 16 C.F.R. § 310 save his claim. The regulations at 16 C.F.R. § 310 merely serve to 'implement[ ] the Telemarketing and Consumer Fraud and Abuse Prevention Act,' as codified at 15 U.S.C. §§ 6101 through 6108, and does not alter the actual damages requirement set forth in the statute for private causes of action.") (citations omitted).

including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies.

3. Enter a permanent injunction to prevent future violations of the TSR by all Defendants.

Pet. at 35. Given Plaintiff's failure to plead actual damages as required under the statute, Plaintiff cannot state a claim under the TSR, and his claim must be dismissed as a matter of law. *See Grijalva v. Kevin Mason, P.A.*, No. 8:18-cv-02010, 2020 WL 2562825, at *8 (C.D. Cal. Apr. 10, 2020) (dismissing plaintiff's claim for failure to adequately plead damages under the TSR); *see also Buja v. Novation Cap., LLC*, No. 15-81002-CIV, 2016 WL 11501766, at *2 (S.D. Fla. Aug. 23, 2016) (denying plaintiff's motion for leave to file a second amended complaint as to his TSR claim because Plaintiff had not alleged any actual damages).

### D.    Plaintiff Fails to Plead a Cognizable Theory of Liability against Onvoy under the TCPA (Counts V–IX).

Plaintiff has not and cannot state claims for TCPA violations against Onvoy. In counts V, VI, VII, VIII & IX, Plaintiff attempts to argue that Onvoy violated various provisions of the TCPA. Specifically, Plaintiff argues that Onvoy and other defendants violated (1) 47 C.F.R. § 64.1200(c)(2) and 47 U.S.C. § 227(c) by "initiating telephone solicitations" to those "whose telephone numbers were listed on the National Do Not Call Registry and subscribers that have requested to stop receiving calls" (Count V); (2) 47 C.F.R. §§ 64.1200(a)(3), 64.1200(a)(1)(iii), 64.1200(b)(1) and 47 U.S.C. §§ 227(b)(l)(B), 227(b)(1)(A)(iii), 227(d)(3)(A) by "initiating telephone calls . . . using artificial or

prerecorded voices" to residential and cell phone lines and without disclosure (Counts VI, VII & VIII); and (3) 47 C.F.R. § 64.1604(a) and 47 U.S.C. § 227(e)(1) by "initiating telephone calls and, with the intent to defraud, cause harm, or wrongfully obtain anything of value, knowingly caused, directly or indirectly, caller identification services to transmit or display misleading or inaccurate caller identification" (Count IX). Pet. ¶¶ 304-313.

Plaintiff has not made any particularized allegations regarding Onvoy's actions. Plaintiff includes Onvoy in generalized and conclusory paragraphs that make no mention of any action specifically taken by Onvoy to commit TCPA violations. *See* Pet. ¶¶ 304-313. As noted above, these allegations fail to meet the federal pleading standard and should be dismissed. *See Iqbal*, 556 U.S. at 684 (quoting *Twombly*, 550 U.S. at 570). Plaintiff's TCPA claims fail for three additional reasons noted below.

### 1. Plaintiff cannot establish direct liability against Onvoy under the TCPA.

First, courts require some level of detail in order to allege a TCPA violation. *See Chapman v. Nat'l Health Plans & Benefits Agency, LLC*, 619 F. Supp. 3d 788, 796 (E.D. Mich. 2022) (noting that courts require "plaintiffs to provide some details" in describing a prerecorded message and sufficient information to give rise to the reasonable belief that an ATDS was used); *Mendez v. Optio Sols., LLC*, 219 F. Supp. 3d 1012, 1015–16 (S.D. Cal. 2016) ("The failure to include some information to assist Optio in identifying potentially relevant calls renders Mendez's TCPA claims just shy of a plausible entitlement to relief that cannot be cured through the discovery process.") (citation and internal quotation marks omitted)). Plaintiff's only detailed allegation regarding the alleged calls and Onvoy is that

Onvoy's "service was used to contact plaintiff via telephone on, November 20th, 2023, from 631-780-3303, January 19th, 24th, 25, and February 16, 2024, to attempt to 'close' these unsolicited sales calls." Pet. ¶ 187. This allegation is insufficient to state a claim for liability under the TCPA.

Under the TCPA, direct liability only applies when someone physically "makes" or "initiates" a telephone call. *See, e.g., Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018); *Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014); *see also In re Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6582 ¶ 24 (2013) ("[A] seller is not directly liable for a violation of the TCPA unless it initiates a call . . . ."). "Initiating" a telephone call means that the entity "takes the steps necessary to physically place a telephone call." *Cunningham v. Lifestyles Dev., LLC*, No. 19-CV-0006, 2019 WL 4282039, at *3 (E.D. Tex. Aug. 8, 2019) (citing *Dish Network, LLC*, 28 FCC Rcd. at 6583). Congress never intended to impose direct TCPA liability upon entities like Onvoy, which, in its capacity as a common carrier, merely transmits calls from one entity in the call chain to another entity in the chain.

The legislative history of the TCPA makes clear that the statute is not intended to target an entity that merely transmits the call: "The regulations concerning the use of these machines apply to the persons initiating the telephone call or sending the message and do not apply to the common carrier or other entity that transmits the call or message and that is not the originator or controller of the content of the call or message." S. Rep. No. 102-178, at 9 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1977; *see also* Remarks of Sen. Hollings, 137 Cong. Rec. S. 18785 (November 27, 1991) ("It is not our intention that a

carrier should be held liable for transmitting over the carrier's network any call or message in violation of this legislation made by an entity other than the carrier . . . . [C]arriers should not be responsible for the content delivered over their networks."). Onvoy is precisely the type of carrier the legislative history makes clear cannot be liable since it does not originate or control the content of any call or message.

Plaintiff even acknowledges that other entities used Onvoy's platform to make the alleged phone calls at issue, meaning that Onvoy did not initiate any phone call. *E.g.* Pet. ¶ 194 ("ONVOY is a VoIP provider to companies."). Simultaneously, Plaintiff attempts to allege that Onvoy "initiated" the phone calls, with no further detail provided. *E.g.* Pet. ¶¶ 188, 193. These two sets of allegations cannot both be true. Further, these purposefully vague allegations are insufficient to plausibly state a claim: Plaintiff alleges no plausible facts to suggest Onvoy had any control over any of the alleged calls. Absent plausible allegations that Onvoy controls the content of the calls or to whom or when the calls are made (which Plaintiff cannot make here since Onvoy is merely a common carrier acting as a bridge between other phone providers), an entity that does not originate the calls cannot be liable for "making" those calls under the TCPA. *See, e.g.*, *Clark v. Avatar Techs. PHL, Inc.*, No. H-13-2777, 2014 WL 309079, at *3 (S.D. Tex. Jan. 28, 2014) (granting motion to dismiss by telecommunications carrier on grounds that TCPA did not impose liability on a carrier whose systems were used to make an unlawful call or message); *Adzhikosyan v. Callfire, Inc.*, No. CV 19-246 PSG, 2019 WL 7856759, *3 (C.D. Cal. Nov. 20, 2019) (same); *Selou v. Integrity Sol. Servs. Inc.*, No. 15-10927, 2016 WL 612756, *5 (E.D. Mich. Feb. 16, 2016) (same); *Meeks v. Buffalo Wild Wings, Inc.*, No. 17-cv-07129-

YGR, 2018 WL 1524067, *5 (N.D. Cal. Mar. 28, 2018); *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. C13-1347-JCC, 2015 WL 778065, *9 (W.D. Wash. Feb. 24, 2015) (granting summary judgment in favor of carrier on grounds that TCPA did not impose liability on a carrier whose systems were used to make an unlawful call or message); *Kauffman v. CallFire, Inc.*, 141 F. Supp. 3d 1044, 1047–48 (S.D. Cal. 2015) (same); *Payton v. Kale Realty, LLC*, 164 F. Supp. 3d 1050, 1053–55, 1058–61 (N.D. Ill. 2016) (same).

## 2. Plaintiff cannot establish vicarious liability against Onvoy under the TCPA.

Plaintiff suggests that even if Onvoy did not initiate the phone calls, Onvoy could be liable because it "assisted and facilitated in, or contracted with a third party for the initiation of calls." Pet. ¶ 193. This theory fails as Plaintiff has alleged no facts to support a theory that Onvoy acted as an agent of or held some type of control over any other defendant. Vicarious liability, in the context of the TCPA, requires a plaintiff to establish "an agency relationship" between two parties. *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), *aff'd*, 136 S. Ct. 664 (2016). An agency relationship is akin to a "fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control." *See Dish Network, LLC*, 28 FCC Rcd. at 6586 (quoting Restatement (Third) of Agency § 1.01 (2006)). Under the TCPA, courts have widely recognized vicarious liability cannot attach without the "essential ingredient" of control. *See, e.g.*, *Jones v. Royal Admin. Svcs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018); *see also In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 223 F. Supp. 3d 514, 520

(N.D.W. Va. 2016), *aff'd sub nom. Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual agency [for vicarious TCPA liability], the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was conducted.") (citation omitted).

Plaintiff has not, and cannot, allege any control between Onvoy and any other defendant or unnamed party to support a claim for vicarious TCPA liability. Plaintiff's allegations, with respect to TCPA liability, are grounded in the alleged presence of Onvoy in the telecommunications call chain, acting as one of many providers of VoIP services. *See* Pet. ¶¶ 187, 193-94. Other than alleging that Onvoy was potentially "assist[ing] or facilitat[ing] in, or contract[ing] with a third party for the initiation of calls," Pet. ¶ 193, Plaintiff offers no allegations to support a vicarious liability argument. With no identifiable relationship between Onvoy and the other defendants—much less the agency relationship required to demonstrate vicarious liability—and no allegations that Onvoy has any control over the message, sending or is otherwise so involved in any call made by those entities, Plaintiff's theory of vicarious liability as to Onvoy fails unambiguously.

### 3. Plaintiff failed to plead that Onvoy used artificial or pre-recorded voice in violation of the TCPA.

Regardless of Plaintiff's theory of liability, Plaintiff's Petition also fails to state a cognizable TCPA claim in Counts VI, VII, & VIII because Plaintiff pleads no specific facts supporting his allegations that any calls to him were made using an artificial or prerecorded

voice. Further, Plaintiff offers no specific facts whatsoever to suggest Onvoy used artificial or prerecorded voice.

Counts VI, VII, & VIII, by their plain language, require Plaintiff to prove that Onvoy used "artificial or prerecorded voices." *See* 47 C.F.R. §§ 64.1200(a)(3), 64.1200(a)(1)(iii), 64.1200(b)(1); 47 U.S.C. §§ 227(b)(l)(B), 227(b)(1)(A)(iii), 227(d)(3)(A). Plaintiff makes one singular, conclusory allegation that Onvoy used artificial or prerecorded voices but with no details regarding the calls, including date and time, or how Plaintiff was informed that an artificial or prerecorded voice was in use. *See* Pet. ¶ 193 ("ONVOY initiated calls, or assisted and facilitated in, or contracted with a third party for the initiation of calls to residential and/or cellular lines using artificial or prerecorded voices or text messages to deliver messages without prior express consent of the recipient."). Plaintiff offers no details as to how Onvoy, the VoIP provider in the middle of the call chain, made use of or caused an artificial or prerecorded voice to play. Counts VI, VII, & VIII should be dismissed for these reasons. *See Trumper v. GE Capital Retail Bank*, 2014 WL 7652994, at *2 (D.N.J. July 7, 2014) (dismissing where plaintiff plead no facts suggesting the voice on the other end of the line was prerecorded); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015) (dismissing where plaintiff had "'not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone'") (quoting *Aikens v. Synchrony Fin.*, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015)).

### E. Each of Plaintiff's Claims Based on Oklahoma Law Fails (Counts X-XIII).

#### 1. Plaintiff does not allege facts sufficient to state a claim under the Oklahoma Telephone Solicitation Act (Counts X-XI).

Plaintiff fails to allege facts sufficient to state a claim under the Oklahoma Telephone Solicitation Act ("OTSA"). Plaintiff alleges two counts of violation of the OTSA. First, Plaintiff alleges that all defendants "used an autodialer in violation of §15-775C.3. A . . . ." Pet. ¶ 314. Plaintiff fails to allege sufficient facts to state a claim for a violation of 15-775C.3. A. Plaintiff alleges that "[m]any of the alleged calls and texts were made by using an automated dialing-announcing device." Pet. ¶ 229. Plaintiff further alleges that "[u]pon information and belief, hundreds of calls were made using an automatic dialing-announcing device(s) to plaintiff and/or disseminated prerecorded voice messages or text messages." Pet ¶ 259. The Petition includes no facts to support these conclusory allegations. Further, Plaintiff's allegations specific to Onvoy contain no support for any argument that Onvoy used automated dialing or was otherwise involved in any auto-dialed calls. *See* Pet. ¶¶ 186-205. Accordingly, Plaintiff has not alleged facts sufficient to state a claim for a violation of 15-775C.3. A.

Likewise, Plaintiff alleges that all Defendants use "'Call Spoofing' technology to deliberately display different caller identification numbers than the number the calls are originating from to conceal the true identity of the callers in violation of §15-775C.3. B." Pet. ¶ 318. Plaintiff makes a sweeping allegation that "Onvoy first initiated hundreds of preceding spoofed and snowshoed phone calls to plaintiff's telephone number in order to

qualify his phone number as a valid lead . . . ." Pet. ¶ 188. However, Plaintiff states no specific facts to support this conclusory allegation that any call was spoofed or that Onvoy was involved in carrying any spoofed calls.

Plaintiff attempts to describe spoofing, Pet. ¶ 52, but admits that "[t]here is no way to determine which parties placed which and each of the hundreds of spoofed and snowshoed phone calls made to plaintiff's phone, and no legal reason it is plaintiff's responsibility to determine." Pet. ¶ 105. Plaintiff admittedly has no facts to support his claim that Onvoy used "call spoofing technology" to display another number in violation of the OTSA. Plaintiff's OTSA claim based on spoofing should be dismissed.

### 2. Plaintiff fails to plead facts to support an intrusion upon seclusion claim.

Plaintiff's claim for intrusion upon seclusion likewise fails. In Oklahoma, intrusion upon seclusion is part of the general tort of invasion of privacy and has two elements: "(a) a nonconsensual intrusion (b) which was highly offensive to a reasonable person." *Gilmore v. Enogex, Inc.*, 878 P.2d 360, 366 (Okla. 1994). This tort has a high bar that Plaintiff cannot clear. First, Oklahoma courts have relied on the Restatement, which requires the intrusion to be "a substantial one, of a kind that would be highly offensive to the ordinary reasonable man." *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016) (quoting Restatement (Second) of Torts § 652B cmt. d (1977)). Second, "[t]his tort is not available for every intrusion upon a person's privacy, and the Oklahoma Supreme Court has noted that 'there is simply no room in the framework of our society for permitting one party to sue on the event of every intrusion

into the psychic tranquility of an individual.'" *Id.* (quoting *Munley v. ISC Fin. House, Inc.*, 584 P.2d 1336, 1338 (Okla. 1978)) (alterations accepted). Further, intrusion upon seclusion requires allegations that the defendant's conduct was intentionally intrusive. *Carr v. Oklahoma Student Loan Auth.*, No. CIV-23-99-R, 2023 WL 6929853, at *6 (W.D. Okla. Oct. 19, 2023).

Other than bald conclusory assertions, the Petition is devoid of particularized allegations to support a claim for intrusion upon seclusion, and the claim should be dismissed for failing to meet the federal pleading standard. *See Iqbal*, 556 U.S. at 684 (quoting *Twombly*, 550 U.S. at 570). Plaintiff does not plead any facts to show that Onvoy caused the alleged phone calls that constitute the basis of his intrusion upon seclusion claim. *See* Pet. ¶¶ 95-95, 323-327. Plaintiff's intrusion upon seclusion claim makes no specific mention of Onvoy: the Petition is devoid of any particularized allegations regarding Onvoy's alleged intrusion upon his seclusion, and fails to allege any facts showing Onvoy engaged in intentional conduct. *See id.* In *Salmon*, the Northern District of Oklahoma dismissed a similar claim where plaintiff failed to allege that the defendant was responsible for any of the calls. *Salmon*, 2016 WL 47876, at *5. The court stated that "the allegations of the amended complaint do not support an inference that [defendant] had any responsibility for the calls received by plaintiff. Even if plaintiff viewed the calls as an invasion of privacy, he must sufficiently allege that the defendant actually committed an intrusive act." *Salmon*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5. The Court should dismiss Count XII as it relates to Onvoy.

### 3. Plaintiff fails to allege adequate facts to support a claim that Onvoy violated Okla. Stat. § 21-1172.

Oklahoma Statute § 21-1172 bars "[o]bscene, threatening or harassing telecommunication or other electronic communications." Pet. ¶¶ 328-33. Plaintiff does not specify which subsection of § 1172 he brings this claim under, but quotes subsections 2 through 6 in the Petition. *Id.* Each of the subsections quoted by Plaintiff requires a showing of intent or knowledge coupled with making a telecommunication or other electronic communication. 21 Okla. Stat. §§ 1172(A)(2)-(A)(6).[4] As explained above, Plaintiff has not adequately alleged that Onvoy made any phone calls to him. Additionally, Plaintiff has not made any plausible allegation whatsoever regarding Onvoy's intention or knowledge, and has certainly not alleged that Onvoy intended to "terrify, intimidate or harass, or threaten to inflict injury or physical harm," or "to put the party called in fear of physical harm or death" or "to annoy, abuse, threaten, or harass" Plaintiff. *Id.; see also Thomas v. Cash*, 423 P.3d 670, 676 (Civ. App. Okla., Aug. 25, 2016) (dismissing claim under § 1172 where "[n]either of the adult Plaintiffs claimed to be fearful or to have experienced threats of physical harm or substantial emotional upset."). The Court should dismiss Count XIII as it relates to Onvoy.

---

[4] Oklahoma Statute § 21- 1172(A)(2) requires "intent to terrify, intimidate or harass, or threaten to inflict injury or physical harm to any person or property of that person." Subsection (A)(3) requires "intent to put the party called in fear of physical harm or death." Subsection (A)(4) requires intent to annoy, abuse, threaten, or harass any person at the called number." Subsection (A)(5) requires the defendant to "knowingly permit[]" telecommunications under a defendant's "control . . . to be used for any purpose prohibited by this section." Subsection (A)(6) requires "conspiracy . . . solely to harass any person at the called number(s)."

F.  **This Motion Is Ripe for Treatment as a Motion for Summary Judgment.**

Alternatively, this Court should grant summary judgment in favor of Onvoy under Rule 56 of the Federal Rules of Civil Procedure. Onvoy's attached declaration establishes Onvoy's position as an intermediate carrier that does not initiate calls. Ex. 1, Graham Decl. ¶¶ 4-5. Accordingly, this case is ripe for dismissal whether treated as a motion to dismiss or summary judgment motion. *See United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 753 (10th Cir. 2019) ("When a district court relies on material outside the complaint to resolve a Rule 12(b)(6) motion, it ordinarily must convert that motion 'into a motion for summary judgment.'") (quoting *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005); *see also* Fed. R. Civ. P. 12(d)). Additional discovery or development of this case is unnecessary to resolve the claims against Onvoy because the attached declaration dispositively establishes that Onvoy was simply acting as an intermediate carrier.

V.  **CONCLUSION**

For the foregoing reasons, the Court should grant Onvoy's motion and dismiss Plaintiff's claims against it with prejudice.

Dated: June 26, 2024

Respectfully submitted,

*/s/ Nicholas V. Merkley*
Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
Email NMerkley@Gablelaw.com
   GDemilio@Gablelaw.com

 and

Shawn D. Golden, OBA #21431
Heidi Rasmussen, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
shawn.golden@morganlewis.com
heidi.rasmussen@morganlewis.com

Ezra D. Church, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
ezra.church@morganlewis.com

*Attorneys for Onvoy, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing and served on the following via First-Class United States Mail:

> Anthony Trupia
> 605 SE 21st St.
> Oklahoma City, OK 73129

*/s/ Nicholas V. Merkley*
Nicholas V. Merkley