# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

        Plaintiff,

v.

HERITAGE HARD ASSETS LLC, *et al.*,

        Defendants.

Case No. CIV-24-498-SLP

---

**DEFENDANT TELNYX, LLC'S MOTION TO DISMISS
PLAINTIFF'S PETITION AND BRIEF IN SUPPORT**

---

Brooks A. Richardson, OBA No. 18133
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
Email    brichardson@Gablelaw.com

*Attorney for Telnyx, LLC*

## INTRODUCTION

To open and enter through the courthouse doors, a plaintiff must provide, *inter alia*, "a short and plain statement of [his] claim showing [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Anthony Trupia's Petition provides anything but. Trupia offers a 333-paragraph, 13-claim screed laden with grievances and irrelevances and leveled against more than 20 named defendants and ***100*** unnamed "Does." Trupia hardly bothers to actually allege who did what to whom. Instead, he hurls himself headlong into what he admits is the latest installment in his lawsuit-driven crusade against telemarking businesses.

Trupia is *pro se*, so he gets some grace on things like formatting. But Trupia is subject to the same rules and procedures as the rest of the parties in this case—and represented litigants more generally. Likewise, what Trupia ***does not*** get a break on is the law. And that law dooms his suit against Telnyx.

*First*, Trupia has not alleged sufficient facts to establish this Court has personal jurisdiction over Telnyx. By Trupia's own allegations (and Telnyx's corporate disclosure), Telnyx is not an Oklahoma citizen, so it is only subject to this Court's authority if (1) it reached out to Oklahoma, and (2) Trupia's claims arise out of or relate to those acts of reaching out. Nothing in the Petition demonstrates these foundational requirements; on the contrary, if the Petition shows anything, it is that Telnyx ***did not*** reach out to Oklahoma. That is enough to dismiss Telnyx from this case.

*Second*, Trupia has not adequately pleaded a claim under *Twombly* and *Iqbal*. Here, the number of paragraphs in Trupia's Petition is inversely proportional to the clarity of his filing. Add to that the fact that Trupia oftentimes relies on collective allegations that fail to

give Defendants, Telnyx included, fair notice of the claims against them and the grounds on which they rest. Trupia must state a plausible claim to get past the pleading stage, and he simply has not done that with his current Petition. The Court should dismiss for this failure, too. Alternatively, if the Court believes Trupia can fix his deficient pleading through amendment, Telnyx would request the Court require him to plead a more definite statement under FED. R. CIV. P. 12(e).

Lastly, a housekeeping matter. Telnyx's co-defendants, HLV Ventures LLC, and Onvoy, LLC, have already moved to dismiss Trupia's Petition under Rules 12(b)(2) & (6). *See* Docs. 20, 58. These defendants' arguments apply with equal force to Telnyx. Indeed, Telnyx is similarly situated to Onvoy, as both are alleged to be VoIP service providers. Accordingly, in the interests of efficiency, and to avoid littering this Court's docket with duplicative filings, Telnyx will cite and refer to these motions below and will strive to avoid repeating arguments and authorities HLV and Onvoy have already brought to this Court's attention. Given the numerous, represented defendants in this matter, Telnyx believes that is the prudent course.

For the reasons set forth below, Telnyx moves this Court to dismiss it from this case.

**BACKGROUND**

The Court takes as true Trupia's well-pleaded, factual averments. *See, e.g.*, *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017); *see also Forest Guardians v. Forsgren*, 478 F.3d 1149, 1152 (10th Cir. 2007) ("We accept the factual allegations of the . . . complaint as true but owe no such allegiance to its legal conclusions."). Determining what counts as a "well-pleaded" or "factual" averment entitled to credence is not a

straightforward task here because Trupia's Petition is—to put it delicately—messy. To make matters worse, few, if any, of the allegations (well-pleaded or not) within the Petition name Telnyx.

Trupia identifies Telnyx as a "VoIP Service Provider[]" operating out of Chicago, Illinois. Doc. 1-1 at 4 & ¶ 24.[1] He goes on to allege Telnyx was involved in only one incident relevant to his claims. On February 7, 2024, Heritage Hard Assets LLC (another Defendant and VoIP business) "contacted [Trupia] via telephone" from the number "561-941-9685" in an attempt to "'close' one of [its] unsolicited sales calls." *Id.* ¶¶ 107–09. This February 7th call was purportedly "placed . . . through VoIP provided TELNYX LLC." *Id.* ¶ 111. Trupia does not specify where this call took place (either his location in receiving it or from where the call originated).[2]

Beyond these specific allegations, Trupia's pleading is frenetic and generic. In broad strokes, Trupia—who admits he's "very litigious" and has "advertised" this fact "across . . . social media"—claims he's "been harassed and abused by spam callers non-stop over the course of six months since he signed up for a Lifeline government subsidized phone and phone service." Doc. 1-1, ¶¶ 51, 53–54. When these calls connect, the caller is typically

---

[1] Trupia names several alleged officers of Telnyx as Defendants, but to the best of Telnyx's knowledge, none of these individuals have been served.

[2] Trupia largely repeats these allegations in Paragraphs 163–70 of the Petition. As with Heritage, Trupia also cursorily alleges Telnyx "[i]nitiated hundreds of preceding spoofed and snowshoed phone calls to [his] telephone," though he does not specify how, where, or when this happened. *See* Doc. 1-1, ¶ 163. Trupia also includes several paragraphs about Telnyx's alleged business practices that are irrelevant to this case, as they do not describe conduct directed at him. *See id.* ¶¶ 172–78.

looking for a "Howard Ship," who is not Trupia. *See id.* ¶ 54(b). Trupia includes a number of allegations directed at the undifferentiated "Spam-Callers"—an unhelpful catch-all that includes all Defendants in this action. *See id.* ¶¶ 224–66 (complaining, essentially, about robocalls). For the indignities he contends he has suffered, Trupia brings various federal and state-law claims. *See id.* ¶¶ 287–333 (bringing claims under the Telemarking and Consumer Fraud and Abuse Prevention Act, the Telemarketing Sales Rule, and the Telephone Consumer Protection Act, along with state-law tort theories); *see also id.* at 35–36 (seeking penalties, damages, and injunctive relief).

## ARGUMENTS AND AUTHORITIES

Telnyx should be dismissed from this case because the Court does not have personal jurisdiction over it, and Trupia fails to state a plausible claim against it.

### A. THIS COURT LACKS PERSONAL JURISDICTION OVER TELNYX.

#### 1. Legal Standards.

Trupia, as Plaintiff, bears the burden of establishing personal jurisdiction over the non-resident Telnyx. *See, e.g.*, *Eighteen Seventy, LP v. Jayson*, 32 F.4th 956, 964 (10th Cir. 2022); *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 839 (10th Cir. 2020). As part of that burden, Plaintiff must establish jurisdiction for **each** claim asserted. *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1228 (10th Cir. 2020) (personal jurisdiction must be made "with respect to each of the claims alleged").

Where a court decides a Rule 12(b)(2) motion based on the complaint, a plaintiff must make a *prima facie* showing that jurisdiction exists. *See Eighteen Seventy*, 32 F.4th at 964; *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998).

In determining whether Plaintiff has done so, the Court "accept[s] as true the well-pleaded ('that is, plausible, non-conclusory, and non-speculative') facts alleged in the complaint, unless they are controverted by sworn statements." *XMission*, 955 F.3d at 836 (citations omitted); *see also Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011); *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

### 2. Substantive Law Governing the Personal Jurisdiction Analysis.

Because the federal statutes and regulations grounding many of Trupia's claims "do[] not, by [themselves], confer nationwide service of process or jurisdiction upon federal district courts to adjudicate claims," this Court's jurisdictional analysis begins with Rule 4(k)(1)(A). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 n.2 (1st Cir. 2016) (federal court's role in federal question case "is the functional equivalent of a state court sitting in the forum state" (citation omitted)). That Rule holds that service of process establishes personal jurisdiction over a defendant "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(k)(1)(A); *see, e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."). And because Oklahoma's long-arm statute authorizes personal jurisdiction to the limits of the Due Process Clause, this Court's personal jurisdiction analysis "collapses into [a] single due process inquiry," *Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 613 (10th Cir. 2012); *see also Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013), which asks

if a defendant has "minimum contacts" with Oklahoma, *Dudnikov*, 514 F.3d at 1070 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Contacts-based jurisdiction can be general or specific, but only the latter is relevant here.[3] Specific jurisdiction turns on a three-step analysis:

(1) did Telnyx "reach out" to Oklahoma, the forum state?;

(2) do Trupia's claims arise from or relate to Telnyx's alleged acts of reaching out (*i.e.*, its forum contacts)?; *and*

(3) would exercising personal jurisdiction over Telnyx offend traditional notions of fair play and substantial justice?

*See Newsome*, 722 F.3d at 1264.

At step one, a defendant must "'purposefully direct[]' its activities" at the forum state to "reach out." *Dudnikov*, 514 F.3d at 1071 (citation omitted). This requirement "'ensures that a defendant will not be subject to the laws of a jurisdiction solely as a result

---

[3] A defendant is not subject to general personal jurisdiction absent forum contacts so "'continuous and systematic' as to render [it] essentially at home [there]." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For a corporate defendant, the paradigmatic "general jurisdiction" fora are its place of incorporation and its principal place of business (*i.e.*, its nerve center). *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358–59 (2021); *see also Avus Designs, Inc. v. Grezxx, LLC*, 644 F. Supp. 3d 963, 978–82 (D. Wyo. 2022) (applying this analysis to an LLC). Telnyx is a non-resident defendant: Trupia alleges its principal place of business is in Illinois, Doc. 1-1, ¶ 24, and Telnyx's corporate disclosure establishes that its sole member is a Delaware corporation, Doc. 18. Thus, precedent dictates it is not amenable to general jurisdiction in Oklahoma. *See also* Doc. 58 at 5–6 (demonstrating Onvoy—an out-of-state VoIP like Telnyx, is not subject to general personal jurisdiction in Oklahoma). Nor does Trupia include anything in his Petition suggesting this is an "exceptional case" where a defendant's operations in a particular forum are "so substantial and of such a nature as to render [it] at home [there]." *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citation omitted). To the extent Trupia (foolhardily) asserts general jurisdiction, Telnyx will address this in reply.

of random, fortuitous, or attenuated contacts,' 'the unilateral activity of another party or a third person,' or the mere foreseeability that its actions may cause injury in that jurisdiction." *XMission*, 955 F.3d at 840–41 (citations omitted); *see Walden*, 571 U.S. at 284–86 (a defendant's contacts must create "a substantial connection with the forum State" itself, not "with persons who reside there").[4] Under step two, the plaintiff's claims must "arise out of or relate to" defendant's acts of reaching out to support specific jurisdiction. *See Hood v. Am. Auto Care, LLC*, 21 F.4th 1216, 1222–24 (10th Cir. 2021). "Arises out of" imposes a "causal test," while "relates to" allows jurisdiction where a plaintiff's claims stem from the "type of activity" the defendant purposefully directs at the forum (even if the precise activity giving rise to the claims was not "directed at forum residents"). *See id.* at 1223–24 (citing *Ford Motor*, 592 U.S. at 361–62, 364–67 & n.5). At bottom, the "'essential foundation' of specific jurisdiction" is "a strong 'relationship among the defendant, the forum, and the litigation.'" *Ford Motor*, 592 U.S. at 365–66.[5]

---

[4] In the tort context, the Tenth Circuit applies a three-part test derived from *Calder v. Jones*, 465 U.S. 783 (1984) to determine if a defendant has "purposefully directed" its activities at the forum. *See, e.g., Dudnikov*, 514 F.3d at 1072; *see also Eighteen Seventy*, 32 F.4th at 966–67 & n.9. This "*Calder* effects test" requires three things: (a) an intentional action by the defendant (b) "expressly aimed at the forum state" (c) with defendant's "knowledge that the brunt of the injury" will be felt in the forum. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 907–08 (10th Cir. 2017) (citation omitted). The Petition contains no allegations showing Telnyx "purposefully directed" ***any*** activity at Oklahoma, related or not to this litigation. Thus, Trupia plainly cannot satisfy these *Calder*-based elements.

[5] Even if steps one and two are "satisfied," a defendant "can still escape jurisdiction by establishing that it would be incompatible with traditional notions of fair play and substantial justice." *Hood*, 21 F.4th at 1222. The court considers five factors in analyzing step three, including "the burden on the defendant" and "the forum state's interest in resolving the dispute." *Id.* at 1227 (citation omitted).

### 3. Telnyx Does Not Have "Minimum Contacts" with Oklahoma.

Here, Trupia stumbles at step one. The Petition lacks *any* allegations showing Telnyx reached out to Oklahoma *qua* forum, which is a necessary (though not sufficient), threshold requirement for personal jurisdiction. Indeed, Trupia does not even allege he is an Oklahoma resident or was in Oklahoma when he received these unwanted calls. The Petition, then, not only fails to show Telnyx purposefully availed itself of Oklahoma—it does not even show Oklahoma is relevant to Trupia's case at all.

The closest Trupia comes to showing an act of "reaching out" is in claiming that *Heritage* used Telnyx's VoIP service to place a call to him on February 7, 2024. Pet. ¶¶ 107–09, 111. But this call cannot shoulder Trupia's burden. To start, "legion" cases hold that "the unilateral activity of another party is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Dudnikov*, 514 F.3d at 1073–74 (citations omitted). Yet that's the thrust of Trupia's allegations: Heritage used a service provided by Telnyx to contact Trupia, rather than *Telnyx* targeting Trupia. That's far from the intentional conduct needed to show a defendant reached out to the forum. *Cf.* Doc. 58 at 5 (noting VoIPs like Telnyx and Onvoy "act[] as middlem[en] or bridge[s] in the telecommunications chain," rather than "interact[]" directly with Oklahoma).

Further, personal jurisdiction is a *forum*-focused, not a *plaintiff*-focused inquiry. Trupia cannot rely on his mere presence in Oklahoma (if, indeed, that is where he was on February 7th) or even any alleged "injuries" suffered there to carry his burden. *See Walden*, 571 U.S. at 289–90 ("[M]ere injury to a forum resident is not a sufficient connection to the

forum. . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."); *Shrader*, 633 F.3d at 1244 (noting a plaintiff "resid[ing] in the forum[] and suffering . . . harm there[] will not alone support jurisdiction" and outlining the circuit's "restrictive approach" to tort-based personal jurisdiction analysis, which holds that "the forum state itself," rather than a forum resident, "must be the focal point of the tort" (emphasis omitted)); *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 750 F.3d 1178, 1180 (10th Cir. 2014) ("[P]ersonal jurisdiction cannot be based on interaction with a plaintiff known to bear a strong connection to the forum state."); *see also* Doc. 58 at 7–8 (noting that "mere[] interacti[on]" with a forum resident "is not enough to establish jurisdiction (citation omitted)). Isolated and discrete contacts with a forum resident do not demonstrate purposeful availment. *See Dental Dynamics*, 946 F.3d at 1230–32.

Lastly, even assuming the February 7th phone call is an intentional act of reaching out to Oklahoma by Telnyx (**which it is not**), that **still** cannot show personal jurisdiction. As HLV Ventures and Onvoy set forth in their motions, a single phone call does not amount to the "minimum contacts" needed to satisfy due process. *See* Doc. 20 at 12–13; Doc. 58 at 8–9 (noting any "alleged calls" received in Oklahoma were "fortuitous and . . . not sufficient to confer specific jurisdiction"); *see also, e.g.*, *Wyles v. Brady*, 822 F. App'x 690, 695 (10th Cir. 2020) (single phone call to Colorado resident insufficient to establish personal jurisdiction because "a 'plaintiff cannot be the only link between the defendant and the forum,'" and "'[a] defendant's interaction with a plaintiff . . . is insufficient to

establish personal jurisdiction' without additional contacts between the defendant and the forum state." (citations omitted)); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (phone call to forum resident insufficient to establish personal jurisdiction); *Far W. Cap., Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) ("It is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts."). As Trupia only cites one phone call—and a call made by a defendant **other than Telnyx** at that—he has not shown personal jurisdiction.

## B. THE PETITION FAILS TO STATE A CLAIM AGAINST TELNYX.

### 1. Legal Standards.

"[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court assesses plausibility by

- *first*, "identify[ing]" allegations "not entitled to the assumption of truth," like "legal conclusions," "[t]hreadbare recitals of the elements of a cause of action," and "mere conclusory statements," and then,

- *second*, "look[ing] only" at the remaining, "well-pleaded factual allegations," determining if Plaintiff has "plausibly suggest[ed]" defendant's liability.

*Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (second alteration in original) (citations omitted).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and plaintiffs "armed with nothing more than conclusions" do not "unlock the doors of discovery." *EEOC v. Roark-Whitten Hosp. 2, LP*, 28 F.4th 136, 150

(10th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)); *see also Collins*, 656 F.3d at 1215 (requiring plausibility "avoid[s] ginning up the costly machinery" of "civil discovery" for a "groundless claim" (citation omitted)). So, unless a plaintiff's pleading "sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed," his claims should be dismissed. *See Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201–02 (10th Cir. 2011) (citation omitted); *see also George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (courts "look to the elements of the particular cause of action" in "determining the plausibility of a claim").

As HLV Ventures and Onvoy persuasively demonstrate, Trupia has not carried his pleading burden. Doc. 20 at 4–8; *see also* Doc. 58 at 9–23 (arguing extensively, on a claim-by-claim basis, why Trupia has not met his pleading burden against VoIPs like Onvoy and Telnyx). *First*, Trupia's Petition is undoubtedly a shotgun pleading, which affords adequate grounds on its own to dismiss. See Doc. 20 at 4–6; *Jacobs v. Credit Suisse First Bos.*, No. 11-CV-00042-CMA-KLM, 2011 WL 4537007, at *6 (D. Colo. Sept. 30, 2011) (noting shotgun pleadings "foists off one of the pleading lawyer's critical tasks—sifting a mountain of facts down to a handful of those that are relevant to a given claim—onto the reader"); *see also, e.g., Cook v. Baca*, No. 10-CV-1173 JP/KBM, 2011 WL 13157059, at *3 n.1 (D.N.M. Jul. 8, 2011).

*Second*, by resorting to collective and conclusory allegations throughout his Petition, Trupia fails to plausibly plead his claims or provide fair notice. In multi-defendant cases like this, the Tenth Circuit has held a pleading's "use of either the collective term

'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom" falls short of Rule 8's requirements. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008); *see also* Doc. 20 at 6–8. Trupia bears the burden of "fram[ing his] 'complaint with enough factual matter . . . to suggest' that he . . . is entitled to relief"—and here, that entails "mak[ing] clear exactly *who* is alleged to have done *what* to *whom*." *Robbins*, 519 F.3d at 1247, 1250. Relying on scattershot allegations against the undifferentiated "Spam-Callers"—not to mention the numerous irrelevant averments or legal conclusions laced through the Petition—satisfies neither "the standard of fair notice required by Rule 8" nor Trupia's obligation to "allege facts sufficient to render [his] claim[s] plausible." *Robbins*, 519 F.3d at 1250; *see also Jacobs*, 2011 WL 4537007, at *7 (granting motion to dismiss where plaintiffs "lazily assert[ed] claims against 'the defendants' generally, without attempting to sort out the individual actors alleged to be liable for each individual action or discrete claim," which "betrays the pleader's failure to rigorously analyze the claims").[6]

---

[6] Nor is Trupia's *pro se* status any excuse. While the Court must liberally construe the Petition, that **does not** mean it "assume[s] the role" of Trupia's lawyer or advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Broadly reading a *pro se* plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based," "because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1110. "Moreover, even pro se plaintiffs are required to comply with the 'fundamental requirements of the Federal Rules of Civil and Appellate Procedure' and substantive law, and the liberal construction to be afforded does not transform 'vague and conclusory arguments' into valid claims for relief. *Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH, 2022 WL 3401949, at *2 (N.D.

*Third*, and fundamentally, Trupia simply does not allege Telnyx has done anything supporting claims against it. *Cf.* Doc. 58 at 9–23. As noted above, the sole allegation implicating Telnyx is that **another company** used its service to contact Trupia. Telnyx is, at most, a passive player in Trupia's narrative. Lumping them into generic, vague allegations about unspecified wrongdoing by scores of individuals and entities does not plausibly suggest a claim against Telnyx, does not give Telnyx the requisite notice of the grounds for Trupia's pleaded claims, and, ultimately, does not satisfy Rule 8 as interpreted by *Twombly* and *Iqbal*.

## CONCLUSION

For the reasons above, and those articulated in HLV Ventures' and Onvoy's motions, Docs. 20, 58, the Court should dismiss Telnyx from this suit. To the extent the Court believe dismissal is inappropriate or premature, Telnyx would request the Court order Trupia to set forth a more definite statement, pursuant to FED. R. CIV. P. 12(e), so that Telnyx and the Court can better assess issues of jurisdiction, plausibility, and notice.

---

Okla. Aug. 16, 2022) (quoting *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994)), *appeal dismissed,* No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022), *cert. dismissed,* 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023); *see also, e.g.*, *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) ("This court has repeatedly insisted that pro se parties 'follow the same rules of procedure that govern other litigants.'" (citation omitted)). Nor should the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997); *see also Robbins*, 519 F.3d at 1252 (courts "have no duty to 'conjure up unpleaded facts that might turn a frivolous claim . . . into a substantial one'" (omission in original) (citation omitted)). Lastly, liberal construal is not permission to "fil[e] . . . frivolous or abusive litigation." *Gabriel*, 2022 WL 3401949, at *2; *cf. Garrett*, 425 F.3d at 841 ("pro se practice is a shield against the technical requirements of a past age," not a "vehicle for abusive documents" (citation omitted)).

Dated: June 27, 2024        Respectfully submitted,

 /s/ Brooks A. Richardson
Brooks A. Richardson, OBA No. 18133
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
Email    brichardson@Gablelaw.com

*Attorneys for Telnyx, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby certify that on June 27, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing and also served it on the following via First-Class United States Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

/s/ Brooks A. Richardson