IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUL 0 1 2024
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

ANTHONY TRUPIA,

    Plaintiff,

v.

NO. CIV-24-498-SLP

HERITAGE HARD ASSETS LLC; et al.,

    Defendants.

## PLAINTIFF'S OPPOSITION TO ALL MOTIONS TO DISMISS

For the following reasons, Plaintiff opposes all motions to dismiss this complaint under Fed. R. Civ. P. 12(b) (1),(2), (3),(6), and (7). <u>Each of the defenses cited under Rule 12 are defense motions that allege a complaint is not well-plead.</u>

This case was removed to Federal District Court on May 15th, 2024 by Aaron Tifft on behalf of HLV Ventures, see docket entry (1), *"NOTICE OF REMOVAL."*

- On May 20th, defendant Onvoy LLC agreed with the basis for this removal in docket entry (4), *"DEFENDANT ONVOY, LLC'S NOTICE OF JOINDER IN REMOVAL"*.
- On May 20th, defendants Heritage Hard Assets LLC, Zachary D Ludens, and Kyle Patton agreed with the basis for this removal in docket entry (11), *"Notice of Joinder in Removal/Consent to Removal"*.
- On May 20th, defendant Telnyx LLC agreed with the basis for this removal in docket entry (13), *"Notice of Joinder"*.
- On May 20th, defendant Level 3 Communications LLC agreed with the basis for this removal in docket entry (15), *"Defendant Level 3 Communications, LLC's Consent to Removal"*.
- On June 25th, defendant South Bay Galleries LLC agreed with the basis for this removal in docket entry (56), *"of Consent to Notice of Removal"*.
- All defendant parties who have answered summons in one way or another have agreed to the removal of this case to Federal District Court.

In moving this case to Federal District Court, and in agreeing to the removal, <u>all defendant parties have already stipulated that this complaint is well plead</u>. *"The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction*

1

*exists only when a federal question is presented on the face of the Plaintiff's properly pleaded complaint." See Gully v. First National Bank, 299 U. S. 109, 299 U. S. 112-113 (1936).*

In Bilal v. Burns Sec. Services, 1991 U.S. Dist. LEXIS 19780 (E.D. Tex. Feb. 18, 1991), it was held that the well-pleaded complaint is a hypothetical ideal complaint that presents only the well-pleaded facts on its face. A well-pleaded complaint is one that adequately sets forth the Court's jurisdiction, the basis for the relief claimed, and a demand for judgment. Defendants simply cannot simultaneously agree to removal to federal court but also allege a complaint is not well plead, the two arguments are in perfect conflict.

The obvious intent in filing motions and notices that so glaringly conflict is violation of Fed. R. Civ. P. 11(b) (1) and (2), to deprive plaintiff of his civil right under the constitution to have this action heard in a court of law, before a jury, and to buy time to figure out how to extract themselves from this situation which they have created. This court, having taken jurisdiction of this case from the state courts under the Federal Question, must deny all motions to dismiss under Fed. R. Civ. P. 12(b) (1),(2), (3),(6), and (7).

Respectfully submitted,

/s Anthony Trupia
605 SE 21ST St.
Oklahoma City, OK 73129
516-984-0142
Trupiaar@gmail.com
Pro Se

Date: 6/30/2024