# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY TRUPIA,<br><br>       Plaintiff,<br><br>v.<br><br>HERITAGE HARD ASSETS LLC;<br>et al.,<br><br>       Defendants. | NO. CIV-24-498-SLP |

_____

### DEFENDANT HLV VENTURES LLC'S
### REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS (DOC. 20)
_____

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
HLV VENTURES, LLC**

Defendant, HLV Ventures, LLC ("HLV"), respectfully submits this Reply Brief in Support of Its Motion to Dismiss (Doc. 20) ("Reply"). As fully described in the Motion, Plaintiff has failed to state a claim upon which relief can be granted and has failed to plead sufficient facts to support this Court's exercise of personal jurisdiction over HLV. Pursuant to LCvR 7.1(i), HLV will only address the single issue raised in Plaintiff's Opposition to All Motions to Dismiss (hereinafter "Response," Doc. 61) and will not restate its various other arguments Plaintiff did not attempt to address, including this Court's lack of personal jurisdiction over HLV.

## ARGUMENT AND AUTHORITIES

### I. HLV's removal did not waive any defenses or arguments against Plaintiff's Complaint.

Defendants' removal to this Court did not waive any defenses. "Upon removal, a defendant may assert any defense that would have been available to him in state court and which has not been lost through the operation of either Fed.R.Civ.P. 12(g) or 12(h)." *Nationwide Eng'g & Control Sys., Inc. v. Thomas*, 837 F.2d 345, 348 (8th Cir. 1988); *see also Thompson v. Cartlidge*, 158 F.3d 583 (5th Cir. 1998) ("Courts have consistently held, however, that, '[r]emoval, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction.'"); 14C Wright & Miller Fed. Prac. & Proc. Juris. § 3738 (Rev. 4th ed.) ("Defendants do not waive any defense by removing a case to federal court and may move to dismiss . . . ."). Accordingly, Plaintiff's argument that HLV cannot move to dismiss after removing is wholly without basis.

## II.     <u>Plaintiff provided no citations to support his improper application of "well-pleaded complaint rule."</u>

Plaintiff's only responsive argument is to attempt a cursory semantic observation without legal analysis. Plaintiff repeatedly relies on the "well-pleaded complaint rule" to argue against HLV's Motion but provides no analysis or citation to support his conclusion. The "well-pleaded complaint rule" is an aspect of the federal subject-matter jurisdictional analysis. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff has not cited, and HLV cannot find, any aspect of this doctrine that dictates a removal causes a waiver of a party's Rule 12(b) defenses, or a stipulation of the sufficiency of a complaint. *See*, *e.g.*, *Gully v. First Nat. Bank*, 299 U.S. 109, 112–13 (1936) (Cardozo, J.); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–10 (1983).

Plaintiff's Complaint contains numerous deficits outlined in HLV's Motion and in the Motions to Dismiss from several other Defendants. One of the few points of clarity is that Plaintiff is attempting to assert claims based on federal law. Looking to the language in the unnumbered first paragraph of Plaintiff's Complaint:

> This action Is filed pursuant to the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6101 et seq.; the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310 et seq.; the Telephone Consumer Protection Act ("TCPA"), 47 US.C. § 227 et seq.; . . .

[Doc. 1-1 at p. 2.] Additionally, the Complaint states that all Defendants should be held jointly liable for, *inter alia*, "all violations of the Telemarketing Act, the TSR, and the TCPA . . . ." [Doc. 1-1 at ¶ 106.] Plaintiff seeks damages for the violations of the TSR against all Defendants. [*Id.* at p. 35.] Finally, Plaintiff cites to 28 U.S.C. § 1331 when alleging "subject matter jurisdiction over this action." [*Id*. 1-1 at ¶ 1.] Despite their factual and jurisdictional flaws, Plaintiff's claims implicate federal law. Accordingly, HLV removed this action, and Plaintiff filed no valid motion to remand. Plaintiff offers no citation to support his argument regarding application of the "well-pleaded complaint rule" to HLV's Motion and it should be disregarded.

## **CONCLUSION**

Plaintiff provides no support for his single novel argument against HLV's Motion to Dismiss. Moreover, his argument is directly contrary to existing law. Plaintiff has made no attempt to dispute the merits of HLV's arguments and has failed to provide any additional or sufficient facts to support this Court's exercise of personal jurisdiction over HLV. Accordingly, the Court should dismiss Plaintiff's claims against HLV Ventures, LLC.

Dated: July 5, 2024　　　　　　　　Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
HLV VENTURES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on July 5, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail and first class, U.S. Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129
*trupiaar@gmail.com*

**PRO SE PLAINTIFF**

                                               *s/ Aaron C. Tifft*

20406339.1:014234.00001

5