IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,
   Plaintiff,
v.                         NO. CIV-24-498-SLP
HERITAGE HARD ASSETS LLC; et al.,

   Defendants.

FILED
JUL 05 2024
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____EKW_____, DEPUTY

**PLAINTIFF'S OPPOSITION TO**

**ONVOY'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

| | | Page(s) |
|---|---|---|
| I. | NOTICE PLEADING | 1 |
| II. | CONFLICTING CERTIFIED CLAIMS | 2 |
| III. | MEY V. ALL ACESS TELECOM, INC. – THE COURT ORDER | 2 |
| | A. GENERAL RELEVANCE TO THESE MATTERS | 2 |
| | B. SPECIFIC RELEVANCE TO THESE DEFENDANTS | 3 |
| | C. SPECIFIC RELEVANCE TO COUNSEL | 3 |
| IV. | CONCLUSION | 4 |
| V. | ATTACHMENT 1 - EZRA CHURCH, PRO HAC VICE, MEY V. ALL ACCESS… | - |
| VI. | ATTACHMENT 2 - MEY V. ALL ACESS TELECOM, INC., COURT ORDER | - |

**TABLE OF AUTHORITIES**

(Page numbers for attached court order labeled with affix 'co-')

| Cases | Page(s) |
|---|---|
| Conley v. Gibson, 355 U. S. 41,47 | 2 |
| Mey v. All Access Telecom, Inc., 5:19-cv-00237-JPB, 2021 U.S. Dist | 3, 4 |
| AAPC, 140 S.Ct. at 2353 | co-22 |
| Abed! v. New Age Med. Clinic PA, 2018 WL 3155618 (E.D. Cal. June 25, 2018) | co-6 |
| Abedi v. New Age Med. Clinic, P.A., | co-5 |

i

Abramson v. Agentra, LLC, 2018 WL 6617819 (W.D. Pa. Dec. 18, 2018) — co-6

Abramson v. CWS Apartment Homes, LLC, 2016 WL 6236370 (W.D. Pa. Oct. 24, 2016) — co-6

Abramson v. FederalIns. Co., 2020 WL 7318953 (M.D. Fla. Dec. 11, 2020) — co-27

Alaska Airlines, 480 u.s. at 886 (citing INS v. Chadha, 462 U.S. gig, 932 (1983) — co-26

Am. Ass'n ofPol. Consultants, Inc. v. Fed. Commc'ns Comm'n, 923 F.3d 159, 171(4th Cir. 2019), aff'd sub nom. Barr v. Am. Ass'n of Pol. Consultants, Inc, 140 S.Ct. 2335 (2020) — co-26

American Assoc. ofPolitical Consultants, Inc. v. FCC, 923 F.3d 159 (4th Cir. 2019) — co-24

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) — co-2

Ayers v. Receivables Performance Mgmt., LL.C., 2016 WL 5402962 (ED. Mich. Sept. 28, 2016) — co-6

Ayotte v. Planned Parenthood of N. New Eng., 546 U.S. 320, 328 (2006) — co-25

Baker v. Caribbean Cruise Line, Inc., 2014 WL 880634, at *2 (D. Ahz. Mar. 6, 2014) — co-6

Barr v. Amer. Assn. Of Political Consultants, Inc., 140 S.Ct. 2335 (2020) (Barr") — co-20, 21

Bauman v. Saxe, 2019 WL 591439, at *6 (D. Nev. Feb. 13, 2019) — co-12

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) — co-2

BrandX Internet Services, 545 U.S. at 975—77 — co-14, 15

Branham v. ISlAlarms, Inc., 2013 WL 4710588, at *8 (E.D. N.Y. Aug. 30, 2013) — co-7

Bristol—Myers Squibb Co. v. Superior Court, U.S. , 137 5. Ct. 1773, 1781 (2017) — co-5

Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 504 (1985) — co-25

Buchanan v. Sullivan, 2020 WL 6381563 (D. Neb. Oct. 30, 2020) — co-27

Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) — co-4

Burton v. Fundmerica, Inc., 2020 WL 4504303 (D. Neb. Aug. 5, 2020) — co-27

Canady v. Bridgecrest Acceptance Corp., 2020 WL 5249263 (D. Ariz. Sept. 3, 2020) — co-27

| | |
|---|---|
| Cayanan v. Citi Holdings, Inc., 928 F.Supp.2d 1182, 1207—08 (S.D. Cal. 2013) | co-6 |
| Cf. Picot, 780 F.3d at 1212. 2018 WL 3155618, at *2 n.2 (E.D. Cal. June 25, 2018) | co-6 |
| C-Man, Inc. v. Metro. Life Ins. Co. | co-19 |
| Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) | co-2, 3 |
| Couserv. Pre-paid Legal Services, Inc., 994 F.Supp.2d 1100, 1103 (S.D. Cal. 2014) | co-11 |
| Creasy v. Charter Comm'ns Inc., 2020 WL 5761117 (E.D. La. Sept. 28, 2020) | co-22 |
| Cunningham v. Montes, 376 F.Supp.3d 741, 747 (W.D. Wis. 2019) | co-8, 9, 11 |
| De la Cabada v. Ytel, Inc. 2020 WL 1156909, at*5 (N.D. Cal. Mar 10, 2020). | co-12 |
| DISH Network, 26 FCC Red. at 6583 ¶ 27) | co-9 |
| Edwards v. City of Goldsboro, 178 F.3d 231, 243—44(4th Cir. 1999) | co-2 |
| ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617,623(4th Cir. 1997) | co-5 |
| Frank t'c Cannabis & Glass, LLC, 2019 WL 4855378 (ED. Wash. Oct. 1,2019) | co-15 |
| Free Enter. Fund v. Pub. Co. Accounting OversightBd., 561 U.S. 477, 508 (2010) | co-25, 26 |
| Frost v. Corp. Comm'n of Okla, 278 U.S. 515, 526—27 (1929) | co-22 |
| FTC v. American eVoice, Ltd., 242 F.Supp.3d 1119, 1123(D. Mont. 2017) | co-17 |
| FTC v. AT & T Mobility LLC, 663 F.3d 648, 853—56(9th Cir. 2018) | co-13 |
| FTC v. Educare Centre Services, Inc., 433 F.Supp.3d 1008 (W.D. Tex. 2020) | co-12, 14 |
| FTC v. Verity Int'l, Ltd., 443 F.3d 48, 60 (2d Cir. 2006) | co-13 |
| Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) | co-2 |
| Grayson v. Anderson, 816 F.3d 62, 267 (4th Cir. 2016) | co-3 |
| Heidorn v. BDD Marketing & Mgmt. Co., LLC, 2013 WL 6571629 (N.D. Cal. Aug. 19, 2013) | co-7 |
| Hudak v. Berkeley Group, Inc., 2014 WL 354676 (D. Conn. Jan. 23, 2014) | co-6, 8 |
| Hurley v. Messer, 2016 WL 4927218, at *2 (S.D. W.Va. Oct. 10, 2018) | co-11 |

| | |
|---|---|
| Hussain v. Sullivan Buick-Cadillac-GMC Truck, Inc., 2020 WL 7346536 (M.D. Fla. Dec. 11, 2020) | co-23 |
| In re Celotex Corp., 124 F.3d 619, 627—28 (4th Cir. 1997) | co-4 |
| Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) | co-4 |
| Keim v. ADF MidAtlantic, LLC, 199 F.Supp.3d 1362, 1368 (S.D. Fla. 2016) | co-8 |
| Komaiko v. Baker Techs., Inc., 2020 WL 5104041 (N.D. Cal. Aug. 11, 2020) | co-27 |
| Lange, 903 F.3d at 719—20 | co-15 |
| Lazar v. Kroncke, 862 F.3d 1186, 1201 (9th Cir. 2017) | co-5 |
| Less v. Quest Diagnostics Inc., 2021 WL 266548 (N.D. Ohio Jan. 26, 2021) | co-22, 27 |
| Lincoln v. Ford Motor Co., 2020 WL 5820985, at *3 (D. Md. Sept. 29, 2020) | co-2 |
| Lindenbaum v. Realgy, LLC, 2020 WL 6361915 (ND. Ohio Oct. 29, 2020) | co-22 |
| Linlor v. Five9, Inc., 2017 WL 2972447, at *4 (S.D. Cal. July 12, 2017) | co-12 |
| Lowe v. CVS Pharmacy, Inc., 233 F.Supp.3d 636, 643 (ND. Ill. 2017) | co-6 |
| Lozinski v. Lozinski, 185 W.Va. 558, [563, 1408 S.E.2d 310, 315 (1991) | co-3 |
| Luna v. Shac, LLC, 2014 WL 3421514, at *3 (ND. Cal. July 14, 2014) | co-6 |
| Maryland v. Universal Elections, 787 F.Supp.2d 408, 417—18 (D. Md. 2011)(Slake, J.) | co-19 |
| McCoy v. Mass. Ins, of Tech., 950 F.2d 13, 19 (1St Cir. 1991) | co-24 |
| McCurley v. Royal Sea Cruises, Inc., 2021 WL 288164 (S.D. Cal. Jan. 28, 2021) | co-21 |
| Mey v. Castle Law. Grp., PC, 416 F.Supp.3d 580, 584 (N.D. W.Va. 2019) (Stamp, J.) | co-4 |
| Milliken v. Meyer, 311 U.S. 457, 463 (1940) | co-4 |
| Minn. Pub. Utils. Comm'n, 290 F.Supp.2d at 999 | co-15 |
| Nat'l Cable & Telecomms. Ass'n v. BrandXInternet Servs., 545 U.S. 967, 975—77 (2005) | co-14 |
| Nat'l Ass'n of Reg. Util. Comm'rs v. FCC, 851 F.3d 1324, 1325 (D.C. Cir. 2017) | co-14 |

| | |
|---|---|
| New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294(4th Cir. 2005) | co-2 |
| NFIB v. Sebelius | co-25 |
| Official Comm. Of Unsecured Creditors of Cybergenics Corp. v. Chinery, 330 F.3d 548, 561 (3rd dr. 2003) | co-24 |
| Ott v. Moflg. Inv'rs Corp. of Ohio, Inc., 65 F.Supp.3d 1046, 1057(D. Or. 2014) | co-8 |
| PAETEC Comm'ns, Inc. v. CommPartners, LLC, 2010 WL 1767193, at *2 (D.D.C. Feb. 18, 2010) | co-14, 15 |
| Picot[v. Weston], 780 F.3d [1206,] at 1212 | co-6 |
| Re Second Computer Inquiry, 77 F.C.C.2d 384, 387 (F.C.C. 1980) | co-17, 18 |
| Riekerv. Nat'l. Car Cure, LLC, 2021 WL 210841 (N.D. Fla. Jan. 5, 2021) | co-27 |
| Schmitt v. AmerAssist AIR Solutions Inc., 2020 WL 6135181 (D. Ariz. Oct. 19, 2020) | co-27 |
| Schwab v. Crosby, 451 F.3d 1308, 1325(11th Cir. 2006) | co-23 |
| Shelton v. Nat'l Gas & Elec., LLC, 2019 WL 1506378, *7 (ED. Pa. Apr. 5,2019) | co-6 |
| Shen v. Tricolor California Auto Group, LLC, 2020 WL 7705888 (C.D. Cal. Dec. 17, 2020) | co-27 |
| Stoutt v. Travis Credit Union, 2021 WL 99636 (E.D. Cal. Jan. 12, 2021) | co-27 |
| Sw. Bell Tel., L.P. v. Mo. Pub. Sew. Comm'n, 461 F.Supp.2d 1055, 1079—83 (ED. Mo. 2006) | co-15 |
| Temple i'. Synthes Corp., Ltd., 498 u.s. 5, 7(1990) | co-20 |
| Trujillo v. Free Energy Say. Co., LLC, 2020 WL 6184336 (C.D. Cal. Dec. 21,2020) | co-27 |
| UMO Recordings, Inc. v. Kurbanov, 963 F.3d 344, 350 (4th Cir. 2020) | co-3, 5, 7 |
| United States v. Becton, 632 F.2d 1294, 1296 n.3 (5th Cir 1980) | co-24 |
| United States v. Montero-Camargo, 208 F.3d 1122, 1133 n.17 (9th Cir. 2000) | co-23 |
| United States v. Under Seal, 819 F.3d 715, 721—22 (4th Cir. 2016) | co-25 |

| | |
|---|---:|
| Vonage Holdings Corp. v. Minn. Pub. Utils. Comm'n, 290 F.Supp.2d 993, 999 (D. Minn. 2003) | co-15 |
| Vonage Holdings Corp. v. N.Y. State Pub. Sew. Comm',,1 2004 WL 3398572, at *1 (S.D. N.Y. July 16, 2004); | co-15 |
| Walden v. Fiore, 571 U.S. 277, 283 (2014) | co-5 |
| Wick v. Twilio Inc., 2017 WL 2964855 (W.D. Wash. July 12, 2017) | co-12 |
| World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) | co-4, 5 |
| Wynne v. Town of Great Falls, 376 F.3d 292, 298 n.3 (4th Cir. 2004) | co-24 |

| **Statutes and Regulations** | **Page(s)** |
|---|---:|
| 47 C.F.R. § 64.1200(a)(4)(vii) | co-19 |
| 47 U.S.C. § 153(20) | co-13 |
| 47 u.s.c. § 153(46); 47 U.S.C. § 153(20) | co-13 |
| 47 U.S.C. § 153(51) | co-14 |
| 47 U.S.C. i 53(53) | co-13 |
| Amend. Of Sec. 64.702 of the Commission's R. and Regulations (Second Computer Inquiry), 84 F.C.C.2d 50, 53—54 (F.C.C. 1980) | co-17 |
| Fed. R. Civ. P. 11(b)(2) | 3 |
| Fed. R. Civ. P. 12(b) | co-2 |
| Fed. R. Civ. P. 12(e) | 2 |
| Fed. R. Civ. P. 8(a)(2) | 1 |
| Fed.R.Civ.P. 1 9(a)(1 )(B)(i) | co-19 |
| In the Matter of Rules & Regulations Implementing the TeL Consumer Prot. Act of 1991 7 FCC Red. 8752, 8776 n.83 (1992) | co-15, 16 |

Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7890 (2015) ("the 2015 FCC Order"). co-8, 9

Plaintiff has claimed from the filing of this complaint, when he included LUDENS as a defendant, to his recent filing, *"OPPOSITION TO ALL MOTIONS TO DISMISS,"* that the defense attorneys in this case rely on unreasonable, unethical, and illegal means to shield their clients from liability in this scenario, and many other scenarios like it. Plaintiff is aware there is a high standard to meet when challenging the conduct of defenses' attorneys during a case but hopes this motion will make a strong showing illuminating this claim further.

*Continued on page 1.*

## I. NOTICE PLEADING

While it is common practice and not specific to this defense at all, the regularity of pleading-abuse does not make it appropriate. The purpose of pleading is not to win a case. 'Notice Pleading' became the dominant form of pleading in the United States in 1938 when the Federal Rules of Civil Procedure themselves were adopted. Cornell Law School provides the following description of notice pleading, www.law.cornell.edu/wex/notice_pleading:

*"Notice pleading refers to pleading standards that merely notify the opposing party and court of the general issues in the case. In contrast to fact pleading standards, notice pleading standards do not require pleadings to include hyper-detailed facts in support of each claim. Notice pleading rejects the rigid approach that pleading is a game of skill—that requires precision and particularity—in which one mistake by counsel at the pleading stage may be decisive to the claim's outcome; instead notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."*

The purpose of the pleading stage is not to prove a case, but simply to give the defense a *"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)*. While plaintiff does not believe his complaint is missing any important elements, after recent research into this topic, he certainly now understands how it could have been **shorter.** Plaintiff has made the mistake of including too much law and argument into his complaint after learning this bad habit from many other complaints he has read and copied, themselves written by attorneys licensed to practice. The reason plaintiff and many other attorneys have taken to writing large complaints is because the purpose of notice pleading is slowly but progressively being lost back to *"the rigid approach that pleading is a game of skill—that requires precision and particularity—in which one mistake by counsel at the pleading stage may be decisive to the claim's outcome."* Parties like plaintiff employing this bad habit are trying to pre-empt excessive maneuvering in pleading. It is excessive maneuvering in pleading, like we see here, that drives bad or excessively long complaints.

The purpose of this stage in a case is for the defendants to receive fair notice of plaintiff's claims, not yet to challenge them; a complaint will merely *"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U. S. 41,47.* Notably, plaintiff has *never,* including in this case, seen a defense attorney simply invoke *Fed. R.*

*Civ. P. 12(e) Motion for a More Definite Statement.* Defense in this case has complained multiple times that the pleading is vague or ambiguous, but do not invoke *Fed. R. Civ. P. 12(e)* simply because it provides little opportunity to slow the processing of the case.

## II.  CONFLICTING CERTIFIED CLAIMS

Attorneys from the start of this case claim it is "vexatious" in order to prevent it from being filed. When it is filed anyway, they file <u>certified notice</u> claiming it is "well-pleaded" to abuse the federal question mechanism to move it to federal court, which is more convenient for them (forum shopping). When the forum shopping is complete, they immediately reverse position again and claim in many motions to dismiss the complaint is in fact, "not well-pleaded." The motions to dismiss further rely on misrepresentation, both directly, and by material omission, regularly. They claim repeatedly and in many ways, 'each is responsible for only a call,' at best, when the claim from the complaint is that each is responsible for the entire collection of calls. Each and every party could have taken reasonable steps to stop these calls and failed to take any steps to do so; this is the reason for litigation, and this is always left out by way of omission. They claim that only one call from each of them to Oklahoma took place, to attempt to evade jurisdiction, but each of them calls across the country regularly as part of their business model, these too are lies of material omission.

Plaintiff hopes this motion, including the following attached court order, will make this record of abuse very clear. Plaintiff has attached an entire court order and prays the court will make an allowance if the formatting, citation, or delivery is not correct. Plaintiff thanks this court for accepting his previous motion; plaintiff was late filing the previous motion because he spent much of the week reading the Federal Rules of Civil Procedure and the local court rules in entirety. Plaintiff does not have them entirely memorized but is regularly rereading them to attempt to memorize and understand them fully as soon as possible. Plaintiff hopes he may rely on some small leniency here attaching this court order if necessary.

## III.  MEY V. ALL ACESS TELECOM, INC. – THE COURT ORDER
### A.  GENERAL RELEVANCE TO THESE MATTERS

The first reason plaintiff has included this entire court order is because the court order, written by a judge, clearly addresses almost every issue defendants have raised in pleading, and many they intend to raise in defense judging by defendant LEVEL3's answer. Without the entire order,

plaintiff still would have ended up citing as much as 75% of it, it seemed more prudent to include it unedited. The order also specifically addresses what the VoIP providers seek to provide as their one real strong defense, Common Carrier Immunity. Common Carrier Immunity is an important topic that defendant ONVOY raises in their Motion to Dismiss, and that both LEVEL3 and TELNXY rely on, falsely, and in the case of both ONVOY and LEVEL3, in bad faith.

### B. SPECIFIC RELEVANCE TO THESE DEFENDANTS

The second reason plaintiff has included this entire court order is because it demonstrates beyond a reasonable doubt that ONVOY and LEVEL3 rely on claims, defenses, and other legal contentions, especially in pleading, that they know are not *"warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2)*. This court order, being hailed as important case law in the telemarketing and VoIP industries, makes it clear that common carriers *can* in fact be held responsible for TCPA violations, in contrast to the claims made by the VoIP providers in this case. Plaintiff understands that defendants can't be expected to be familiar with every piece of case law, even important case law that applies to them, however, there's a very good reason the defendants in this case should be and are familiar with *Mey v. All Access Telecom, Inc., 5:19-cv-00237-JPB, 2021 U.S. Dist.*: they were both defendants in the case. LEVEL3, "Level 3 Communications, LLC," and "Inteliquent, Inc." which was acquired by Onvoy in 2021 and has been closely related to Onvoy since 1997, were defendants in the case that determined common carriers are viable TCPA defendants. These defendants already know they can be held responsible for TCPA violations but argue in bad faith that the case should be dismissed in pleading because they 'legally cannot.'

### C. SPECIFIC RELEVANCE TO COUNSEL

If there is still any presumption that the defense did not make these dismissal and defense misrepresentations maliciously and knowingly, that maybe this case law was lost in a shuffle of attorneys a large company employs, one may take one final, closer look at the docket for *Mey v. All Access Telecom, Inc.*, at docket entry (71) to see that **Ezra D. Church**, attorney for defendant ONVOY in this case, was also an attorney to defendant Inteliquent, Inc. in that same case, again PRO HAC VICE. Ezra D. Church, and the defendant he represents, ONVOY, undeniably know they are manipulating the pleading process in violation of rule 11 and many other laws to deny plaintiff the opportunity to have this claim heard before a jury. Ezra D. Church goes from case to case in

federal court, on his defendants' behalf, peddling every piece of case law he can muster to have claims against his employer dismissed before they can see the light of day, knowing full well the overwhelming body of the arguments he employs are in violation of rule 11. *Mey v. All Access Telecom, Inc.* was filed 8/6/2019, and did not conclude until 1/6/2023. The reason it takes even fully equipped law firms **over 3 years** to litigate what should be simple spam caller claims is because Ezra D. Church, and attorneys like him, abuse the pleading process.

### IV. CONCLUSION

The motions to dismiss argued by Onvoy and other defendants to this case are unfounded by case law or statute. The defendants and counsel for defendants each know these arguments are unfounded by case law or statute. For these reasons plaintiff prays the court will deny ONVOY's Motion to Dismiss and deny any other defendants' motions to dismiss or defenses that rely on faulty representations of law.

Respectfully submitted,

/s Anthony Trupia
605 SE 21ST St.
Oklahoma City, OK 73129
516-984-0142
Trupiaar@gmail.com
Pro Se

Date: 07/05/2024