IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

      Plaintiff,

v.

HERITAGE HARD ASSETS LLC; et al.,

      Defendants.

Case No. CIV-24-498-SLP

**DEFENDANT ONVOY, LLC'S SECOND REPLY IN SUPPORT OF ONVOY'S RULE 12(B)(2) AND 12(B)(6) MOTION TO DISMISS PLAINTIFF'S PETITION AND BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6), Defendant Onvoy, LLC ("Onvoy") files this brief reply to Plaintiff's Opposition to Onvoy's Motion to Dismiss ("Plaintiff's Response") (Dkt. 67).[1]

Plaintiff's Response cannot cure his deficient pleading. The first half of Plaintiff's Response offers a cursory and flawed explanation of the notice pleading standard, which does not amend or remedy his pleading. *See Bekkem v. McDonough*, No. CIV-22-907-R, 2023 WL 3903920, at *2 (W.D. Okla. June 8, 2023) ("[A] plaintiff may not amend [his] complaint via a response brief."); *see also* Onvoy's Motion to Dismiss, Dkt. 58, at 4, 9. The remainder of Plaintiff's Response relates only to Plaintiff's TCPA claims, not all

---

[1] Plaintiff filed two oppositions to Onvoy's Motion to Dismiss (Dkt. 58). Plaintiff's first opposition was filed on July 1, 2024 (Dkt. 61), to which Onvoy filed its reply on July 8, 2024 (Dkt. 68). Plaintiff filed a second, separate opposition only addressing Onvoy's Motion to Dismiss on July 5, 2024 (Dkt. 67). Onvoy submits this reply only in response to Plaintiff's second opposition.

thirteen causes of action he asserts and, regardless, exclusively and erroneously relies upon an out-of-jurisdiction decision in *Mey v. All Access Telecom, Inc.*, No. 5:19-CV-00237-JPB, 2021 WL 8892199 (N.D. W.Va. Apr. 23, 2021) for the proposition that Onvoy and voice over internet protocol ("VoIP") providers can be liable under the TCPA.[2] *Mey* does not alter the analysis here for two reasons.

First, the decision in *Mey* rests upon the particular and unique facts alleged in that case. *Mey*, 2021 WL 8892199, at *8 (noting that the decision was "[b]ased upon the allegations of the Second Amended Complaint"). In *Mey*, the court noted factors relevant to the analysis of whether one can violate the TCPA by "taking the steps necessary to physically place a telephone call" or "being so involved in the placing of a specific telephone call as to be deemed to have initiated it." *Id.* at *4 (citation and quotation marks omitted). Those factors include:

> (1) The extent to which the defendant controls the call's message
> (2) The extent to which the defendant controls the timing or initiation of the call
> (3) The extent to which the defendant controls who receives the call
> (4) Whether the service is "reactive in nature," meaning that it places calls in a manner that is arranged by the customer rather than the defendant
> (5) The extent to which the defendant "willfully enables fraudulent spoofing of telephone numbers" by offering that functionality to clients
> (6) The extent to which the defendant "assists telemarketers in blocking Caller ID" by offering that functionality to clients
> (7) Whether a defendant "who offers a calling platform service for the use of others has knowingly allowed its client(s) to use that platform for unlawful purposes."

---

[2] *Mey* is not controlling. *See United States v. Fouse*, No. 12429-062, 2016 WL 4516066, at *1 (N.D. Okla. Aug. 29, 2016) (noting that a Ninth Circuit decision was "not controlling precedent").

*Id.* at *4 (citation omitted). In *Mey*, the Court applied those factors to the plaintiff's allegations, finding that "the totality of the allegations support a plausible inference that the defendants are liable." *Id.* at 5. Applying these factors to Plaintiff's allegations further reinforces that Plaintiff has not alleged sufficient facts to state a TCPA claim against Onvoy. *See* (Dkt. 58 at 13-19). Simply put, Plaintiff has not (and indeed cannot) allege detailed facts to support any of the factors noted in *Mey*.

Second, to the extent *Mey* suggests that an intermediate carrier, like Onvoy, could be held liable under the TCPA, it is an outlier and wrongly decided. As discussed in Onvoy's Motion to Dismiss, an intermediate carrier cannot be liable under the TCPA. (Dkt. 58 at 16-17).

For the reasons stated above and in Onvoy's Motion to Dismiss (Dkt. 58), the Court should grant Onvoy's motion and dismiss Plaintiff's claims against it with prejudice.

4893-9542-1648, v. 5

Dated: July 12, 2024

Respectfully submitted,

*/s/ Nicholas V. Merkley*
Nicholas ("Nick") V. Merkley, OBA No. 20284
Gerard D'Emilio, OBA No. 33496
GABLEGOTWALS
BOK Park Plaza
499 West Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
Tel (405) 235-5500 | Fax (405) 235-2875
Email   NMerkley@Gablelaw.com
            GDemilio@Gablelaw.com

and

Shawn D. Golden, OBA #21431
Heidi Rasmussen, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
Telephone: +1.713.890.5000
shawn.golden@morganlewis.com
heidi.rasmussen@morganlewis.com

Ezra D. Church, *pro hac vice*
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
ezra.church@morganlewis.com

*Attorneys for Onvoy, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing and served on the following via First-Class United States Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129

                                              /s/ Nicholas V. Merkley
                                              Nicholas V. Merkley