IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA,

    Plaintiff,

v.                                                            Case No. CIV-24-498-SLP

REAGAN GOLD GROUP LLC, et. al,

    Defendants.
_____/

**DEFENDANTS REAGAN GOLD GROUP LLC AND STEVE FRANCIS MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT**

# DEFENDANTS REAGAN GOLD GROUP LLC AND STEVE FRANCIS MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT

Defendants REAGAN GOLD GROUP LLC ("RGG") and Steve Francis, individually and as Manager/Officer of Heritage ("Francis"), by and through undersigned counsel of record, and pursuant to Rule 12(b)(2) and (b)(6) of the Federal Rules of Civil Procedure ("Rules"), respectfully request that this Court dismiss the claims asserted against them in the Complaint, ECF No. 1-1,[1] with prejudice for the reasons stated herein.

## PRELIMINARY STATEMENT

### I. The Parties

Plaintiff Anthony Trupia ("Plaintiff") is a self-described "professional" plaintiff who files complaints against dozens of defendants in courts throughout the country, with all fifty states' attorneys general, and state bar grievance committees. These complaints are based on conspiracies of fraud, *see* Compl. ¶ 53 ("Plaintiff is admittedly very litigious[.]"), and Plaintiff holds out on his Twitter account (@short_straw), "I sue big unethical corporations for a living. Follow me if you want to see how it's done!" *See* Compl. ¶ 54; *see also, e.g.*, *Trupia v. Altman*, No. CGC-23-606176 (Cal. Sup. Ct. San Francisco Cnty.), Compl. ¶¶ 1, 11, 73 (filed Apr. 26, 2023) (suing approximately thirty-six defendants for a host of allegations).

---

[1] Plaintiff stylized the Complaint as a "Petition." Compl. at 1.

Defendant RGGUSA is a small California limited liability company that sells precious metals and rare coins. Defendant Francis is one of RGGUSA's principals.

## II. The Complaint: Plaintiff Sued Heritage, Patton, and Their Counsel

True to form, Plaintiff filed the instant lawsuit, asserting thirteen claims pursuant to the Telephone Consumer Protection Act, Telemarketing and Consumer Fraud and Abuse Prevention Act, and regulations thereunder (collectively, the "TCPA") and related Oklahoma law against approximately twenty-four defendants scattered around the country, including: South Florida; Long Island, NY; Los Angeles, CA; Columbus, OH; and Chicago, IL. Plaintiff also filed complaints with attorneys general and others. Most Defendants are businesses and those businesses' principals—like RGGUSA and Francis, respectively—which Plaintiff alleges engaged in an illegal telemarketing conspiracy (collectively, "TCPA Defendants"). Importantly, while often lumped together, the Complaint fails to allege any connection between the TCPA Defendants.[2]

---

[2] The TCPA Defendants consist of entities, collectively alleged as "SPAM-CALLERS" and their principals, who appear to collectively be alleged as "PARTNERS." *E.g.*, Compl. ¶ 224.

In brief, Plaintiff alleges that, as part of a conspiracy to harass him, RGGUSA placed a single call to Plaintiff on November 03, 2023 (the "November 3rd Call"). *See* Compl. ¶ 131. This call was unanswered by the Plaintiff, shortly after the Plaintiff called RGGUSA and requested to be placed on RGGUSA's Do Not Call List. RGGUSA complied.

ever substance of the call is not alleged, but Plaintiff sent a demand letter to Heritage on the same day, which prompted a return call from Heritage's principal, Patton.³ *See id.* ¶ 56. Plaintiff then demanded to speak with Heritage's counsel, which prompted a call from ZPSL's representative, Ludens.⁴ *See id.* ¶ 57.

Plaintiff then filed suit, apparently alleging damages in Count XIII caused by the two calls on February 11th in response to his demands (collectively, the "February 11th Calls") and damages in all Counts caused by the one February 7th Call—against not only Heritage and Patton but, also, their counsel, Lawyer Defendants. Importantly, it is unclear from the Complaint which claims—if any—pertain to Lawyer Defendants (other than maybe Count XIII, at most).

---

³ Plaintiff alleges that Patton made this call on February 11, 2024. Heritage and Patton, however, have reviewed their records and confirm that the call was made on February 8, 2024. *See* Decl. of Kyle Patton ¶ 8 (June 27, 2024) ("Patton Decl."). For purposes of ruling on the merits of this Motion (as opposed to personal jurisdiction), the Court must accept Plaintiff's allegations as true, so Heritage and Patton simply note the accurate date for the record. *See infra* Argument, Part I.

⁴ Although Plaintiff alleges that this call was also made on February 11, 2024, Lawyer Defendants have a screenshot from their phone system showing the date of the call as February 8, 2024. *See* Decl. of Zachary D. Ludens, Esq. ¶ 10 & Ex. 2 (June 27, 2024) ("Ludens Decl."). Again, the accurate date is stated here only for the record.

**III.    The Claims Against RGG and Francis Should Be Dismissed**

The claims against RGG and Francis should be dismissed with prejudice for the following reason.

The Court lacks personal jurisdiction over them. None of the Defendants making this Motion are domiciled in Oklahoma for general jurisdiction, and the alleged November 3rd Call by RGG and Francis, is insufficient in number to support specific jurisdiction over each of those defendants as a matter of law.

The November 3rd Call also cannot support personal jurisdiction because none of the claims arise from them. The only arguably related claim is based on an Oklahoma criminal statute, which creates no private right of action.

Second, the Complaint fails to satisfy notice pleading standards because of contradictory and untrue allegations on RGG's reputation, partners and practices. Plaintiff claims that RGG's alleged November 3rd call through VolP provider LEVEL 3 COMMUNICATIONS, LLC, the same provider used by PATTON ¶ 133, while RGG has no affiliation with Defendant PATTON, RGG sole VoIP provider is Ringcentral, and no other VoIP service has been used by RGG.

Plaintiff is making false statements about our web presence ¶ 130, and fails to state that Reagan Gold is BBB accredited with a A+ rating. In addition, RGG does not now or in the past have the capability to leave a prerecorded voicemail or robocalling ¶ 135 - 137

4

Third, the Complaint is an impermissible "shotgun pleading" as the claims improperly reference all defendants collectively, making it nearly impossible for RGG, and Francis to discern which claims and allegations apply to them. The Complaint is also worse than a shotgun pleading because it fails to incorporate any factual allegations into the specific causes of action and, even if incorporated, would still be insufficient because the Counts merely recite the elements of the claims (which are also incorrectly stated). According ¶ 132, Plaintiff is claiming RGG has initiated hundreds of preceding spoofed calls, this is in contradiction to ¶ 131 and the Demand Letter that was sent that there was only one call made, Plaintiff has stated on social media he just puts all unknown callers as one to get companies to settle with him. If plaintiff would have asked for proof of how many calls were made it would have been provided. In addition, RGG has partnered with Hiya (https://www.hiya.com/) to brand every call RGG makes.

Fourth, the conclusory allegations regarding Francis fail to support personal liability based on personal involvement in the November 3rd Call or through a veil-piercing theory.

Fifth, the elements of each cause of action are inadequately pled.

Sixth, and finally, the laws on which Plaintiff relies for certain claims do not create a private right of action.

For these and other reasons, Defendants and the claims against them should be dismissed with prejudice.

# ARGUMENT

I. **Legal Standards**

   A. **Rule 12(b)(2) Motions to Dismiss for Lack of Personal Jurisdiction**

On Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction, the plaintiff bears the burden to prove personal jurisdiction over each defendant. See Eighteen Seventy, LP v. Jayson, 32 F.4th 956, 964 (10th Cir. 2022); Gould v. Wyse, No. 22-2075, 2023 WL 4994511, at *2 (10th Cir. Aug. 4, 2023). If the Court rules on such a motion without an evidentiary hearing, the plaintiff must make a prima facie showing of jurisdiction based on "uncontested" factual allegations, and conclusory allegations are ignored. XMission, L.C. v. Fluent LLC, 955 F.3d 833, 839 (10th Cir. 2020); see also Jayson, 32 F.4th at 964; Gould, 2023 WL 4994511, at *2. Allegations in the Complaint are not accepted as true if controverted by defendant's affidavits, but factual disputes in conflicting affidavits are resolved in Plaintiff's favor. Guadnola v. Hawaii Dep't of Educ., No. CIV-19-1114-G, 2021 WL 1093099, at *1 (W.D. Okla. Mar. 22, 2021).

   B. **Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim**

Under Rule 12(b)(6), a Complaint must be dismissed unless it alleges sufficient facts to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Courts must accept all factual allegations as true, but legal "conclusions[] and a formulaic recitation of a cause of action's elements will not do," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007), nor will "allegations [that] are contradicted by [] other allegations," Coleman v. Farnsworth, 90 F. App'x 313, 316 (10th Cir. 2004).

Additional facts must be alleged under Rule 9(b) if "factual allegations underlying a particular theory of recovery 'sound in fraud,'" even without a fraud claim. *Integrated Bus. Techs., LLC v. Netlink Sols., LLC*, No. 16-CV-048-TCK-PJC, 2016 WL 4742306, at *4 (N.D. Okla. Sept. 12, 2016). In that event, the complaint must allege "the 'who, what, where, when, and how' of the alleged fraud," including "'the time, place and contents of the false representations, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000); *see George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1254 (10th Cir. 2016).

## II. The Court Lacks Personal Jurisdiction over Defendants

The Court should dismiss Defendants and the claims against them with prejudice for lack of personal jurisdiction. The Complaint, ¶¶ 12 - 14, concedes that Defendants are domiciled only in Los Angeles, California, so Oklahoma lacks general jurisdiction over them. *Guadnola*, 2021 WL 1093099, at *2. Thus, only specific jurisdiction could apply, but as shown below, it does not. *See id.* (noting that jurisdiction is "either general . . . or specific").

### A. The Court Lacks Specific Jurisdiction over Defendants

The two-part legal analysis for specific jurisdiction "collapses into the single due process inquiry" because the jurisdictional reach of Oklahoma's long-arm statute and the U.S. Constitution is the same. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988). For personal jurisdiction to satisfy due process: (1) the "defendant must have 'purposefully established minimum contacts within the forum state'"; and (2) "the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial

justice." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020). Plaintiff cannot prove either of these elements as to either RGG or Francis.

**III. Plaintiff Fails to State a Claim Against Defendants**

    **A. The Claims Fail to Satisfy Ordinary Notice Pleading Standards**

Plaintiff's claims against RGG and Francis fail because they are based on contradictory allegations. See Coleman, 90 F. App'x at 316, 318 (dismissing complaint as "insufficient to state a cause of action" because key allegation "is directly contradicted by . . . other allegations"). For example, Plaintiff alleges that RGG called using a fake Oklahoma area code, Compl. ¶ 245, which contradicts the allegation that RGG called from a 561-area code, id. ¶ 131. Calls from fake numbers form the crux of Plaintiff's TCPA violations, so the contradiction causes the claims against RGG and Francis to fail. Accordingly, the TCPA claims against them should be dismissed.

Further, the Complaint fails to give defendants "fair notice" of the claims because it is a shotgun pleading with vague and confusing allegations that address defendants collectively. Twombly, 550 U.S. at 545; see Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (dismissing claim because "the collective term 'Defendants' . . . with no distinction as to what acts are attributable to whom" make it "impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed"); Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)

("The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of."). Compounding the confusion, the various causes of action listed in the Complaint do not specify any of the many defendants to which each Count is directed. Plaintiff admits that not every call to him was automated, so Heritage's alleged call might not even be alleged as unlawful. See, e.g., Compl. ¶ 229 (emphasis added) ("Many of the alleged calls and texts were . . . automated[.]").

A complaint can also be a "shotgun pleading" by "recit[ing] an extended narrative at the beginning of the pleading, and proceed[ing] to state numerous claims by simply reciting the formulaic elements of the claim and referring holistically to the preceding narrative as support," for which "courts in this District have admonished litigants." *Southwell v. Allstate Prop. & Cas. Co.*, No. 20-CV-01272-PAB-KMT, 2020 WL 4287194, at *2 (D. Colo. July 27, 2020) (citing cases). Here, the Complaint is far worse because it recites an extended narrative at the beginning but does not incorporate *any of those facts at* all in any of the Counts and does not even recite all of the elements of each claim. See id.; In re White, No. 20-12251-SAH, 2021 WL 450992, at *5 (Bankr. W.D. Okla. Feb. 8, 2021) (dismissing complaint involving only one defendant because "Plaintiff makes no effort to connect the Amended Complaint's multiple collective fact allegations to the elements of each of her separate claims for relief . . . , unnecessarily leaving Defendant and the Court to decipher Plaintiff's jumble of facts, law, and claims. This type of shotgun pleading contravenes Rule 8's notice pleading standard.") (citing Hart v. Salois, 605 F. App'x 694, 701 (10th Cir. 2015));

Compl. at 30–35. Further, and as a result, the claims are also conclusory. See Twombly, 550 U.S. at 545 (holding that legal "conclusions[] and a formulaic recitation of a cause of action's elements will not do"). For any of these reasons, the claims must be dismissed.

**B.   The Complaint Fails to Allege That Patton Is Liable for Heritage's Alleged Misconduct**

The Complaint fails to state a claim against Francis for RGG's alleged misconduct. Plaintiff mistakenly believes that Francis can be liable for his company's alleged misconduct simply because he is a manager of a limited liability company. *See* Compl. ¶ 44 (seeking to hold "PARTNERS" "individually liable for the many illegal actions described in this complaint and to pierce the corporate veil"). For "[i]ndividual officers of an entity violating the TCPA [to] be personally liable," they must have "direct, personal participation in or personally authorized the conduct" that violated the statute. *Braver v. Clear Sky Fin., LLC*, No. CIV-22-710-R, 2023 WL 5439224, at *2 (W.D. Okla. Aug. 23, 2023) (quoting *Doyle v. JTT Funding, Inc.*, 2019 WL 13037025, at *9 (C.D. Cal. Dec. 2, 2019)). To pierce the corporate veil of a California company, the Complaint must allege that Francis: (i) so "dominated and controlled the LLC" that it had "no existence independent of [him]" and was a "mere instrumentality or alter-ego" of him; (ii) "used the LLC's corporate form fraudulently or for an improper purpose"; and (iii) "fraudulent or improper use of the LLC's corporate form caused injury to [Plaintiff]."

("[W]hen a conflict of laws arises with regard to piercing the corporate veil, the law of the state of incorporation will be applied to determine whether piercing the corporate veil is appropriate.").

The allegations in the Complaint complaining of a single marketing call on November 3rd do not support personal liability here. The Complaint improperly lumps Francis with all other "PARTNERS" and makes conclusory allegations about their knowledge of illegality, personal participation, and general control over their companies. *See* Compl. ¶¶ 14, 278–86. Those allegations not only fail to support personal liability but, also, must be ignored as conclusory. *See XMission*, 955 F.3d at 839. Thus, Plaintiff fails to state any claims against Francis.

### D. The Complaint Fails to State a Claim Against RGG

#### 1. Count I: Abusive Telemarketing

Count I purports to be a claim under 15 U.S.C. § 1602(c), but that statute does not create a private cause of action because it merely defines the term "Board" for consumer credit protection statutes, which is also entirely unrelated to the allegations here.

Count I also fails to state a claim under 16 C.F.R. § 310.3(b), which prohibits any person from "provid[ing] substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates §§ 310.3(a), (c) or (d), or § 310.4 of this part." Paragraph (a) prohibits a laundry list of deceptive statements, and Paragraph (c) concerns credit card laundering, none of which are alleged.

Paragraph (d) prohibits deception in solicitation charitable donations, which is irrelevant to and contradicted by the Complaint because Plaintiff alleges that Heritage is a for-profit business.

Section 310.4 prohibits various instances of "abusive" telemarketing, many of which concern transactions that have nothing to do with RGG's alleged business of selling coins, silver, and gold.

Count I also fails because Plaintiff did not satisfy a condition precedent for bringing this claim: serving written notice on the Federal Trade Commission "prior to [] initiating an action under this part" or "immediately upon instituting [the] action." 16 C.F.R. § 310.7; *see Humana Pharmacy Sols., Inc. v. Michelin*, No. 20-81361, 2021 WL 3403950, at *10( dismissing claim because "[t]hese requirements are mandatory, yet there is no indication that Plaintiffs provided the requisite notice to the FTC prior to or shortly after initiating this action on August 20, 2020").

Therefore, Count I fails to state a claim.

### 2. Counts II to IV: Abusive Telemarketing

Counts II to IV are duplicative of each other and Count I and, therefore, are subject to the same deficiencies discussed above. *See supra* Argument, Part III(D)(1). Counts II to IV also fail to state a claim for additional reasons.

Counts II to IV do not pertain to any defendants at all. They allege "sellers or telemarketers" generally and not "SPAM-CALLERS," the term that Plaintiff uses to refer to TCPA Defendants. Because the claims do not concern any defendants, they necessarily fail.

Count II alleges a violation of 16 C.F.R. § 310.4(b)(1)(ii)(B), which does not exist. The only somewhat factual allegation in Count II, Compl. ¶ 295, is incomprehensible and fails to identify any defendants. Thus, Count II fails to state a claim against Defendants.

Count III uniquely cites 16 C.F.R. § 310.4(b)(1)(iii)(B), which concerns the "do-not-call" registry, but the only facts alleged in Count III concern Plaintiff's disinterest in receiving calls from sellers offering goods or services on behalf of charitable organizations. Thus, no factual allegations in Count III support the claim, so no claim is stated.

Count IV uniquely cites 16 C.F.R. § 310.4(b)(1)(v)(A)(i), but that subparagraph is an *exception* to a type of "abusive" telemarketing call, so no claim is stated.

### 3. Count V: Do-Not-Call Registry Violation

Count V fails to state a claim under 47 U.S.C. § 227(c)(5) because Plaintiff fails to allege that he (1) "received more than one telephone call within any 12-month period" (2) by RGG (3) in violation of the do-no-call list regulations. At best, Plaintiff received a total of two calls from RGG.

Plaintiff also fails to state a claim under 47 C.F.R. § 64.1200(c)(2), which prohibits calling any "residential telephone subscriber" who registered their phone number with the do-not-call registry. Plaintiff fails to allege that he is a "residential telephone subscriber" because he admits that he uses his phone for "businesses he actually transacts with," Compl. ¶ 55, so it is not used "primarily for residential purposes," *Klassen v. Solid Quote LLC*, No. 23-CV-00318-GPG-NRN, 2023 WL 7544185, at *3 (D. Colo. Nov. 14, 2023); *see Gillam v. Reliance First Cap., LLC*, No. 21CV4774JMAJMW, 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023) (dismissing complaint for failure to allege residential use despite allegations that phone was not "associated with a business" and "primarily for personal use"); *Hicks v. Alarm.com Inc.*, No. 1:20-CV-532, 2020 WL 9261758, at *5 (E.D. Va. Aug. 6, 2020) (dismissing complaint for failure to alleged "residential telephone subscriber" despite allegations that phone "is not associated with a business and is for personal use"). Therefore, Count V fails to state a claim.

### 4. Counts VI, VII, VIII, and X: Automated and Artificial Voice Calls

Counts VI, VII, VIII, and X fail because they do not allege that the purported call from Heritage used an artificial or prerecorded voice or an "automatic telephone dialing

system or an artificial or prerecorded voice" (an "ATDS"). Such an ATDS "must have the capacity to either store or call a telephone number using a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 398 (2021); *see Montgomery v. Cap. One Bank (USA), N.A.*, No. CV 22-347-SDD-SDJ, 2023 WL 2705860, at *6 (M.D. La. Mar. 14, 2023), *report and recommendation adopted*, No. CV 22-347-SDD-SDJ, 2023 WL 2700707 (M.D. La. Mar. 29, 2023) (dismissing TCPA claim for unalleged ATDS); *Trumper v. GE Capital Retail Bank*, Civ. No. 2:14–cv–01211 (WJM), 2014 WL 7652994, at *2 (D.N.J. July 7, 2014) (dismissing claim for insufficiently alleging prerecorded voice); *Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015) (same, noting lack of "'sufficient contextual details to determine whether [plaintiff] spoke to a human or merely heard a recording'") (quoting *Aikens v. Synchrony Fin.*, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015)). Plaintiff even fails to allege personal knowledge of any calls in these counts and, instead, group pleads "[u]pon information and belief" that all defendants generally violate these regulations. Compl. ¶ 308.

Count VI also fails to state a claim for not satisfying the "residential" telephone subscriber requirement. *See supra* Argument, Part III(D)(3).

Count VII also fails to state a claim under 47 U.S.C. § 227(b)(1)(A)(iii) because there is no allegation that Heritage charged Plaintiff for the call.

Count VIII also fails to state a claim under 47 C.F.R. § 64.1200(b)(1)[5] because there is no allegation that RGG's call failed to identify RGG or how Plaintiff knew that RGG called without RGG identifying itself.

### 5. Counts IX and XIII: No Private Right of Action

Counts IX and XIII fail to state a claim under 47 C.F.R. § 64.1604(a), 47 U.S.C. § 227(e)(1), and Section 21-1172 of the Oklahoma Statutes because those laws do not create a private right of action. *Doane v. Syed*, No. 1:19-CV-00111-JPB, 2020 WL 11191696, at *2 (N.D. Ga. Jan. 13, 2020) (discussing 47 U.S.C. § 227(e)(1)), *vacated and remanded on other grounds sub nom. Doane v. Tele Cir. Net. Corp.*, 852 F. App'x 404 (11th Cir. 2021) (dismissing claims) (citing *Clark v. Avatar Techs. PHL, Inc.*, No. H-13-2777, 2014 WL 1342033, at *4 (S.D. Tex. Apr. 3, 2014)); *Free Conferencing Corp. v. Comcast Corp.*, No. CV154076FMOPJWX, 2016 WL 7637664, at *7 (C.D. Cal. May 31, 2016) (citing cases) ("There is no private right of action for violations of 47 U.S.C. § 227(e)."); *Dobronski v. Selectquote Ins. Servs.*, 462 F. Supp. 3d 784, 789 (E.D. Mich. 2020) (citing cases) (dismissing claim under 47 C.F.R. § 64.1604(a) because it does not create a private right of action and because plaintiff's two cases to the contrary did not address whether a private right of action existed); *Slocum v. City of Claremore*, No. 08CV756GKFPJC, 2009 WL 2835399, at *6 n.3 (N.D. Okla. Aug. 28, 2009) ("Under 21 O.S. § 1172, . . . the statute creates no private cause of action.").

---

[5] Plaintiff claims to state a claim under 47 U.S.C. § 227(d)(3)(A), but that statute merely authorizes a government agency to promulgate the regulation cited in the count.

**6. Count XI: Failing to Transmit Caller's Telephone Number**

Count XI fails to state a claim under Section 15-775C.3(B) of the Oklahoma Statutes because it requires a "fail[ure] to transmit . . . the originating telephone number," but Plaintiff alleges the phone number from which Plaintiff called. *See* Compl. ¶ 133. Even if RGG's call displayed "misleading or inaccurate caller identification information," *id.* ¶ 319, that allegation is conclusory, and Count XI fails to allege: "how" Plaintiff could know that; "when" the call was made; the number that displayed; and all other information to satisfy heightened pleading. *See Integrated Bus. Techs.*, 2016 WL 4742306, at *4. The claim also fails to allege that (1) Plaintiff attempted to call RGG at the phone number that displayed and (2) that either (a) the number is not "capable of receiving telephone calls" or (b) his call did not connect him "to the telephone solicitor or to the seller." *Grajales v. Genesco, Inc.*, No. 8:23-CV-420-SCB-TGW, 2023 WL 5522698, at *3 (M.D. Fla. Aug. 28, 2023)

**7. Count XII: Invasion of Privacy by Intrusion upon Seclusion**

Count XII fails to state a claim for invasion of privacy by intrusion upon a person's seclusion, which requires: "(a) a nonconsensual intrusion (b) which was highly offensive to a reasonable person." *Salmon v. CRST Expedited, Inc.*, No. 14-CV-0265-CVE-TLW, 2016 WL 47876, at *5 (N.D. Okla. Jan. 4, 2016). To be highly offensive, "the telephone calls [must be] repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded." *Id.* While Plaintiff alleges this degree of telephone calls, he admits that they are from many businesses, not just Plaintiff. Plaintiff fails to allege that RGG

17

specifically has called so many times as to be highly offensive and a substantial burden to his existence.  On the contrary, there were, at best, two calls from Defendant RGG—the November 1st Call and the November 3rd CallThus, the claims against all of those defendants should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion, dismiss all claims against Defendants with prejudice, and grant such other and further relief as the court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that, on July 19, 2024, I filed the foregoing document with the Court's CM/ECF system and served it by First Class U.S. Mail and e-mail on the following person, who is not a registered participant of the Electronic Filing System:

Anthony Trupia
605 SE 21st Street
Oklahoma City, OK 73129
E-mail: trupiaar@gmail.com

**STEVE FRANCIS, REAGAN GOLD GROUP CEO**

By: _____