# EXHIBIT 1

**This is a Demand Letter:**

To Reagan Gold Group, LLC:

Your company, Reagan Gold Group, LLC, is part of a group of Robocall/Spam call companies that have bombarded my phone with hundreds of calls and texts over the last 4 months unsolicited, and without express, written consent. This is a violation of the federal TCPA, the Oklahoma Telephone Solicitation Act of 2022, and likely a violation of your state's version of the TCPA.

These statutes provide private remedies for callers aggrieved by these kinds of violations. The TCPA allows for recovery of up to $1,500 per statutory violation, the Oklahoma 2022 bill allows for recovery of up to $1,500 per statutory violation, and your state bill likely allows for recovery of up to $1,500 per statutory violation. In short, the combination of federal and state laws here allows private parties to collect $4,500 per violation. **The group you are part of has called or texted me no less than 270 times. Many of these are spoofed phone numbers.**



Considering the majority of these calls are unsolicited, made by an auto-dialer, and made from spoofed numbers to qualify 'potential consumers', the group you are part of has potentially committed millions of dollars in violations on my phone number alone. You may wish to argue you are not part of a group or only responsible for some calls, however, each of you has gone to significant lengths to conceal your identities and the quantity and nature of your calls. It is difficult to distinguish which of you is tied to each of these 270 calls. If you wish to argue exactly which calls originated from your company, which violations are yours, and which are not, you will need to do so in federal court.

I know for a fact you are one of the Spam Callers. You called me November 3rd at 9:46am from (310) 424-4206. You also left me an email from the same number from an operator named Adam, discussing a Gold and Silver Retirement guide, which I have saved.

I will address a couple issues for you right now for the sake of expediency.

1. I am not an attorney, but I am an experienced litigant. You can simply google "Anthony Trupia lawsuit" to confirm the truth of this statement. You will see I have litigated cases that are significantly more complex than TCPA issues.

2. Text messages are calls. See *Satterfield v. Simon & Schuster, Inc.., 569 F. 3d 946 (9th Cir. 2009)*.
3. "Express consent" means consent that is clearly and unmistakably stated (same case).
4. On Feb 15, 2012, the FCC adopted a TCPA report and order requiring <u>written</u> consent for calls and texts of this nature.
5. The TCPA imposes strict liability on callers who unintentionally call a wrong number due to the number changing hands or being improperly provided by a customer. See *SOPPET v. ENHANCED RECOVERY COMPANY LLC (2012)*.

It does not matter if you claim this is a mistake; I never provided you any kind of permission to contact me, let alone express written consent. This is the danger of making mass robocalls and texts. You have two options now: you can settle this with me out of court, where it will be inexpensive, private, and generally painless, or you can ignore this demand letter.

**Option 1: Private Settlement**

1. I will accept $15,000 for a complete settlement and resolution of this matter. You are already much deeper in violations; however, I choose this number for a simple reason. It will still be similar to or cheaper than the starting cost/retainer you would need to pay anyway to hire an attorney to fight this case in federal court. It's a pretty fair offer.
2. To accept this offer, you will need to have an in-house attorney, or hire an attorney, to write you a proper NDA/release of liability. I cannot provide one for you. I will sign any NDA or release of liability you like; guaranteeing you this matter is resolved fully.
3. To accept this offer, you will need to confirm you wish to accept the offer and have an attorney call me and finish the paperwork before close of business December 6th, 2023. This is ten business days from now. Settlement can be made by any electronic means; wire transfer, Paypal, Cash App, etc. Checks are not accepted.

**Option 2: Fight this in Court**

1. If you choose to fight this with me in court, it is going to be expensive, and may result in the complete bankruptcy of your company. For one, I will not take less than every dollar I am owed in violations, and two, I will fight strenuously to pierce the corporate veil.
2. *Your legal costs alone will eclipse the settlement offer I have provided to you on the first day you hire an attorney*.
3. The template suit I already have written up is based on a couple suits filed by the various State Attorneys General, who combined lead a 50 state Robocall Taskforce. The State Attorneys General write as close to airtight lawsuits as exist. I'm a pro se litigant, I am not foolish; I carefully studied and copied SAG lawsuits to write my own.
4. The last time I filed a TCPA lawsuit, the company settled the suit before it even hit the docket; they waited to hire lawyers until the suit was filed, and the lawyers instantly told them they were risking their entire company letting my complaint escalate.
5. When your 10 days expire, the second thing I'm going to do after filing suit is contact *all fifty State Attorneys General* to inform them of your business activities. **All fifty**. Here is a collage of 50 SAG complaints I filed against Sprint over a cell phone bill, I would absolutely do this to you over TCPA violations:



6. Getting on the radar for Robocalls with the SAGs is basically a death sentence for a company like yours. The SAGs can pursue you for damages for *every single call you've made*. They make hundreds of millions of dollars doing this annually. This can turn into millions in fines for a single day of calling:

### What are the penalties for unlawful calling? How do they differ from the federal to state level?

The penalties are serious, and they differ not only from state to federal, but also from state to state. The important thing to know is that penalties are enforced on a per-call basis, meaning that penalties and private litigant damages can snowball quickly. Also, if a company is found to have violated the TCPA and state laws, it can face penalties and damages under both frameworks. Take an example of a hypothetical company that makes a modest 5,000 calls per day. If it violates both the TCPA's prohibition on calling using an automatic telephone dialing system without proper consent and Florida's similar prohibition, it could face up to $15,000,000 in potential private litigant damages from just that one day of calling. And that isn't even counting the potential penalties imposed by regulators. Some states even have criminal penalties for certain violations.

7. I have an extensive spreadsheet list with every class action law firm and every law firm handling TCPA cases in the country, and I will email all of them with the case number when I file. Typically this results in many other lawsuits following the suit I initially file. Even if you choose to settle with me at this point, I will not be able to take back these emails.
8. Finally, while no case is actually 'open and shut,' TCPA cases are the closest thing to it. With the framework provided by the SAGs, it is unlikely you would win in court. Pro se litigants win TCPA cases all the time. You will probably still end up paying me for every single violation plus my court costs.
9. You are looking at a bare minimum of $100,000 in costs if you fight this with me in court and the potential end of your company buried under fines at a maximum.

You should email me back ASAP to confirm you understand this is serious and you are hiring a lawyer to negotiate/settle this case with me. All communications must be in writing from here. If I have not heard from you by December 6th, 2023, a suit will be filed by December 7th, 2023. A paper copy of this demand letter will be sent to you at:

Reagan Gold Group, LLC
2029 Century Park E #400

Los Angeles, CA 90067-2905

Anthony Trupia
516-984-0142
Trupiaar@gmail.com