IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUL 24 2024
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ naa_____, DEPUTY

**ANTHONY TRUPIA,**

    **Plaintiff,**

v.                                         NO. CIV-24-498-J

**HERITAGE HARD ASSETS LLC; et al.,**

    **Defendants.**

## PLAINTIFF'S MOTION TO STRIKE DEFENDANTS REAGAN GOLD GROUP, LLC AND STEVE FRANCIS'S UNTIMELY MOTION TO DISMISS

Plaintiff respectfully moves the Court to strike Defendants' "DEFENDANTS REAGAN GOLD GROUP LLC AND STEVE FRANCIS MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT" (Doc. 77). In support of this Motion, Plaintiff states as follows:

1. On July 22, 2024, Defendant STEVE FRANCIS filed this Motion to Dismiss Plaintiff's Complaint (Doc. 77) on behalf of himself and REAGAN GOLD GROUP, LLC.

2. This frenetic, screed laden, discursive motion filed by STEVE FRANCIS is riddled with errors, inconsistencies, legal violations, and violations of the Federal Rules of Civil Procedure and local court rules. There are too many for Plaintiff to spend more time on. The issues with this motion are doubly problematic because Defendant STEVE FRANCIS is trying to represent REAGAN GOLD GROUP, LLC, a limited liability company, as a pro se litigant. This is unauthorized practice of law and to have filed this motion STEVE FRANCIS **clearly dominates and controls the LLC such that it has no existence independent of him and is a mere instrumentality or altar-ego of him, and he is using the corporate form fraudulently or for an improper purpose**.

3. To begin with, STEVE FRANCIS files this motion pro se on behalf of himself **and** his LLC. He cannot represent his LLC if he is not a practicing attorney with admission to practice in this court, and his LLC certainly cannot appear pro se: Parties *who are not natural person may not appear* <u>*pro se*</u> (underline by Courts) LCvR17.1. This is also well established in case law: "*We conclude the Legislature cannot constitutionally vest in a person not licensed to practice law the right to appear in a court of record in behalf of another person, including a corporate entity. We therefore affirm the judgment.*" Merco Constr. Engineers, Inc. v. Municipal Court, [21 Cal. 3d 728].

4. If STEVE FRANCIS is an attorney licensed to practice and can represent his LLC, he has provided no documents certifying to such and no notice of entry to file papers on behalf of REAGAN GOLD GROUP, LLC.
5. STEVE FRANCIS has not filed a written petition for admission as required by LCvR83.2(c).
6. STEVE FRANCIS doesn't seem to be eligible to file a petition under LCvR83.2(d).
7. STEVE FRANCIS hasn't filed a motion for reciprocity under LCvR83.2(e).
8. STEVE FRANCIS hasn't filed a motion for admission to practice Pro Hac Vice under LCvR83.2(g).
9. STEVE FRANCIS hasn't filed for relief from rules requiring association with local counsel for some reason of hardship, see LCvR83.3(c).
10. The case title is wrong. "*ANTHONY TRUPIA, Plaintiff, v. REAGAN GOLD GROUP, LLC, et al, Defendants.*" is simply incorrect formatting and a violation of FRCP Rule 10(a) Form of Pleadings: *(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.* The correct format allows for generally naming other parties after the <u>first</u> party on each side, which in this case would make the correct formatting: "*ANTHONY TRUPIA, Plaintiff, v. HERITAGE HARD ASSETS LLC, et al, Defendants.*"
11. The case number is wrong, a violation of the same rule, FRCP Rule 10(a). The correct case number or "file number" is CIV-24-498-J.
12. STEVE FRANCIS failed to comply with Rule 11(a) of the Federal Rules of Civil Procedure which requires that "[e]very pleading, written motion, and other paper . . . must state the signer's address, email address, and telephone number." Fed. R. Civ. P. 11(a). Defendant has been non-compliant with the Rule as he has not included his personal address, his email address, or his telephone number in this filing. This court stated in Docket Entry 34, regarding this rule: "**<u>Going forward, the Court will strike any papers that do not include the requisite Rule 11(a) information.</u>**" The bold and underline on this sentence were added by the court, not by the plaintiff preparing this motion.
13. Pursuant to Rule 5(d)(3)(B)(i) of the Federal Rules of Civil Procedure, a pro se litigant "may file electronically only if allowed by court order or by local rule." STEVE FRANCIS has somehow filed electronically as a pro se litigant, despite the fact that this court requires unrepresented parties to file paper documents and no permission has been requested or granted. See ECF Policies &

Procedures Manual, § I(A)(1) and § III(B) and Docket Entry (34) in this case, ORDER denying Plaintiff's request to e-file.

14. Plaintiff requests clarity from this court on how STEVE FRANCIS was able to e-file this motion as an unrepresented litigant.

15. Defendants STEVE FRANCIS and REAGAN GOLD GROUP, LLC, whom he attempts to represent illegally, are filing this motion months past the deadline for REAGAN GOLD GROUP, LLC. Service was effected on REAGAN GOLD GROUP, LLC on April 26th, 2024. The deadline for responsive pleading for REAGAN GOLD GROUP, LLC was May 22nd, 2024. 63 days have passed since the deadline and a motion for default has long since been filed.

16. Once a deadline has passed, Fed. R. Civ. P 6(b)(1)(B) requires a party file a Motion showing the failure to timely act was the result of excusable neglect. Defendant did not file a responsive pleading by the date required by the Court. Having failed to do so, defendant further failed to follow the requirements of Rule 6(b)(1)(B).

17. Defendants STEVE FRANCIS and REAGAN GOLD GROUP, LLC have submitted no agreement or disagreement with the Notice of Removal to Federal Court.

18. Defendant STEVE FRANCIS did not serve this motion via email as he claims in his certification of service on pg. 18. This paragraph appears to be there for the same reason header III (B) is there. STEVE FRANCIS just randomly copied and pasted a bunch of pieces of other defendants' defenses into his own with little idea what they mean or how they are relevant, in violation of FRCP 11(b).

B. **The Complaint Fails to Allege That Patton Is Liable for Heritage's Alleged Misconduct**

The Complaint fails to state a claim against Francis for RGG's alleged misconduct. Plaintiff mistakenly believes that Francis can be liable for his company's alleged misconduct simply because he is a manager of a limited liability company. *See* Compl. ¶ 44 (seeking to hold "PARTNERS" "individually liable for the many illegal actions described in this complaint and to pierce the corporate veil"). For "[i]ndividual officers of an entity violating the TCPA [to] be personally liable," they must have "direct, personal participation in or personally authorized the conduct" that violated the statute. *Braver v. Clear Sky Fin., LLC*, No. CIV-22-710-R, 2023 WL 5439224, at *2 (W.D. Okla. Aug. 23, 2023) (quoting *Doyle v. JTT Funding, Inc.*, 2019 WL 13037025, at *9 (C.D. Cal. Dec. 2, 2019)). To pierce the corporate veil of a California company, the Complaint must allege that Francis: (i) so "dominated and controlled the LLC" that it had "no existence independent of [him]" and was a "mere instrumentality or alter-ego" of him; (ii) "used the LLC's corporate form fraudulently or for an improper purpose"; and (iii) "fraudulent or improper use of the LLC's corporate

Plaintiff received no email from Defendants STEVE FRANCIS or REAGAN GOLD GROUP, LLC. FRANCIS is literally copying and pasting even random certifications he hasn't even bothered to look at or comply with. He has received many emails from Plaintiff and could easily have replied to one with this motion. It has been over 24 hours since this motion was filed. Defendant STEVE FRANCIS also clearly forgot to change his name and his company's name for PATTON and HERITAGE in this paragraph he copied.

19. Finally and most importantly, Defendants generally have failed again to explain how and why they are calling for Howard Ship which is misrepresentation by material omission when they claim "one call" for purposes of jurisdiction. They have failed to explain where they got the 'lead' to call "Howard Ship." Plaintiff must press upon the court the importance of this information, and the importance of the fact that defendants fight so strenuously to avoid revealing it. Defendants are engaged in serious illegal activity, and this court should allow plaintiff to reveal it fully in discovery and trial.

Wherefore, Plaintiff respectfully requests this Court strike Defendants' "DEFENDANTS REAGAN GOLD GROUP LLC AND STEVE FRANCIS MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT" and any future filings for REAGAN GOLD GROUP, LLC filed by STEVE FRANCIS.

Respectfully submitted,

/s Anthony Trupia
605 SE 21ST St.
Oklahoma City, OK 73129
516-984-0142
Trupiaar@gmail.com
Pro Se

Date: 07/24/2024