IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ANTHONY TRUPIA,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**HERITAGE HARD ASSETS LLC; et al.,**<br><br>　　　　**Defendants.** | NO. CIV-24-498-J |

_____

**DEFENDANT REAGAN GOLD GROUP LLC'S
OPPOSED MOTION FOR LEAVE TO FILE ANSWER
OR OTHER RESPONSIVE PLEADING OUT OF TIME
AND BRIEF IN SUPPORT**

_____

　　　　　　　　　　　　　　　　**HALL, ESTILL, HARDWICK, GABLE,
　　　　　　　　　　　　　　　　GOLDEN & NELSON, P.C.**

　　　　　　　　　　　　　　　　Mark Banner, OBA # 13243
　　　　　　　　　　　　　　　　Aaron C. Tifft, OBA # 33288
　　　　　　　　　　　　　　　　**HALL, ESTILL, HARDWICK, GABLE,
　　　　　　　　　　　　　　　　GOLDEN & NELSON, P.C.**
　　　　　　　　　　　　　　　　521 E. 2nd Street, Suite 1200
　　　　　　　　　　　　　　　　Telephone (918) 594-0400
　　　　　　　　　　　　　　　　Facsimile (918) 594-0505
　　　　　　　　　　　　　　　　*mbanner@hallestill.com*
　　　　　　　　　　　　　　　　*atifft@hallestill.com*

　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANT,
　　　　　　　　　　　　　　　　REAGAN GOLD GROUP LLC**

Defendant Reagan Gold Group, LLC ("RGG" or "Defendant"), respectfully files this Opposed Motion for Leave to File Answer or Other Responsive Pleading Out of Time and Brief in Support (the "Motion") in which Defendant requests an additional seven (7) days following entry of this Court's Order Granting this Motion—should this Court so rule—to answer or otherwise respond to Plaintiff's Complaint. In support of its Motion, Defendant states as follows:

1. Pursuant to LCvR 6.3, Counsel for Defendant contacted Plaintiff to ascertain whether he has an objection to this Motion, Plaintiff stated that he objected to the relief sought herein.

2. RGG is a business located and operated in Los Angeles, California.

3. RGG believes that its registered agent was served with a Summons but is unclear as to the date it was served. RGG came to the belief that its response was due on July 22, 2024, based upon the date it was issued, July 1, 2024. [Doc 63 at 31]. RGG is not able to conclusively state when the summons was delivered to the registered service agent.

4. RGG attempted to respond *pro se* previously being unaware that it cannot represent itself without legal counsel.

5. This is the first such request from RGG.

6. Defendant seeks to file its Answer or other responsive pleading out of time on the basis of excusable neglect under Fed. R. Civ. P. 6(b). Pursuant to Rule. 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act

1

because of excusable neglect." Therefore, Rule 6(b) authorizes this Court to accept a late filing where the failure to timely file is the result of "excusable neglect."

7. In determining whether excusable neglect exists, the Court must consider a number of factors, including (1) the possibility of prejudice to the non-moving party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the party acted in good faith. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (citing *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "[T]he determination whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. Torres*, 372 F.2d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer*, 507 U.S. at 395). Defendant respectfully suggests that each of the foregoing equitable factors weigh in favor of allowing the late filing of the Answer here.

8. Here, Plaintiff will not be prejudiced as discovery has not begun, a Scheduling Order has not been entered, and Plaintiff has not yet completed service on all the numerous Defendants.

9. The reason for the delay in part rests with the abnormal service of the Summons drafted by the Plaintiff. It was directed to Steve Francis "individually as manager/officer of [RGG]," but was sent to the registered service agent for RGG. [Doc 63 at 31]. Mr. Francis has not been personally served.

10. RGG is acting in good faith, and went as far as to attempt filing a responsive pleading *pro se*.

11. RGG requests a seven (7) day extension. This extension will not substantively impact the proceedings. There will be minimal to no impact, as most of the parties have yet to answer or be served. Plaintiff has yet to file a return of service for multiple Defendants in this matter.

12. Conversely, if this Court were to deny RGG leave to file an answer or otherwise respond out of time, it would impose a significant penalty on it amounting to default.

13. The filing of an Answer within seven (7) days of the Court's Order will have "no impact on the litigation to this point, and it will have no impact moving forward." *Moore v. City of Tulsa*, No. 14-CV-0152-CVE-FHM, 2014 WL 6836216 *3 (N.D. Okla. Dec. 3, 2014) (finding facts weighed in favor of a finding of excusable neglect notwithstanding five-month delay in filing answer).

WHEREFORE, Defendant respectfully requests the Court grant this Motion allowing RGG an additional seven (7) days following entry of this Court's Order to answer or otherwise respond to Plaintiff's Complaint.

4

Dated: July 31, 2024                                Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
521 E. 2nd Street, Suite 1200
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, REAGAN GOLD GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on July 31, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail, and on August 1, 2024 via first class, U.S. Mail:

> Anthony Trupia
> 605 SE 21st St.
> Oklahoma City, OK 73129
> *trupiaar@gmail.com*
>
> **PRO SE PLAINTIFF**

*s/ Aaron C. Tifft*

20454317.1:014234.00001

5