UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY TRUPIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-498-J |
| | ) |
| HERITAGE HARD ASSETS LLC, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is Defendant South Bay Galleries LLC's (South Bay) Motion for Leave to File Answer or Other Responsive Pleading Out of Time. (South Bay's Mot.) [Doc. No. 53].[1] The motion provides that Plaintiff opposes the relief requested.[2]

On April 22, 2024, Plaintiff initiated this pro se action in Oklahoma state court by filing a "Petition for Civil Penalties, Permanent Injunction, [and] Other Equitable Relief." [Doc. No. 1-1]. He asserts claims against a litany of individuals and entities across the country, including South Bay, largely revolving around his receipt of an increased number of spam calls since signing up for a government-subsidized phone service. Since removal to federal court on May 15, 2024, several parties have moved to dismiss.[3]

Citing excusable neglect, South Bay now moves for leave to file an answer or other responsive pleading to Plaintiff's initial pleading out of time. *See* South Bay's Mot. at 3–5. South

---

[1] All page citations refer to the Court's CM/ECF pagination.

[2] Plaintiff previously moved for Clerk's entry of default against Defendants South Bay, Reagan Gold Group, LLC, and World Harvest Church, Inc. [Doc. No. 46]. The Clerk denied this request, however, because the record lacked a return receipt showing acceptance or a returned envelope indicating refusal service. [Doc. No. 89].

[3] This matter was reassigned to the undersigned on July 17, 2024. [Doc. No. 74].

Bay begins by noting its belief that "its registered agent was served with a Summons on May 8, 2024," which made its answer due by May 29, 2024. *Id.* at 3. It further explains that, following service, it "promptly and repeatedly sought representation from attorneys in the New York area [where it is located] but was unable to retain counsel for representation in this matter until retaining [Oklahoma counsel] on the morning of June 24, 2024."[4] *Id.* at 4. The present motion was then filed "within hours of retaining Oklahoma counsel." *Id.*

Under the Federal Rules of Civil Procedure, a responsive pleading is generally due within 21 days after being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, "a court may, for good cause shown, excuse a party's failure to act within the prescribed time 'if the party failed to act because of excusable neglect.'" *Tomelleri v. Cafepress, Inc.*, No. 14–cv–02239–JAR, 2015 WL 127973, at *1 (D. Kan. Jan. 8, 2015) (quoting Fed. R. Civ. P. 6(b)(1)(B)). The "excusable neglect" inquiry considers four factors:

> (1) "the danger of prejudice"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) the reasons for the delay which includes "whether it was within the reasonable control" of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.

*Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 n.2 (10th Cir. 2017) (unpublished) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Excusable neglect is an "elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs.*, 507 U.S. at 392 (footnote and internal quotation marks omitted).

Upon consideration of the above factors and the entire record in this case, the Court finds that South Bay has demonstrated excusable neglect. South Bay sought representation in its area

---

[4] "So as not to waive any applicable privilege," South Bay's motion notes its willingness "to offer evidence of these efforts for *in camera* review by the Court." South Bay's Mot. at 4 n.1.

following service but faced delays. After retaining counsel in Oklahoma, it promptly filed its present motion—less than a month after the deadline for a responsive pleading. And Plaintiff has yet to serve all named parties in this action, while most of those who have been served have moved to dismiss.

For these reasons, South Bay's Motion for Leave to File Answer or Other Responsive Pleading Out of Time [Doc. No. 53] is GRANTED. South Bay shall answer or otherwise respond to Plaintiff's initial pleading by September 19, 2024.

IT IS SO ORDERED this 12th day of September, 2024.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE