UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY TRUPIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-498-J |
| | ) |
| HERITAGE HARD ASSETS LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Reagan Gold Group, LLC's (RGG) Motion for Leave to File Answer or Other Responsive Pleading Out of Time. (RGG's Mot.) [Doc. No. 86].[1] The motion provides that Plaintiff opposes the relief requested.

On April 22, 2024, Plaintiff initiated this pro se action in Oklahoma state court by filing a "Petition for Civil Penalties, Permanent Injunction, [and] Other Equitable Relief." [Doc. No. 1-1]. He asserts claims against a litany of individuals and entities across the country, including RGG, largely revolving around his receipt of an increased number of spam calls since signing up for a government-subsidized phone service. Since removal to federal court on May 15, 2024, several parties have moved to dismiss.[2]

Citing excusable neglect, RGG now moves for leave to file an answer or other responsive pleading to Plaintiff's initial pleading out of time. *See* RGG's Mot. at 2–4. RGG begins by noting its belief that its registered agent was served with a summons but admits it is "not able to

---

[1] All page citations refer to the Court's CM/ECF pagination.

[2] This matter was reassigned to the undersigned on July 17, 2024. [Doc. No. 74].

conclusively state" when this occurred.[3] *Id.* at 2. RGG further emphasizes its mistaken attempt to proceed pro se by filing a motion to dismiss following service. *Id.* When the Court deemed this attempt improper on July 24, 2024, RGG quickly retained counsel, *see* [Doc. Nos. 84, 85], and filed its present motion on July 31, 2024.

Under the Federal Rules of Civil Procedure, a responsive pleading is generally due within 21 days after being served with the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). However, "a court may, for good cause shown, excuse a party's failure to act within the prescribed time 'if the party failed to act because of excusable neglect.'" *Tomelleri v. Cafepress, Inc.*, No. 14–cv–02239–JAR, 2015 WL 127973, at *1 (D. Kan. Jan. 8, 2015) (quoting Fed. R. Civ. P. 6(b)(1)(B)). The "excusable neglect" inquiry considers four factors:

> (1) "the danger of prejudice"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) the reasons for the delay which includes "whether it was within the reasonable control" of the party seeking to show excusable neglect; and (4) whether that party acted in good faith.

*Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 n.2 (10th Cir. 2017) (unpublished) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Excusable neglect is an "elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs.*, 507 U.S. at 392 (footnote and internal quotation marks omitted).

Upon consideration of the above factors and the entire record in this case, the Court finds that RGG has demonstrated excusable neglect. Due in large part to Plaintiff's failure to file a

---

[3] Plaintiff previously moved for Clerk's entry of default against Defendants RGG, South Bay Galleries LLC, and World Harvest Church, Inc. [Doc. No. 46]. The Clerk denied this request, however, because the record lacked a return receipt showing acceptance or a returned envelope indicating refusal of service. [Doc. No. 89]. It appears that service was attempted on Defendant Steve Francis, an apparent executive of RGG, sometime after July 1, 2024. [Doc. No. 63].

2

return of service, it is not clear when RGG was served. After it was served, RGG attempted—albeit mistakenly—to proceed pro se by filing a motion to dismiss. Within a week of the Court striking that filing, RGG retained counsel and promptly filed the present motion. Finally, it is worth noting that Plaintiff has yet to serve all named parties in this action, while most of those who have been served have moved to dismiss.

For these reasons, RGG's Motion for Leave to File Answer or Other Responsive Pleading Out of Time [Doc. No. 86] is GRANTED. RGG shall answer or otherwise respond to Plaintiff's initial pleading by September 19, 2024.

IT IS SO ORDERED this 12th day of September, 2024.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE