# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

ANTHONY TRUPIA, )
)
        Plaintiff, )
)
v. )     Case No. CIV-24-498-J
)
HERITAGE HARD ASSETS LLC, et al., )
)
        Defendants. )

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Extension of Time to Reply [Doc. No. 70] and Defendant HLV Ventures LLC's (HLV) Motion to Strike [Doc. No. 82].

In Plaintiff's motion, he requests a 14-day extension of time to "reply" to each of the following: (1) Defendant Telnyx, LLC's (Telnyx) Motion to Dismiss Plaintiff's Petition [Doc. No. 59]; (2) Defendants Heritage Hard Assets LLC, Kyle Patton, Zebersky Payne Shaw Lewenz, LLP, and Zachary D. Ludens's (Heritage Group) Motion to Dismiss [Doc. No. 60]; (3) Defendant HLV's Reply Brief in Support of Its Motion to Dismiss [Doc. No. 66]; and (4) Defendant Onvoy, LLC's (Onvoy) Reply in Support of Onvoy's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss Plaintiff's Petition [Doc. No. 68]. In violation of Local Civil Rule 7.1(j), Plaintiff does not indicate "whether opposing counsel agrees or objects to the request."

On April 22, 2024, Plaintiff initiated this pro se action in Oklahoma state court by filing a "Petition for Civil Penalties, Permanent Injunction, [and] Other Equitable Relief." [Doc. No. 1-1]. He asserts claims against a litany of individuals and entities across the country, largely revolving around his receipt of an increased number of spam calls since signing up for a government-subsidized phone service. Since removal to federal court on May 15, 2024, the following parties have filed motions to dismiss: (1) HLV, on May 22, 2024 [Doc. No. 20]; (2) Onvoy, on June 26,

2024 [Doc. No. 58]; (3) Telnyx, on June 27, 2024 [Doc. No. 59]; and (4) Heritage Group, on June 27, 2024 [Doc. No. 60].

On May 28, 2024, Plaintiff responded specifically to HLV's motion to dismiss, [Doc. No. 29], but the Court struck the filing for violating Local Civil Rule 7.1(c), [Doc. No. 39]. However, the Court sua sponte granted Plaintiff a 14-day extension of time, until June 28, 2024, to respond to HLV's motion to dismiss. [Doc. No. 39]. Thereafter, as detailed above, Onvoy, Telnyx, and Heritage Group filed motions to dismiss near the end of June 2024. [Doc. Nos. 58, 59, 60].

On July 1, 2024, Plaintiff filed a document titled "Plaintiff's Opposition to All Motions to Dismiss." [Doc. No. 61]. The filing, dated June 30, 2024, did not specify which motion Plaintiff was responding to. HLV replied in support of its motion to dismiss on July 5, 2024. [Doc. No. 66]. Also on July 5, 2024, Plaintiff filed a response specifically addressing Onvoy's motion to dismiss. [Doc. No. 67]. Onvoy thereafter replied to both "Plaintiff's Opposition to All Motions to Dismiss" and Plaintiff's response specifically addressing Onvoy's motion to dismiss.[1] *See* [Doc. Nos. 68, 72].

On July 12, 2024, Plaintiff filed his present motion requesting an extension. [Doc. No. 70]. Ten days later, without leave from the Court, Plaintiff filed a "Supplemental Brief to Plaintiff's Opposition to All Motions to Dismiss." [Doc. No. 76]. HLV then filed its present motion to strike Plaintiff's supplemental brief, citing Local Civil Rule 7.1. [Doc. No. 82].

Local Civil Rule 7.1(g) provides that "[e]ach party opposing a motion shall file a response within 21 days after the date the motion was filed." Local Civil Rule 7.1(b) provides, among other things, that response briefs "shall be clearly titled to show . . . the particular motion or proceeding to which it relates." Finally, Local Civil Rule 7.1(h) provides that the moving party may file a

---

[1] Around that time, this matter was reassigned to the undersigned. [Doc. Nos. 73, 74].

reply brief "within 7 days after the date the response was filed" and that "[s]upplemental briefs may be filed only upon motion and leave of court." Plaintiff filed his "Supplemental Brief to Plaintiff's Opposition to All Motions to Dismiss" without receiving leave of court, in violation of Local Civil Rule 7.1(h). The Court will thus grant HLV's request to strike.

Looking to Plaintiff's motion for extension, the Court finds that briefing has closed on the motions to dismiss filed by HLV and Onvoy. Thus, the Court will not permit Plaintiff to "reply" to HLV's Reply Brief in Support of Its Motion to Dismiss [Doc. No. 66] or Onvoy's Reply in Support of Onvoy's Rule 12(b)(2) and 12(b)(6) Motion to Dismiss Plaintiff's Petition [Doc. No. 68]. That said, construing the record in Plaintiff's favor, the Court will give Plaintiff the opportunity to respond to Telnyx's motion to dismiss [Doc. No. 59] and Heritage Group's motion to dismiss [Doc. No. 60]. Plaintiff shall file a response to each motion by September 27, 2024. Plaintiff *shall* fully comply with the Court's Local Rules.

For these reasons, Plaintiff's Motion for Extension of Time [Doc. No. 70] is GRANTED IN PART and DENIED IN PART, and HLV's Motion to Strike [Doc. No. 82] is GRANTED. Plaintiff's "Supplemental Brief to Plaintiff's Opposition to All Motions to Dismiss" [Doc. No. 76] is STRICKEN.

IT IS SO ORDERED this 13th day of September, 2024.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE