# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY TRUPIA,<br><br>       Plaintiff,<br><br>v.<br><br>HERITAGE HARD ASSETS LLC,<br>et al.,<br><br>       Defendant. | NO. CIV-24-498-J |

---

### DEFENDANT REAGAN GOLD GROUP, LLC'S
### MOTION TO DISMISS PLAINTIFF'S COMPLAINT
### AND BRIEF IN SUPPORT

---

**HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.**

Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
521 E. 2nd Street, Suite 1200
Tulsa, Oklahoma 74120
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT,
REAGAN GOLD GROUP, LLC**

Defendant, Regan Gold Group, LLC, a California limited liability company ("RGG"), moves the Court to dismiss Plaintiff's Petition for Civil Penalties, Permanent Injunction, and Other Equitable Relief (Doc. 1-1) (hereinafter the "Complaint") for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and to dismiss Plaintiff's claims against RGG for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In support of this Motion, RGG states as follows:

## INTRODUCTION

RGG is a small business in Los Angeles, California, that sells physical gold and silver to their clients. Based on Plaintiff's allegations, RGG made a single call to the wrong number, and while intending to reach Howard Ship, reached the Plaintiff instead. On that basis, Plaintiff groups RGG with more than 20 named Defendants without specifying which of the Defendants are responsible for which alleged acts, or which of the Defendants a claim is brought against. These claims are so broad and inconsistent, Plaintiff's Complaint alleges the single wrong number call amounts to harassment that put him in fear of physical harm and death. At the same time Plaintiff, appearing *pro se*, describes himself as "very litigious," someone who "advertised his litigious nature publicly on Twitter and across other social media," and one who seeks to make "spam callers responsible." Doc. 1-1 at ¶ 53-54. Plaintiff's Complaint deprives all Defendants of fair notice of the claims against them, the factual bases for the same, and should be dismissed pursuant to Rule 8(a)(2) and Rule 12(b)(6).

1

Additionally, Plaintiff failed to plead sufficient facts to support this Court's exercise of personal jurisdiction. The only alleged connection between RGG and Oklahoma is a single phone call to the Plaintiff's number, which he received at an unspecified location. Accordingly, this Court should not exercise personal jurisdiction over RGG and dismiss the claims against it pursuant to Rule 12(b)(2).

## ARGUMENT AND AUTHORITIES

### I. RGG joins and adopts many of the arguments presented in co-Defendants' Motions to Dismiss.

In the interest of judicial efficiency, and to avoid repetition of the legal arguments made by various other co-Defendants, RGG generally concurs with all arguments made by the other co-Defendants and specifically joins and adopts the following: Sections I, II, and III.A from HLV Ventures LLC's Motion to Dismiss (Doc. 20); Sections III, IV.B & E from Onvoy, LLC's Motion to Dismiss (Doc. 58); Sections A.1-2, and B from Telnyx's Motion to Dismiss (Doc. 59); and Sections I, and III.B & D from Heritage Hard Assets, et al.'s Motion to Dismiss (Doc. 60). This brief will focus on the application and analysis of these legal standards to RGG's specific facts.

### II. Plaintiff's allegations demonstrate that the Court does not possess personal jurisdiction over RGG.

#### A. The legal standards for establishing personal jurisdiction.

Under the Federal Rules of Civil Procedure, a federal district court may exercise "personal jurisdiction over a defendant…who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . or . . . when authorized by a federal statue." Fed. R. Civ. P. 4(k)(1)(A). "Oklahoma's long arm statute for

2

establishing [personal] jurisdiction…sets the limits of the state's jurisdiction over a nonresident to the outer limits permitted of the Oklahoma and United States Constitutions." *Montgomery v. Airbus Helicopters, Inc.*, 2018 OK 17, ¶ 18, 414 P.3d 824, 829 (citing 12 O.S. § 2004(F)). As fully articulated by HLV (Doc. 20 at 9), there are two types of personal jurisdiction: "general" and "specific." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### B. The Court does not have general jurisdiction over RGG, because RGG does not have continuous and systematic affiliations with Oklahoma sufficient to render it essentially at home.

Plaintiff makes no allegations of continuous or systemic contacts between RGG and Oklahoma that could support general jurisdiction in this Court. As fully briefed in HLV's Motion to Dismiss (Doc. 20 at 10-11), an out-of-state entity is "at-home" for the purposes of general jurisdiction when, "their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State. *Goodyear Dunlop*, 564 U.S. at 919.

Plaintiff alleges no facts to support this Court's exercise of general jurisdiction over RGG. The Complaint indicates that RGG's principal place of business is in California. Doc. 1-1 at ¶ 12. The Complaint does not address RGG's state of organization.[1] The Complaint further alleges that RGG called Plaintiff once on November 3 [no year specified]. *Id*. at ¶ 131. Despite Plaintiff's lack of identifying his location at the time of receiving the one call, he makes the conclusory allegation that RGG "transact[s] business"

---

[1] As stated above, RGG is a California limited liability company.

in Oklahoma City. *Id.* at ¶ 15. Assuming, *arguendo*, that RGG did make a call to Plaintiff in Oklahoma City, this single call falls short of the standard for exercise of general jurisdiction over RGG. Therefore, Plaintiff must establish specific jurisdiction over RGG.

    **C.    Plaintiff has not plead sufficient minimum contacts to establish specific jurisdiction over RGG.**

Plaintiff's alleged *single call* is insufficient for this Court to exercise specific jurisdiction over RGG. To exercise specific jurisdiction, the Court must determine whether RGG purposefully directed its actions at Oklahoma residents. *See* Doc. 20 at 11-12 (citing *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998); *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020)). Moreover, a single phone call is insufficient to find purposeful direction or availment and minimum contacts with Oklahoma. *Wyles v. Brady*, 822 F. App'x 690, 695–96 (10th Cir. 2020); *see also Dental Dynamics*, 946 F.3d at 1231 (exchanging text messages "many times" insufficient to confer personal jurisdiction).

Plaintiff's only direct allegation against RGG involves a single call to the Plaintiff's phone. Doc. 1-1 at ¶ 131. Yet, Plaintiff fails to allege that he was in Oklahoma at the time of receiving the call or allege the called number was an Oklahoma number. Accordingly, there is no basis for the court to find specific jurisdiction. Assuming the Plaintiff was in Oklahoma at the time of the call from RGG, that single phone call does not constitute the minimum contacts necessary to exercise specific jurisdiction. *See Wyles*, 822 F. App'x at 695–96.

There is no purposeful direction to this state where the Complaint indicates the call was not purposefully directed at Plaintiff. The Complaint states that for all calls Plaintiff received the caller asked for someone named "Howard Ship." Doc. 1-1 at ¶ 54(b). Based solely on Plaintiff's allegations, RGG called him once seeking "Howard Ship." It was the wrong number, and Plaintiff makes no allegation that RGG ever called him again. A single, wrong number call does not constitute sufficient minimum contacts to exercise specific personal jurisdiction over RGG.

### D. If the Court does find sufficient minimum contacts, it should decline to exercise personal jurisdiction as unreasonable.

If the Court does find that the single, wrong number call is sufficient minimum contacts, it should decline to exercise specific personal jurisdiction. "[I]f the defendant's actions create sufficient minimum contacts, [the court] must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." *OMI Holdings, Inc.*, 149 F.3d at 1091 (cleaned up).

Assuming sufficient minimum contacts, it is unreasonable to the point of offending the notions of fair play and substantial justice to exercise personal jurisdiction over RGG in these circumstances. By exercising personal jurisdiction in this case, the Court would be allowing a self-described "very litigious" Plaintiff, to hail into Oklahoma a California company—based solely on a single call directed to the wrong person. Doc. 1-1 at ¶ 53, 54, 54(b), & 154.

### E. Dismissal of Plaintiff's Complaint against RGG for lack of personal jurisdiction is appropriate.

Plaintiff's Complaint against RGG should be dismissed for failing to assert

5

sufficient facts to support this Court's exercise of personal jurisdiction over RGG. "A defendant may move to dismiss a complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2)." *Matthys v. Narconon Fresh Start*, 104 F. Supp. 3d 1191, 1198 (D. Colo. 2015). As fully briefed by HLV, Plaintiff now has the burden of establishing that the Court has personal jurisdiction over RGG, and the Court need only accept as true the facts, as opposed to conclusions, alleged in Plaintiff's Complaint. *See* Doc. 20 at 14-15.

Plaintiff's only allegations that could support the exercise of personal jurisdiction are boilerplate conclusory allegations and speculation that the Court is not required to accept as fact. First, with no factual support, Plaintiff alleges that RGG "transact[s] business in Oklahoma City." Doc 1-1 at ¶ 15. Next, Plaintiff engages in unfounded speculation to allege that RGG "initiated," "contracted, assisted, or facilitated another party to," make hundreds of calls to Plaintiff's telephone number. *Id.* at ¶ 132. Not only is this speculation without any accompanying basis, Plaintiff fails to identify his location or residence at the time of receiving these alleged calls. Moreover, this is the same boilerplate speculation Plaintiff directs against most of the other Defendants in this action. *See, e.g.,* Doc 1-1 at ¶ 110, 122, 146, 155, 165, 188. These conclusory statements and speculation are insufficient for the Court's exercise of personal jurisdiction. Accordingly, the Court should dismiss Plaintiff's Complaint against RGG in its entirety.

### III. Plaintiff fails to state a claim by making numerous inconsistent allegations amounting to an impermissible "shotgun pleading" in violation of Rule 8.

#### A. The Rule 8(a)(2) analysis and improper "shotgun pleadings."

The purpose of Fed. Rule Civ. Proc. 8(a)(2) is to, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). When a plaintiff collectively refers to the defendants, "but with no distinction as to what acts are attributable to whom," the defendants cannot ascertain what particular acts they are alleged to have committed, and dismissal is warranted for failure of notice under Rule 8(a)(2). *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (reversing the district court with instructions to dismiss the complaint). As fully briefed by HLV, this type of pleading is referred to as a "shotgun pleading" and fails to give defendants proper notice of the claims against them and the factual basis for the claims. *See* Doc. 20 at 2-5.

#### B. Plaintiff's Complaint violates Rule 8 by pervasively utilizing vague and conclusory facts not connected to any cause of action.

Plaintiff's Complaint violates Rule 8(a)(2) by pervasively utilizing conclusory, vague, and immaterial facts not obviously connected to a particular cause of action. The Complaint alleges that RGG as well as seven other separate and unrelated entities, and the officers of all, "jointly" made calls to his number. Doc. 1-1 at ¶ 224. Simultaneously, Plaintiff includes multiple extraneous details of these various parties. *See, e.g.,* Doc. 1-1 at ¶ 53-54, 172, 197, 208, 218. These various conclusory "facts" are, at best, immaterial and are not obviously connected to any cause of action. Accordingly, the Complaint violates Rule 8(a)(2) and should be dismissed in its entirety.

### C. Plaintiff's Complaint violates Rule 8 by failing to specify which claims are brought against which party, and which Defendants are responsible for which acts.

The Complaint violates Rule 8(a)(2) by asserting multiple claims against multiple Defendants without specifying which of the Defendants are responsible for which acts or omissions, or which of the Defendants the claim is brought against. Most egregiously, Plaintiff chose to join and refer to almost all Defendants collectively as "SPAM-CALLERS." This results in illogical and inconsistent allegations against RGG.

Plaintiff's only direct allegation against RGG, involves a *single call* to the Plaintiff's phone. Doc. 1-1 at ¶ 131. Plaintiff provides no description of the contents of the call beside the joint assertion that it was directed to "Howard Ship," not Plaintiff. *Id.* at ¶ 54(b). Yet, Plaintiff groups RGG with seven other separate and unrelated entities, and the officers of all (the "Business Defendants"), to make completely different claims. *See, e.g., Id.* at ¶ 290, 299, 304-05. Counts 6 through 13 are nothing more than conclusory allegations against the Business Defendants without direct factual allegations against any specific Defendant. *Id.* at ¶ 306-333. Plaintiff concludes with the outrageous claim that "All defendants have participated in sending telecommunications . . . with intent to put the party called in fear of physical harm or death." *Id.* at ¶ 330. Plaintiff asks the Court to believe the one call to Plaintiff asking for "Howard Ship," was intended to put Plaintiff in fear of physical harm or death. *Id.* at ¶ 330.

These repeated inconsistent collective allegations deprive RGG of fair notice of the Plaintiff's claims and the grounds upon which they rest. Allowing this action to continue will improperly force the burden of defining Plaintiff's claims and their targets on the

Defendants and ultimately the Court. Plaintiff's *pro se* status is insufficient to excuse the simple duties of Rule 8—a short and plain statement of Plaintiff's claims and the facts entitling him to relief.[2]

### D.     Plaintiff's violation of Rule 8 merits dismissal of the Complaint.

By failing to provide the notice required by Rule 8(a)(2), Plaintiff's Complaint does not state a claim upon which relief can be granted and should be dismissed. Appellate courts in the Tenth Circuit and elsewhere have held that dismissal is warranted for failure to state a claim when the complaint does not provide requisite notice under Rule 8(a)(2). *Robbins*, 519 F.3d at 1249-50 (reversing the district court with instructions to dismiss the complaint); *see also Atuahene v. City of Hartford,* 10 Fed.Appx. 33, 34 (2d Cir., May 31, 2001) (affirming a dismissal for failure of notice under Rule 8 because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants'"). Accordingly, the Plaintiff's Complaint should be dismissed in its entirety.

---

[2] "Moreover, even pro se plaintiffs are required to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure and substantive law, and the liberal construction to be afforded does not transform vague and conclusory arguments into valid claims for relief. The Court will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf. *Gabriel v. Melton Truck Lines*, No. 21-CV-493-JFH-SH, 2022 WL 3401949, at *2 (N.D. Okla. Aug. 16, 2022), *appeal dismissed,* No. 22-5070, 2022 WL 18674464 (10th Cir. Dec. 19, 2022), *cert. dismissed,* 143 S. Ct. 2630, 216 L. Ed. 2d 1220 (2023).

## CONCLUSION

The single call Plaintiff alleges he received from RGG is insufficient for this Court to exercise personal jurisdiction over a California company. Accordingly, the Court should dismiss all claims against RGG pursuant to Rule 12(b)(2).

Plaintiff's Complaint fails to make a short and plain statement of his claims, and instead throws all claims against all Defendants to see what will stick. Doing so, Plaintiff has violated Rule 8, depriving the Defendants of fair notice as to his facts and claims. Accordingly, this Court should dismiss the Complaint in its entirety pursuant to Rule 12(b)(6).

Dated:   September 19, 2024            Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

 *s/Aaron C. Tifft*
Mark Banner, OBA # 13243
Aaron C. Tifft, OBA # 33288
521 E. 2nd Street, Suite 1200
Tulsa, Oklahoma 74120
Telephone (918) 594-0400
Facsimile (918) 594-0505
*mbanner@hallestill.com*
*atifft@hallestill.com*

**ATTORNEYS FOR DEFENDANT, REAGAN GOLD GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2024, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants on the ECF System.

I hereby further certify that on September 19, 2024, a true and correct copy of the foregoing document was served on the following via electronic mail and first class, U.S. Mail:

Anthony Trupia
605 SE 21st St.
Oklahoma City, OK 73129
*trupiaar@gmail.com*

**PRO SE PLAINTIFF**

*s/ Aaron C. Tifft*

20542364.1:014626.00001

11