UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-498-J |
| | ) | |
| HERITAGE HARD ASSETS LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Anthony Trupia, proceeding pro se, initiated this action in April 2024 by filing a "Petition for Civil Penalties, Permanent Injunction, [and] Other Equitable Relief" in Oklahoma state court. *See* [Doc. No. 1-1] at 1–36.[1] He asserts claims against a litany of individuals and entities across the country, based on his alleged receipt of an increased number of "spam" calls after signing up for a government-subsidized phone service. *See id.*

Since removal to federal court in May 2024,[2] the following parties have moved to dismiss: (1) HLV Ventures LLC, *see* (HLV's Mot.) [Doc. No. 20]; (2) Onvoy, LLC, *see* (Onvoy's Mot.) [Doc. No. 58]; (3) Telnyx, LLC, *see* (Telnyx's Mot.) [Doc. No. 59]; (4) Heritage Hard Assets LLC, Kyle Patton, Zebersky Payne Shaw Lewenz, LLP, and Zachary D. Ludens, *see* (Heritage Group's Mot.) [Doc. No. 60]; (5) Reagan Gold Group, LLC, *see* (Reagan Gold's Mot.) [Doc. No. 93]; and (6) South Bay Galleries, LLC, *see* (South Bay's Mot.) [Doc. No. 94].[3] These motions are ripe for

---

[1] All page citations refer to the Court's CM/ECF pagination.

[2] This case was reassigned to the undersigned judge on July 17, 2024. [Doc. No. 74].

[3] Most of the individuals and entities named in this action who have not responded have yet to be served.

ruling. *See* [Doc. No. 92] at 1–3 (providing a detailed account of the briefing schedule for pending motions to dismiss).

At their core, each motion raises the same threshold concern: Plaintiff's failure to comply with Federal Rule of Civil Procedure 8. *See* HLV's Mot. at 10–14; Onvoy's Mot. at 17; Telnyx's Mot. at 14; Heritage Group's Mot. at 23–24; Reagan Gold's Mot. at 8–10; South Bay's Mot. at 8–10. Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he 'short and plain statement' must provide [each] defendant with 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While the liberal reading afforded to *pro se* filings can overlook unfamiliarity with pleading requirements to some extent, sufficient departure from Rule 8's guidelines can supply a basis for dismissal." *Young v. Okla. Dep't of Corr.*, No. CIV-21-943-PRW, 2023 WL 4553616, at *1 (W.D. Okla. July 14, 2023) (footnotes and internal quotation marks omitted); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.").

Plaintiff has failed to satisfy Rule 8. His pleading is replete with irrelevant allegations and background information, personal attacks, unnecessary discussions of legal decisions and their application to this case, redundant recitations of statutes and federal regulations, unreadable screenshots, and allegations made against parties collectively without distinguishing their roles or actions. *See Hackford v. United States*, No. 24-4078, 2024 WL 3947014, at *1 (10th Cir. Aug. 27, 2024) (unpublished) ("Something labeled a complaint but written more as a prolix in evidentiary

and legal detail without simplicity, conciseness, and clarity fails to serve the essential functions of a complaint and is properly the subject of summary dismissal.").

The single-spaced document, spanning over 330 paragraphs, is difficult to follow and fails to provide a clear, concise statement of his claims. Its disorganization and lack of coherence place an undue burden on both the Court and the opposing parties to discern the precise nature of the claims and the relevant factual basis. *See Hart v. Salois*, 605 F. App'x 694, 701 (10th Cir. 2015) (unpublished) (upholding dismissal of "shotgun pleading" because it violated Rule 8, noting that a court is not required to sift through factual allegations to match facts to elements of a claim).

For these reasons, Plaintiff's "Petition for Civil Penalties, Permanent Injunction, [and] Other Equitable Relief" does not satisfy Rule 8, and the pending motions to dismiss [Doc. Nos. 20, 58, 59, 60, 93, 94] are GRANTED insofar as they seek dismissal of the pleading for failure to comply with Rule 8. However, the Court will permit Plaintiff to file a motion—on or before February 24, 2025—for leave to amend his pleading to comply with Rule 8.[4] Should he fail to timely seek leave to amend, judgment will be entered dismissing this action.

IT IS SO ORDERED this 3rd day of February, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[4] Any motion to amend must also comply with Local Civil Rule 15.1, which requires a party to "attach the proposed pleading as an exhibit to the motion."