UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY TRUPIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-498-J |
| | ) | |
| HERITAGE HARD ASSETS LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

Plaintiff Anthony Trupia, a non-prisoner proceeding pro se, initiated this action in April 2024 by filing a "Petition for Civil Penalties, Permanent Injunction, [and] Other Equitable Relief" in Oklahoma state court. *See* [Doc. No. 1-1] at 1–36.[1] In his initial pleading, he asserted claims against a litany of individuals and entities across the country, based on his alleged receipt of an increased number of "spam" calls after signing up for a government-subsidized phone service. *See id.*

Following removal to federal court in May 2024, the following parties moved to dismiss: (1) HLV Ventures LLC, *see* (HLV's Mot.) [Doc. No. 20]; (2) Onvoy, LLC, *see* (Onvoy's Mot.) [Doc. No. 58]; (3) Telnyx, LLC, *see* (Telnyx's Mot.) [Doc. No. 59]; (4) Heritage Hard Assets LLC, Kyle Patton, Zebersky Payne Shaw Lewenz, LLP, and Zachary D. Ludens, *see* (Heritage Group's Mot.) [Doc. No. 60]; (5) Reagan Gold Group, LLC, *see* (Reagan Gold's Mot.) [Doc. No. 93]; and (6) South Bay Galleries, LLC, *see* (South Bay's Mot.) [Doc. No. 94]. At their core, each motion raised the same threshold concern: Plaintiff's failure to comply with Federal Rule of Civil

---

[1] All page citations refer to the Court's CM/ECF pagination.

Procedure 8.  *See* HLV's Mot. at 10–14; Onvoy's Mot. at 17; Telnyx's Mot. at 14; Heritage Group's Mot. at 23–24; Reagan Gold's Mot. at 8–10; South Bay's Mot. at 8–10.

On February 3, 2025, the Court granted these motions to the extent they sought dismissal of Plaintiff's initial pleading for failure to comply with Rule 8.  *See* [Doc. No. 101] at 2–3.  However, the Court allowed Plaintiff to "file a motion—on or before February 24, 2025—for leave to amend his pleading to comply with Rule 8."  *Id.* at 3.  The Court warned Plaintiff that if he failed to do so, it would enter judgment dismissing this action.

Plaintiff did not move for leave to amend within the deadline.  "[F]ailure to satisfy Rule 8 can supply a basis for dismissal . . . ."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  Moreover, this Court has "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases."  *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

Accordingly, consistent with this Court's prior Order, Plaintiff's action is DISMISSED without prejudice.  A separate judgment will follow.

IT IS SO ORDERED this 25th day of February, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE