**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANTHONY TRUPIA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1134-D |
| | ) | |
| ONVOY, LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LEVEL 3 COMMUNICATIONS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Anthony Trupia is a self-described expert in litigating Telephone Consumer Protection Act (TCPA) claims. *See* "How I made $100,000 in One Year Suing Spam Callers, and You Could Too!" *YouTube*, Oct. 7, 2024, https://www.youtube.com/watch?v=FfoNM9CHupY. He is "constantly filing lawsuits over it." Ex. 1. Indeed, this action is his second attempt to state a claim against Level 3 Communications, LLC ("Level 3") in search of a quick payday via settlement. *See id.*

Despite the expertise and experience he promotes, he regularly ignores court rules and procedures—not just this Court's but in a consistent pattern of conduct across multiple cases. In the instant case, he failed to respond Level 3's motion to dismiss within the time required by Local Rule 7.1. Two weeks after his response deadline passed, he asked for leave to amend his Complaint, offering his pro se status

and hypothesized mail delays as excuses (and by Plaintiff's admission, he was already late by the time he allegedly mailed his request for extension). Further, his proposed Amended Complaint suffers the same defects as his previous two—he has not alleged facts supporting a plausible inference of liability against Level 3. Because the proposed amendment is futile, this Court should not continue to entertain Mr. Trupia's implausible crusade against Level 3, and should instead deny leave to amend, grant Level 3's pending motion to dismiss, and order this case dismissed *with prejudice*.

### FACTUAL BACKGROUND

This case began almost two years ago, when Mr. Trupia filed suit in Oklahoma state court in April 2024 against Level 3, 22 other named defendants, and *one hundred* unnamed defendants. Ex. 2. The 2024 action was eventually removed to this Court as Case No. 5:24-cv-00498-J. Various codefendants filed motions to dismiss. Ex. 3, 1-2. On February 3, 2025, the Court granted the motions to dismiss for failure to comply with Rule 8. *Id.* at 2. However, before the Court would dismiss the action entirely, it gave Plaintiff three weeks to file an amended complaint that complied with Rule 8. *Id.* Plaintiff did not, and the Court dismissed the action on February 25, 2025. *Id.*

Plaintiff initiated the instant action by filing a new complaint in September 2025. (ECF 001.) Level 3 waived service on October 1, 2025, (ECF 004), and filed

and served its Motion to Dismiss and Brief in Support on November 24, 2025. (ECF 007.) Plaintiff's deadline to oppose Level 3's Motion to Dismiss was December 15, but Plaintiff did not file any opposition. Instead, on December 29, 2025, two weeks after Plaintiff's deadline to respond, he emailed counsel for Level 3 (and other co-defendants) a "Notice of Amendment" and proposed "First Amended Complaint." Ex. 1. His email restated that his primary intent regarding Level 3 and other Common Carrier defendants was to extract a quick settlement. *Id.*

Plaintiff has a demonstrated history of failing to comply with courts' procedural requirements. Last year, this Court dismissed a case he filed after he failed to comply with an order to pay the filing fee. Ex. 4. In a California state court case he filed against Sam Altman (of OpenAI/ChatGPT), he was first sanctioned $400.00 for failure to appear at a show cause hearing, (Ex. 5), and the case was later dismissed when he again failed to appear for a show cause hearing regarding his "failure [] to comply with court orders and rules." Ex. 6.

## ARGUMENT

The Court should not permit Plaintiff to amend his complaint, as his time period for amendment as a matter of course has expired and his proposed amendment would be futile. Further, because Plaintiff's three attempts to state a plausible TCPA claim against Level 3 have failed, his action against Level 3 should be dismissed *with prejudice*.

**A.    Plaintiff's right to amend as a matter of course expired.**

Mr. Trupia incorrectly claims he is entitled to amend his complaint as a matter of course under Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. That rule permits amendment of a complaint "as a matter of course" within either 21 days of service of the complaint or service (upon a plaintiff) of a Rule 12(b) motion to dismiss. Mr. Trupia calculates his 21 days for amendment as beginning on December the day he served Defendant World Harvest Church, which was December 5, 2025. (ECF 022.) This was 65 days after Level 3 accepted service on October 1, 2025.

The date of service on co-defendants, however, is irrelevant to Level 3. When a plaintiff fails to serve a complaint on all co-defendants at the same time, later service on a previously unserved co-defendant does not restart the amendment clock for the previously served defendants. *Schwab v. Ingels*, No. 18-2488-DDC-GEB, 2020 WL 2037049 (D. Kan. Apr. 28, 2020), *aff'd sub nom Schwab v. Kansas Dep't of Children & Families*, 851 F. App'x 110 (10th Cir. 2021). In *Schwab*, the plaintiffs sought to amend as of right when they served a co-defendant after other defendants had already filed motions to dismiss. The court explained that "Plaintiffs are not entitled to amend their Complaint 'as a matter of course' under Rule 15(a)(1) because they finally had served the last set of defendants in this case." *Schwab*, 2020 WL 2037049 at *5. This is because under Rule 15, "the 21-day timeframe applies to each defendant independently." *Seeberger v. Goodman*, No. 2:14-CV-1063-GPW-

4

*WPL*, 2015 WL 13662654 *1 (D.N.M. April 3, 2015); *see also Isaacs v. Trustees of Dartmouth Coll.*, No. 17-CV-40-LM, 2017 WL 2881130 (D.N.H. April 3, 2015) (same); *Cowan v. Miller*, No. 2:15-CV-12428, 2016 WL 4362868 (E.D. Mich. Aug. 16, 2016) (same).

Though courts within the Tenth Circuit and across the country are agreed that the 21-day window is defendant-specific, there are differing opinions on whether Rule 15(a)(1) creates one window for amendment or two—either 21 days after service of the complaint or service of a Rule 12(b) motion, whichever is soonest, or whether service of a Rule 12(b) motion starts a new 21-day clock. *See, e.g.*, *MGA Home Healthcare Colo., LLC v. Thun*, No. 22-CV-02534-NYW-STV, 2023 WL 3602330 (D. Colo. May 23, 2023) ("The Tenth Circuit has not addressed this issue. Meanwhile, courts in this District have interpreted Rule 15 both ways."). The most natural reading of the Rule is that there is only one 21-day amendment period, which expires 21 days after service of a complaint. *See Trujillo v. City of Newton, Kan.*, No. 12-2380-JAR-DJW, 2013 WL 535747 (D. Kan. Feb. 12, 2023). However, this Court need not decide that issue, as Mr. Trupia's right to amend his Complaint against Level 3 has expired under either calculation. He served Level 3 on November 17, 2025 (*see* F.R.C.P. 4(d)(4) (service under waiver effective when waiver filed)), and Level 3 served its Rule 12(b) motion on November 24, 2025. Accordingly, even if Level 3's motion to dismiss triggered a new 21-day amendment window, that

window closed on December 15, 2025, and Mr. Trupia took no action until two weeks later on December 29, 2025. Mr. Trupia's right to amendment as a matter of course has plainly expired under any reading of the rule.

### B.    Mr. Trupia's requested amendment should be denied as futile.

Without an amendment as of right, Mr. Trupia may only amend with the court's leave. Although Rule 15 advises that leave to amend should be freely given, such leave does not extend "where amendment would be futile." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv. Serv.'s, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . futility of amendment . . . leave [to amend] should be freely given."). Amendment is futile where "the complaint, as amended, would be subject to dismissal." *Jefferson Cnty.*, 175 F.3d at 859. To determine the futility of a proposed amendment, courts "consider the factual allegations in the proposed Amended Complaint under the dismissal standards in conjunction with its analysis of whether the original Complaint fails to state a claim . . . ." *Trujillo*, 2013 WL 535747 at *2. Thus, if the proposed amended complaint suffers the same deficiencies as the original, leave to amend should be denied. And although a pro se plaintiff is afforded some latitude as to formalistic requirements such as "poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements," the pro se plaintiff is not relieved of "the burden of

alleging sufficient facts" to state a claim. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

As Mr. Trupia's proposed Amended Complaint is substantially the same as his original, Level 3 incorporates the arguments for dismissal raised in its Motion to Dismiss. (ECF 007.) In summary form, those arguments are: (1) Mr. Trupia does not plausibly allege that Level 3 is subject to TCPA liability because he alleges no facts suggesting that Level 3 made calls using an auto-dialer or with spoofed caller ID information; (2) there are no facts alleged from which the Court can plausibly infer that Level 3 made any calls with wrongful intent (to defraud, cause harm or wrongfully obtain anything of value); (3) there can be no plausible inference from the allegations that Level 3 initiated calls with a pre-recorded message; (4) that Plaintiff's claims for relief under Oklahoma's TCPA analogues fail for the same reason; and (5) the Complaint does not allege facts sufficient for a plausible inference that Level 3 was responsible for a "highly offensive" intrusion upon Mr. Trupia's seclusion as necessary to state a claim for state law invasion of privacy. (*Id.*)

With respect to Level 3, Plaintiff's proposed Amended Complaint resolves none of the deficiencies that plagued his prior two complaints. For all "Common Carrier" defendants, including Level 3, Plaintiff still has not alleged any conduct subjecting Level 3 to liability under the TCPA or its state analogues. Admittedly,

7

Plaintiff has added details—a date, time, and phone number—concerning one phone call allegedly placed through Level 3's VoIP network. (Am. Compl. ¶ 34.) But these additional details do not support an inference that Level 3 made the calls, spoofed any caller ID information, or acted with any wrongful intent. Further, the proposed Amended Complaint does not allege facts that this particular call, regardless of who made it, violates the TCPA—there is no allegation that the call was made with an autodialer, played a prerecorded message, or had spoofed called ID information.

Plaintiff's proposed Amended Complaint adds only more legal conclusions without any factual support. The Amended Complaint would also be subject to dismissal and the requested amendment should be denied as futile.

### C.    Plaintiff's Complaint against Level 3 should be dismissed with prejudice.

Dismissal with prejudice is necessary to prevent subjecting Level 3 to further hardship and prejudice. *Quintana v. Marrs*, 2024 WL 3016527 *7 (E.D. Okal. Mar. 14, 2024). In *Quintana*, an experienced pro se plaintiff brought a variety of federal and state law claims against a variety of individual and institutional defendants, including claims for defamation and § 1983 liability against three local governments. The court determined that the complaint failed to allege sufficient facts to plausibly state a claim against the municipalities, and the plaintiff missed the court's deadline to file an amended complaint. The court dismissed the action with prejudice because "to allow any further attempt to amend Plaintiff's Complaint would be an exercise

8

in futility. Additionally . . . **amendment would prejudice the Defendants who have had to endure Plaintiff's inapt attempts to continue this litigation**." *Id.* (emphasis added).

With his proposed Amended Complaint, Mr. Trupia has now had three opportunities to state a plausible TCPA claim against Level 3 communications for these "Howard Shipp" calls. He has twice failed to adhere to this Court's procedural timelines, continuing the course of conduct he has exhibited in other cases and in other courts. It is clear that Plaintiff does not intend to actually litigate these cases if his haphazard complaints do not generate a quick settlement. Level 3 is entitled to some degree of finality in this saga. The Court should dismiss Plaintiff's action with prejudice and enter an order that will have preclusive effect should Mr. Trupia attempt to drag Level 3 back into court with a TCPA or similar claim concerning any of the allegations in this action (e.g. Howard Shipp, Confidence Ford, LP Operating, Reagan Gold Group, etc.).

## CONCLUSION

Plaintiff's proposed Amended Complaint adds ten pages and forty-seven paragraphs to the original Complaint, but it is merely more of the same, and lacks any facts supporting a plausible inference that Level 3 is liable under any legal theory. Plaintiff has had ample opportunity to state a claim against Level 3 and has

9

not done so. Level 3 should not be required to endure Plaintiff's inapt attempts to continue this litigation.

| | | |
|---|---|---|
| Dated:  January 20, 2026 | | Respectfully submitted, |
| | | |
| | | |
| | | |
| | By: | *s/ Kerry R. Lewis* |
| | | JOHN H. TUCKER, OBA 9110 <br> jtucker@rhodesokla.com <br> RHODES HIERONYMUS JONES TUCKER & GABLE <br> P.O. Box 21100 <br> Tulsa, Oklahoma 74121-1100 <br> (918) 582-1173; (918) 592-3390 [fax] |
| | | ***Attorney for Defendant, Level 3 Communications, LLC*** |
| | | |
| | | Andrew M. Unthank (CO Bar #36832) <br> (*Pro hac vice anticipated*) <br> Wheeler Trigg O'Donnell LLP <br> 370 Seventeenth Street, Suite 4500 <br> Denver, CO  80202-5647 <br> Telephone:303.244.1800 <br> Facsimile: 303.244.1879 <br> Email:      unthank@wtotrial.com |
| | | *Attorneys for Level 3 Communications, LLC* |

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on January 20, 2026, I electronically transmitted the above and foregoing to the Plaintiff, Pro Se, via email at his email address, and to the Clerk of the Court using the Court's ECF system for filing and transmittal of a Notice of Electronic Filing to the ECF registrants:

Plaintiff Pro Se:
Anthony Trupia                                      trupiaar@gmail.com
605 SE 21st St.
Oklahoma City, OK 73129

Counsel for Defendant, HLV Ventures, Reagan Gold Group LLC, and
South Bay Galleries LLC:
Mark Banner                                          mbanner@hallestill.com
Aaron C. Tifft                                         atifft@hallestill.com
HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON
521 E. 2nd Street, Suite 1200
Tulsa, OK  74120

Counsel for Defendant Telnyx, LLC:
Brooks A. Richardson                            brichardson@gablelaw.com
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK  73102

Counsel for Defendants, Heritage Hard Assets LLC, Kyle Patton,
Zachary D. Ludens, and Zebersky Payne Shaw Lewenz, LLP:
Zachary D. Ludens                               zludens@zpllp.com
ZEBERSKY PAYNE SHAW LEWENZ, LLP
110 Southeast 6th Street, Ste. 2900
Fort Lauderdale, FL  33301

Counsel for Defendant, Onvoy, LLC:
Nicholas V. Merkley                              nmerkley@gablelaw.com
Gerard M. D'Emilio                              gdemilio@gablelaw.com
GABLE GOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Ste. 2200
Oklahoma City, OK  73102

11

Heidi Rasmussen
Heidi.rasmussen@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
1000 Louisiana St., Ste 4000
Houston, TX 77002-5005

Ezra D. Church                                          ezra.church@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-2921

*s/ Kerry R. Lewis*